IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SKY FEDERAL CREDIT UNION,

    *Plaintiff*,

v.

FAIR ISAAC CORPORATION,

    *Defendant*.

Case No. 1:20-cv-02114

Honorable Edmond E. Chang

**DEFENDANT FAIR ISAAC CORPORATION'S MOTION TO REASSIGN
AND CONSOLIDATE RELATED CASES**

Pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42(a)(2), Defendant Fair Isaac Corporation ("FICO"), by and through its undersigned counsel, respectfully requests that this Court designate *First Choice Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02516, and *Alcoa Community Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02259, as related cases to this action, and reassign those cases to Judge Chang, as the presiding Judge over the lowest-filed related case. As discussed below, the complaints filed in the *First Choice* and *Alcoa* cases are materially identical to the complaints filed in this action and in another case that is already pending before Judge Chang, *Amalgamated Bank v. Fair Isaac Corp.*, No. 1:20-cv-02533. All four complaints (collectively, the "Related Actions") also seek to certify the same putative class.

In addition, in the interests of judicial and party economy, FICO further requests that following reassignment the Court consolidate the Related Actions into No. 1:20-cv-02114 and order plaintiffs to file a consolidated complaint or direct counsel representing the parties in these cases to meet and confer and propose a schedule for plaintiffs to file a consolidated complaint.

In further support of this motion, FICO states as follows:

1

1. On April 2, 2020, Sky Federal Credit Union filed a complaint against FICO in the instant action. Dkt. 1. The complaint brought claims under the Sherman Act for monopolization, conspiracy to monopolize, and unreasonable restraint of trade in the market for business to business ("B2B") credit scores, as well as parallel claims under state law.

2. On April 23, 2020, First Choice Federal Credit Union filed a materially identical complaint against FICO, *First Choice Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02516 (N.D. Ill.), bringing monopolization, conspiracy to monopolize, and unreasonable restraint of trade claims in the same market and based on the same contractual provisions. A copy of the complaint is attached hereto as Exhibit A. The *First Choice* case is pending before Chief Judge Pallmeyer.

3. On April 24, 2020, Amalgamated Bank filed another materially identical complaint against FICO, *Amalgamated Bank v. Fair Isaac Corp.*, No. 1:20-cv-02533 (N.D. Ill.), bringing the same monopolization, conspiracy to monopolize, and unreasonable restraint of trade claims as in *First Choice* and *Sky Federal*. A copy of the *Amalgamated Bank* complaint is attached hereto as Exhibit B. The case is pending before Judge Chang and thus does not need to be reassigned.

4. On April 27, 2020, Alcoa Community Federal Credit Union filed a fourth materially identical complaint against FICO, *Alcoa Community Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02259 (N.D. Ill.), bringing the same monopolization, conspiracy to monopolize, and unreasonable restraint of trade claims as in the foregoing cases, as well as an attempted monopolization claim. A copy of the complaint in *Alcoa* is attached as Exhibit C. The *Alcoa* case is pending before Judge Norgle.

5. Under LR 40.4(b), "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge." Cases are related if

(among other things) they (a) involve some of the same issues of fact or law, or (b) in class action suits, if one or more of the classes involved is the same. LR 40.4(a). The decision to reassign cases is within the discretion of the Court. *See Gautreaux v. Chicago Housing Authority*, 2013 WL 5567771, at *3 (N.D. Ill. Oct. 9, 2013).

   (a) All of the Related Actions involve the same issues of fact and law. Each brings identical claims for monopolization, conspiracy to monopolize, and unreasonable restraint of trade. *See* Ex. A ¶¶ 99-145; Ex. B ¶¶ 97-143; Ex. C ¶¶ 90-121, 135-148; Dkt. 1 ¶¶ 101-147. In particular, each complaint challenges the same provisions in FICO's agreements with credit bureaus as the source of the allegedly anticompetitive restrictions. *See* Ex. A ¶¶ 99-145; Ex. B ¶¶ 97-143; Ex. C ¶¶ 90-121; Dkt. 1 ¶¶ 101-147. Each complaint's allegations are otherwise materially similar, with multiple passages that appear to be copied verbatim from each other. *See generally* Dkt. 1 and Ex. A-C.

   (b) In addition, all plaintiffs in the Related Actions seek to represent an identical class of "B2B Purchasers residing in the United States that directly purchased a FICO Score from Fair Isaac and/or a Credit Bureau during the Class Period." Ex. A ¶ 84; Ex. B ¶ 86; Dkt. 1 ¶ 86; *see also* Ex. C ¶ 80 (defining the class as "[a]ll persons or entities in the United States and its territories that purchased B2B Credit Scores directly from Fair Isaac and/or a Credit Bureau . . . .").

  6. Related cases may be reassigned to the judge overseeing the lowest-numbered case if (i) both cases are pending in this Court; (ii) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (iii) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (iv) the cases are susceptible of disposition in a single proceeding. LR 40.4(b). Under this test, reassignment of the Related Actions to Judge Chang, who

is presiding over the lowest-numbered case (*Sky Federal*) as well as the *Amalgamated Bank* case, will best facilitate the just and efficient resolution of these actions.

        (i)        All of the Related Actions are pending in this Court.

        (ii)        Reassignment of the Related Actions before Judge Chang will result in substantial judicial economy, especially in light of the identical class definitions in the complaints, whereas allowing these cases to proceed separately would create a significant risk of duplicate motions practice and inconsistent judgments within this district.

        (iii)        Designating and transferring *First Choice* and *Alcoa* would not delay proceedings in any of the Related Actions. Pursuant to the Court's April 17 order and Third Amended General Order 20-0012 issued by Chief Judge Pallmeyer on April 24, FICO's response to the complaint in *Sky Federal* is not due until June 23, 2020 and the initial status conference is currently scheduled for June 2. FICO waived service in the *First Choice* case, making its response to the complaint currently due on June 23. FICO has not yet been served or asked to waive service in *Amalgamated Bank* or *Alcoa*.

        (iv)        Given the nearly complete overlap in allegations and claims, the Related Actions can be resolved in a single proceeding through a coordinated motion to dismiss and, if necessary, coordinated discovery, summary judgment, class certification, and trial.

        7.        The cover sheet in the *Sky Federal* action identifies another case, *Fair Isaac Corp. v. TransUnion LLC*, No. 1:17-cv-08318 (N.D. Ill.), as potentially related. *See* Dkt. 2. The *TransUnion* case is currently pending before Judge Coleman. FICO does not believe transfer of the Related Actions to Judge Coleman is appropriate under LR 40.4(b) for two reasons.

        (a)        First, the Related Actions raise numerous issues not present in the *TransUnion* litigation and vice versa. *TransUnion* started as a commercial dispute between FICO

4

and TransUnion for breach of contract, violation of the Copyright Act, and other asserted claims. In response to FICO's claims, TransUnion filed a number of counterclaims, including monopolization under Section 2 of the Sherman Act, breach of contract, Lanham Act and false advertising claims, and a request for contract reformation. *See* No. 1:17-cv-08318, Dkt. 38 (public redacted version). Unlike the antitrust claims in the Related Actions, TransUnion does not bring any Section 1 claims or a conspiracy to monopolize claim. Indeed, according to the plaintiffs in the Related Actions, one of FICO's alleged co-conspirators *is* TransUnion. By the same token, the *TransUnion* case raises a host of contract and other questions not present in the Related Actions. Moreover, unlike the Related Actions, the *TransUnion* case is not a putative class action.

Because of these factual and procedural differences, FICO does not believe that having the same judge handle the Related Actions and *TransUnion* would lead to substantial savings of judicial time and effort. *See, e.g.*, *Martin v. Midland Funding LLC*, 2011 WL 3876965, at *2 (N.D. Ill. Aug. 31, 2011) (declining to reassign cases where "aside from a single cause of action against the same defendant, the cases are very different"); *Teamsters Local 705 Pension v. A.D. Conner, Inc.*, 2011 WL 1674839, at *2 (N.D. Ill. May 4, 2011) (same where cases would require "different legal findings and damages calculations"); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2004 WL 1102327, at *3 (N.D. Ill. May 5, 2004) (same where cases involved distinct claims and one would "require the Court to decide whether to certify a class" while the other would not); *cf. Karamelion LLC v. Elexa Consumer Prods., Inc.*, No. 1:19-cv-6329 (N.D. Ill.), Dkt. 23 (Jan. 29, 2020) (Chang, J.) (declining to reassign where, though there "is some overlap in the asserted claims and the anticipated defenses," "it is not likely that a single trial would be convened to resolve the dispute").

(b) Second, unlike the Related Actions, which have not progressed beyond the recent filing of the complaints, the *TransUnion* case has been pending for three years. Written

5

discovery and document production in *TransUnion* is scheduled for substantial completion in June, and would have been completed sooner but for automatic extensions issued in response to the COVID-19 pandemic. The parties also were in the midst of preparing for an upcoming mediation before Magistrate Judge Jantz in April before it was taken off calendar in light of the pandemic; a telephonic hearing is currently scheduled to proceed on May 4.

Given the advanced state of the *TransUnion* litigation and these impending deadlines, FICO expects that reassignment of the Related Actions to Judge Coleman would delay the proceedings in *TransUnion* substantially. *See, e.g.*, *Williams v. Walsh Construction*, 2007 WL 178309, at *2-3 (N.D. Ill. Jan. 16, 2007) (declining to reassign case where the parties in the first case had unsuccessfully attempted settlement and discovery was shortly scheduled to close).

8.  Finally, the Court has authority to consolidate separately captioned lawsuits into one case when, as here, the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "The question of whether to grant consolidation is a matter of discretion for the trial court" and "[i]n exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party." *Sylverne v. Data Search. N.Y., Inc.*, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (citations omitted). Because consolidation would promote significant party and judicial economy and would not prejudice any party, FICO asks that the Court order consolidation of the cases discussed herein and direct plaintiffs to file a consolidated complaint. *See N. Miami Beach Gen. Employees Retirement Fund v. Parkinson*, 2011 WL 12465137, at *3 (N.D. Ill. July 5, 2011) (ordering consolidation of related class actions and filing of consolidated complaint); *see also Smith v. State Farm Mut. Automobile Ins. Co.*, 301 F.R.D. 284, 286 (N.D. Ill. 2014) (ordering plaintiffs to file consolidated complaint following consolidation of separate class actions).

9. Prior to filing this motion, counsel for FICO conferred with counsel for plaintiffs in the Related Actions. Plaintiffs have advised FICO that they do not oppose reassignment and consolidation of these actions before the same District Judge, are amenable to filing a consolidated complaint, and agree that FICO's responsive pleading obligations should be suspended pending the filing of a consolidated complaint. However, plaintiffs contend that the Related Actions should be re-assigned to Judge Coleman, who as discussed is presiding over *Fair Isaac Corp. v. TransUnion LLC*, 1:17-cv-08318 (N.D. Ill.). FICO disagrees, and respectfully submits that the actions should be consolidated before Judge Chang for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, FICO respectfully requests that this Court enter an order:

(a) Finding that *First Choice Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02516 (N.D. Ill.), and *Alcoa Community Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02559 (N.D. Ill.), are related cases to this action;

(b) Transferring *First Choice* and *Alcoa* to Judge Chang for further proceedings pursuant to L.R. 40.4(d);

(c) Consolidating this action and the *First Choice*, *Amalgamated Bank*, and *Alcoa* actions (collectively, the "Related Actions") into the lowest-numbered case, No. 1:20-cv-02114; and

(d) Directing plaintiffs in the Related Actions to file a consolidated complaint, or directing counsel for the parties to meet and confer regarding a proposed schedule for the plaintiffs in the Related Actions to file a consolidated complaint.

Dated: April 29, 2020

Respectfully submitted,

/s/ *Britt M. Miller*

Michael A. Olsen
Britt M. Miller
J. Gregory Deis
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
molsen@mayerbrown.com
bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com
*Counsel for Defendant Fair Isaac Corporation*

## CERTIFICATE OF SERVICE

I, Britt M. Miller, an attorney, hereby certify that on April 29, 2020, I caused a true and correct copy of the foregoing **DEFENDANT FAIR ISAAC CORPORATION'S MOTION TO REASSIGN AND CONSOLIDATE RELATED CASES** to be filed and served electronically via the Court's CM/ECF system.

In addition, a courtesy copy of this filing has been delivered by electronic mail to counsel of record in *First Choice Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02516 (N.D. Ill.), *Alcoa Community Federal Credit Union v. Fair Isaac Corp.*, No. 1:20-cv-02259 (N.D. Ill.), and *Amalgamated Bank v. Fair Isaac Corp.*, No. 1:20-cv-02533 (N.D. Ill.).

   /s/ *Britt M. Miller*
Attorney for Fair Isaac Corporation