**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| IN RE FICO ANTITRUST LITIGATION | ) | Judge Edmond E. Chang |
| | ) | |
| | ) | Magistrate Judge David E. Weisman |
| This Document Relates to the | ) | |
| Following Cases: | ) | No. 1:20-CV-02114 |
| | ) | |
| ALL ACTIONS | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's September 28, 2023 Order (ECF 173), Plaintiffs Sky Federal Credit Union, Alcoa Community Federal Credit Union, Amalgamated Bank, City of Boston Credit Union, First Choice Federal Credit Union, Getten Credit Company, Holmes County Bank & Trust Company, Garner Properties & Management LLC and Lake City Exports, Inc. (collectively "Plaintiffs") and Defendant Fair Isaac Corporation ("FICO") (together, the "Parties") respectfully submit the following Joint Status Report.

**1.      Meet-and-Confer**

On October 12, 2023, the Parties met-and-conferred in good faith to attempt to devise an agreed proposed case schedule. While the Parties were able to reach agreement on most aspects of the schedule, they disagree as to the appropriate sequencing of events following the close of fact discovery. The Parties' respective positions on these issues are set forth below.

**2.      The Parties' Proposed Case Schedules**

Where dates are agreed by the Parties, they are noted once in the table below. Where dates are not agreed, Plaintiffs' and FICO's proposals are noted side-by-side.

1

| Event | Proposed Deadline |
|---|---|
| FICO's Answers to the Complaints Due | October 23, 2023 |
| Plaintiffs to File Amended Complaints, if Any, as to Dismissed Claims | October 30, 2023 |
| Last Day to Serve Initial Requests for Production and Interrogatories | November 6, 2023 |
| Submit proposed ESI Order and Confidentiality Order[1] | November 6, 2023 |
| Exchange of Rule 26(a)(1) Disclosures | November 13, 2023 |
| Submit proposed Orders regarding Expert Discovery, Deposition Protocol, and Modifications to Discovery Limits[2] | December 15, 2023 |
| Substantial Completion of All Document Discovery | June 14, 2024 |
| Last Day to Serve Any Additional Written Discovery Requests[3] | September 17, 2024 |

---

[1] If the proposed orders are not agreed, the parties may submit a joint status report identifying the areas of disagreement and briefly outlining their positions, with each side's proposal attached as an exhibit.

[2] See note 1, *supra*.

[3] Additional requests for production and interrogatories served on or before the deadline for any additional discovery requests must be based on relevant matters that were not reasonably anticipated by the requesting party at the time that written discovery commenced.

| Event | Proposed Deadline | |
|---|---|---|
| Completion of All Fact Discovery | December 20, 2024 | |
| Expert Reports | **Plaintiffs' Proposal** (consolidated merits and class certification reports)<br><br>Opening Reports:<br>January 30, 2025<br>Response Reports:<br>March 13, 2025<br>Rebuttal Reports:<br>April 15, 2025 | **FICO's Proposal** (class certification reports only)<br><br>Opening Reports:<br>January 30, 2025<br>Response Reports:<br>March 13, 2025<br>Rebuttal Reports:<br>April 15, 2025 |
| Expert Depositions | **Plaintiffs' Proposal** (consolidated merits and class certification expert discovery)<br><br>May 30, 2025 | **FICO's Proposal** (class certification expert discovery only)<br><br>May 30, 2025 |
| Class Certification and Daubert Motions | Motions:<br>July 10, 2025<br><br>Opposition Briefs:<br>August 21, 2025<br><br>Reply Briefs:<br>September 23, 2025 | |
| Dispositive Motions[4] | **Plaintiffs' Proposal**<br><br>Motions:<br>November 6, 2025<br>Opposition Briefs:<br>December 18, 2025<br>Reply Briefs:<br>January 27, 2026 | **FICO's Proposal**<br><br>Within 21 days after the Court's ruling on motions for class certification, the parties will meet and confer and submit a proposed schedule for merits expert discovery, dispositive motions, and *Daubert* motions for merits experts |

---

[4] The Parties will meet and confer regarding a schedule for an early motion for summary judgment should FICO intend to bring such a motion.

**Plaintiffs' Statement**

Plaintiffs propose one round of expert reports and *Daubert* motions to address both class-certification and merits issues. Plaintiffs' approach will reduce briefing, expense, and delay. It is also consistent with the recent practice of many courts, including courts in this district, which have found that "bifurcating class certification and merits expert discovery is a ***fool's errand***, only leading to inefficiencies and delay, which then snowballs into increased costs."[5]

*First,* Plaintiffs' proposal would speed resolution of this case – which has been pending since April 2020. Plaintiffs propose that, after fact discovery is complete, the parties conduct all expert discovery and file a single set of *Daubert* motions (if any). FICO, by contrast, proposes that the case grind to a halt until class certification is decided. That could prolong resolution of the case for months, if not years. There is no justification for that delay. For one thing, individual plaintiffs intend to continue prosecuting this case regardless of whether class certification is granted. For another, both parties agree that no expert discovery should occur before fact discovery is complete. This is not a circumstance – as was common historically – where class certification will be decided before significant discovery into merits issues. Determining whether a putative class satisfies Rule 23(a)'s requirements "will frequently entail 'overlap with the merits of the plaintiff's underlying claim.' "[6] That is true here too: Plaintiffs expect that the expert reports regarding class certification will address merits issues, as is common practice. For example, expert

---

[5] *In re Deere & Co. Repair Servs. Antitrust Litig.*, No. 22-cv-50188 (N.D. Ill. Dec. 28, 2022), Dkt. 107 at 1 (emphasis added) & Dkt. 109 (scheduling order); *see, e.g.*, *See, e.g.*, *In re Automatic Card Shufflers Litig.*, No. 21-cv-1798 (N.D. Ill. May 30, 2023), Dkt. 97, at 1; *In re Surescripts Antitrust Litig.*, No. 19-cv-6627 (N.D. Ill. July 12, 2022), Dkt. 221, at 2; *In re Google Digital Advert. Antitrust Litig.*, No. 21-md-3010 (S.D.N.Y. Nov. 21, 2022), Dkt. 394, at 3; *In re Broiler Chicken Grower Antitrust Litig. (No. II)*, No. 21-cv-33 (E.D. Okla. Feb. 12, 2021), Dkt. 29, at 3; *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y. July 14, 2016), Dkt. 94, at 1. FICO claims "most courts in this District have rejected [Plaintiffs'] approach in antitrust cases," but, in all the cases it cites, the parties ***agreed*** to bifurcate class and merits expert discovery.

[6] *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013).

analysis of FICO's market power and anticompetitive conduct is relevant to proving both FICO's antitrust violation (a merits issue) and commonality (a class-certification issue). Plaintiffs do not intend to "assume liability" in their expert reports as FICO suggests *infra*. Moreover, FICO's claim *infra* that "class members must receive notice . . . and an opportunity to opt out before the Court can address summary judgment" does not mean summary judgment cannot be briefed before class notice is issued.[7] To the extent the Court is troubled by the "one way intervention" concern FICO raises, the issue could be resolved by deferring decision on summary judgment until class certification is decided and the class is provided an opportunity to opt out. FICO's concern provides no reason to bifurcate class and merits expert discovery.

*Second*, a single set of expert disclosures will reduce cost. Under Plaintiffs' proposal, the parties would serve only one round of expert reports and only one round of *Daubert* motions. Under FICO's proposal, there would be two rounds of each. More reports means more expense. While FICO suggests *infra* that its merits expert reports may be materially different from its class-certification reports, that claim is purely hypothetical. And its suggestion that it may need additional industry experts for the merits is beside the point: FICO will need to hire those experts anyway because individual plaintiffs intend to prosecute this case regardless of whether class certification is granted. Moreover, Plaintiffs, who bear the burden of proof, anticipate using the same experts for class-certification and merits issues.

For the foregoing reasons, Plaintiffs respectfully request the Court order a single round of expert disclosures and adopt Plaintiffs' proposed schedule for dispositive motions.

---

[7] Courts often allow summary judgment briefing to proceed prior to class notice being issued. *See, e.g.*, *Automatic Card Shufflers*, No. 21-cv-1798 (N.D. Ill. May 30, 2023), Dkt. 97, at 1; *Surescripts*, No. 19-cv-6627 (N.D. Ill. July 12, 2022), Dkt. 221, at 3; *In re Google Digital Advert. Antitrust Litig.*, No. 21-md-3010 (S.D.N.Y. Nov. 21, 2022), Dkt. 394, at 4; *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-md-2670, 2020 WL 2745231, at *4 n.6 (S.D. Cal. May 27, 2020).

**FICO's Statement**

Plaintiffs' proposals to (1) combine class and merits expert discovery and (2) brief dispositive motions while class certification remains pending would impose tremendous costs on the Parties before they are actually necessary. For good reasons, most courts in this District presiding over antitrust cases have adopted FICO's proposal to defer merits expert discovery and dispositive motions until after class certification, including this Court in *Ploss v. Kraft Foods Grp., Inc. et al.*, 15-CV-2937 (Dkt. 137, 364, attached as Ex. A).[8] The Court should do so here.

*Merits Expert Discovery Should Proceed After Class Certification*

Plaintiffs first argue that class and expert discovery must be combined to reach a "quicker resolution of the case," noting that initial complaints were filed in April 2020. But Plaintiffs fail to acknowledge that the case sat in limbo for roughly a year due to their counsel's inability to agree on a leadership structure or whether most putative class members are direct or indirect purchasers. *See* Dkt. 55, 83. Plaintiffs were the source of that delay and cannot now use it to circumvent the more sensible approach of deferring expert discovery on merits issues until the Court has resolved class certification and it is clear whether those costs must be borne by the Parties at all.

Plaintiffs' second argument—that it is more efficient to combine expert work on class and merits issues because they are basically the same inquiry—is also incorrect. At class certification, liability is often assumed by the experts, who focus on the Rule 23(a) and 23(b) factors. At the merits stage, however, experts address liability issues head-on, requiring different economic analyses. Moreover, at the merits stage parties frequently need to retain additional experts in other

---

[8] *See also In re Turkey Antitrust Litig.*, 19-CV-8318 (Judge Kendall) (Dkt. 210) (Ex. B); *In re Local TV Advertising Antitrust Litig.*, 18-CV-06785 (Judge Kendall) (Dkt. 218) (Ex. C); *In re Delta Dental Antitrust Litig.*, MDL 2931, 1:19-CV-06734 (Judge Bucklo) (Dkt. 463) (Ex. D); *Moehrl, et al. v. The National Assoc'n of Realtors*, 1:19-CV-01610 (Judge Wood) (Dkt. 278) (Ex. E); *Dennis, et al. v. The Andersons, Inc.*, 1:20-CV-04090 (Judge Norgle) (Dkt. 124, 126) (Ex. F). As with the cases Plaintiffs cite, some of these schedules were agreed and some were adopted by the court over one party's objection.

fields, including industry practices or technical issues. It will likely cost each side millions to retain these experts, work with them to develop their opinions, take and defend their depositions, and brief related *Daubert* issues. Separating class and expert discovery saves the Parties from incurring much of these costs until, and only if, they are actually necessary, while still facilitating the prompt resolution of class certification "at an early practicable time," consistent with Rule 23(c)(1)(A).

### *Dispositive Motions Should Be Filed After Class Certification*

Equally important, dispositive motions should not be due until after class certification has been decided. If the Court is inclined to adopt Plaintiffs' proposal for expert discovery, FICO still urges the Court to defer dispositive motions until after a decision on class certification.

First, as with merits expert discovery, there is no reason for the parties to incur the expense of briefing summary judgment issues until classes (if any) have been certified.[9]

Second, if any classes are certified, the Court may use its discretion to narrow or otherwise amend Plaintiffs' class definitions in ways that could materially affect the parties' summary judgment arguments. Deferring summary judgment briefing is therefore more efficient.

Third, there are no efficiencies to be gained by briefing class certification and summary judgment back-to-back, as Plaintiffs propose, because the motions cannot be decided together. If any classes are certified, class members must receive notice in accordance with a Court-approved notice plan and an opportunity to opt out before the Court addresses summary judgment. That is necessary to avoid the "problem of 'one way intervention,' whereby a potential class member could await resolution of the merits of the claim before deciding whether or not to join the lawsuit."

---

[9] Plaintiffs' assurances that the cases will still proceed individually if class certification is denied should be given skepticism. The denial of class certification would materially increase the likelihood that these cases are abandoned or settled to avoid the significant costs of dispositive motions practice.

*Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 353 (7th Cir. 1975) (citation omitted).[10]

---

[10] Thus, to the extent that FICO files an "early summary judgment motion" on discrete issues as noted in the Court's memorandum and opinion order, Dkt. 173 at 15, the outcome of the motion would have *res judicata* effect only on the named Plaintiffs if decided by the Court prior to class certification.

Dated: October 16, 2023

*/s/ Steven F. Molo*
Lauren M. Weinstein
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.,
Suite 500
Washington, DC 20037
Telephone: 202-556-2000
lweinstein@mololamken.com

Steven F. Molo
Lauren F. Dayton
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: 312-450-6700
smolo@mololamken.com
ldayton@mololamken.com

*Liaison Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class*

Gary F. Lynch
CARLSON LYNCH LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
glynch@carlsonlynch.com

Katrina Carroll
CARLSON LYNCH LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
kcarroll@carlsonlynch.com

Respectfully Submitted,

*/s/ Carmen Medici*
Carmen Medici (admitted *pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-798-5319
cmedici@scott-scott.com

Joseph P. Guglielmo (N.D. Ill. 2759819)
Michelle E. Conston (admitted *pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor New York, NY
10169 Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
mconston@scott-scott.com

Patrick McGahan (admitted *pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
156 S. Main St.
Colchester, CT 06415
Telephone: 860-531-2606
pmcgahan@scott-scott.com

*Interim Lead Class Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class*

Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
KOREIN TILLERY PC
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: (619) 6225-5620
Facsimile: (314) 241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

9

George A. Zelcs Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY, LLC
205 North Michigan Avenue,
Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Jennifer W. Sprengel
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
jsprengel@caffertyclobes.com

Barbara J. Hart (admitted *pro hac vice*)
GRANT & EISENHOFER
485 Lexington Ave., 29th Floor New
York, NY 10017
Telephone: 646-722-8526
bhart@gelaw.com

Paul E. Slater
Joseph M. Vanek
Michael G. Dickler
Matthew T. Slater
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200
pes@sperling-law.com
jvanek@sperling-law.com
mdickler@sperling-law.com
mslater@sperling-law.com

Linda P. Nussbaum
Susan Schwaiger
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: 917-438-9102
lnussbaum@nussbaumpc.com
sschwaiger@nussbaumpc.com

Michael L. Roberts
Karen Sharp Halbert
ROBERTS LAW FIRM, P.A.
20 Rahling Circle Little Rock,
AR 72223
Telephone: 501-821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

Gregory S. Asciolla (admitted *pro hac vice*)
Karin E. Garvey (admitted *pro hac vice*)
Robin A. van der Meulen (admitted *pro hac vice*)
Matthew J. Perez (admitted *pro hac vice*)
Jonathan S. Crevier (admitted *pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, New York 10017
(646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
rvandermeulen@dicellolevitt.com
mperez@dicellolevitt.com
jcrevier@dicellolevitt.com

Marvin A. Miller
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312-332-3400
mmiller@millerlawllc.com
lfanning@millerlawllc.com

Guillaume Buell (admitted *pro hac vice*)
THORNTON LAW FIRM LLP
1 Lincoln Street, 13th Floor
Boston, MA 02111
Telephone: 617-720-1333 gbuell@tenlaw.com

Daniel E. Gustafson (admitted *pro hac vice*)
Daniel C. Hedlund (admitted *pro hac vice*)
Michelle J. Looby (admitted *pro hac vice*)
Joshua J. Rissman
Ling S. Wang
GUSTAFSON GLUEK PLLC

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com
lwang@gustafsongluek.com

Dennis Stewart (admitted *pro hac vice*)
GUSTAFSON GLUEK PLLC
600 B Street, 17th Floor San
Diego, CA 92101
Telephone: 619-595-3200
dstewart@gustafsongluek.com

Kenneth A. Wexler Melinda J.
Morales Michelle Perkovic
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone:     312-346-2222
kaw@wexlerwallace.com
mjm@wexlerwallace.com
mp@wexlerwallace.com

Charles F. Barrett (admitted *pro hac vice*)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: 615-244-1713
cbarrett@nealharwell.com

Don Barrett (*pro hac vice* forthcoming)
BARRETT LAW GROUP, P.A.
404 Court Square
P.O. Box 927
Lexington, MS 39095
Telephone: 662-834-2488
dbarrett@barrettlawgroup.com
donbarrettpa@gmail.com

Richard R. Barrett (*pro hac vice* forthcoming)
BARRETT LAW GROUP, P.A.
2086 Old Taylor Road, Suite 1011
Oxford, MS 38655
Telephone: 662-380-5018
rrb@rrblawfirm.net

Michael P. Lehmann (SBN 77152)
Christopher Lebsock (SBN 184546)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
mlehmann@hausfeld.com
clebsock@hausfeld.com

Hilary K. Scherrer
Paul Gallagher
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Telephone: 202-540-7200
hscherrer@hausfeld.com
pgallagher@hausfeld.com

Scott A. Martin
Irving Scher
Jeanette Bayoumi
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: 646-357-1100
smartin@hausfeld.com
ischer@hausfeld.com
jbayoumi@hausfeld.com

*Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class*

11

REINHARDT WENDORF & BLANCHFIELD
Garrett D. Blanchfield (*pro hac vice*)
Brant D. Penney (*pro hac vice*)
Roberta A. Yard (*pro hac vice* forthcoming)
332 Minnesota Street, Suite W-1050
St. Paul, MN 55101
Telephone: 651-287-2100
Facsimile: 651-287-2103
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

SPECTOR ROSEMAN & KODROFF, P.C.
Jeffrey J. Corrigan (*pro hac vice*)
William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Icee N. Etheridge (*pro hac vice* forthcoming)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
Facsimile: 215-496-6611
JCorriganf@srkattorneys.com
BCaldes@srkattorneys.com
JSpector@srkattorneys.com
IEtheridge@srkattorneys.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs and the Proposed Indirect Purchaser Class*

GUIN, STOKES & EVANS, LLC
Charles R. Watkins (3122790)
321 South Plymouth Court
Suite 1250
Chicago, IL 60604
Telephone: 312-878-8391
Facsimile: 205-226-2357
charlesw@gseattorneys.com

*Liaison Counsel for Indirect Purchaser Plaintiffs and the Proposed Indirect Purchaser Class*

PRETI FLAHERTY, BELIVEAU & PACHIOS LLP
Michael S. Smith (*pro hac vice* forthcoming)
Gregory P. Hansel (*pro hac vice* forthcoming)
Randall B. Weill (*pro hac vice* forthcoming)
Elizabeth F. Quinby (*pro hac vice* forthcoming)
One City Center, P.O. Box 9546
Portland, ME 04101
Telephone: 207-791-3000
msmith@preti.com
ghansel@preti.com
rweill@preti.com
equinby@preti.com

GLANCY PRONGAY & MURRAY LLP
Brian P. Murray (*pro hac vice* forthcoming)
Lee Albert (*pro hac vice* forthcoming)
230 Park Avenue,
Suite 358
New York, NY 10169
Telephone: 212-682-5340
Facsimile: 212-884-0988
bmurray@glancylaw.com
lalbert@glancylaw.com

FREED KANNER LONDON & MILLEN LLC
Douglas A. Millen
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: 224-632-4500
dmillen@fklmlaw.com

FREED KANNER LONDON & MILLEN LLC
Jonathan M. Jagher (*pro hac vice* forthcoming)
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610-234-6487
jjagher@fklmlaw.com

BONI, ZACK & SNYDER LLC
Michael J. Boni (*pro hac vice* forthcoming)
Joshua D. Snyder (*pro hac vice* forthcoming)
John E. Sindoni (*pro hac vice* forthcoming)
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: 610-822-0200
Facsimile: 610-822-0206
mboni@bonizack.com
jsnyder@bonizack.com
jsindoni@bonizack.com

MCLAFFERTY LAW FIRM, P.C.
David McLafferty (*pro hac vice* forthcoming) Attorneys at Law
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610-940-4000, ext. 12
www.McLaffertyLaw.com

SALTZ MONGELUZZI & BENDESKY, P.C.
Simon B. Paris, Esq. (*pro hac vice* forthcoming)
Patrick Howard, Esq. (*pro hac vice* forthcoming)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: 215-575-3985
Facsimile: 215-496-0999
sparis@smbb.com
phoward@smbb.com

*Counsel for Indirect Purchaser Plaintiffs
and the Proposed Indirect Purchaser Class*

/s/ *Britt M. Miller*
Britt M. Miller
Matthew D. Provance
J. Gregory Deis
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
(312) 701-7711—Facsimile
bmiller@mayerbrown.com
mprovance@mayerbrown.com
gdeis@mayerbrown.com

*Counsel for Defendant Fair Isaac Corporation*