IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION RELATED CASES | Case No. 1:20-CV-02114 |
| *This document relates to:*<br><br>ALL ACTIONS | Hon. Edmond E. Chang<br>Magistrate Judge David E. Weisman |

**THE CREDIT BUREAUS' MOTION TO STAY DISCOVERY
AS TO THE CREDIT BUREAUS PENDING THE CREDIT BUREAUS' MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

Experian Information Solutions, Inc., Equifax, Inc., and TransUnion, LLC (collectively, the "Credit Bureaus") request that this Court stay discovery of the Credit Bureaus while the Court considers the Credit Bureaus' forthcoming motion to dismiss.

**BACKGROUND**

On September 28, 2023, this Court "grant[ed] the Credit Bureaus' motion to dismiss in its entirety," concluding that neither the hub-and-spoke theory nor the individual conspiracy theories were plausible as required to state a claim under applicable pleadings standards. Sept. 28, 2012 Mem. Op.& Order ("Op.") at 22, 30, Dkt. 173. The Court noted that while "[f]or now" the dismissal was without prejudice, as no prior amendment had been made, "the Plaintiffs should realistically assess whether they can fill the gap in an amended pleading, bearing in mind that the Plaintiffs already gave it a fulsome shot in the current 300-plus-paragraph Complaints." *Id.* at 22. The Court permitted Plaintiffs to "file amended complaints by October 30, 2023, if there really is a fix for the problems identified in the Opinion." *Id*. at 30. In setting this deadline, the Court noted that the amended complaint deadline was intentionally later than the deadline for Fair Isaac

Corporation ("FICO") to file its answer, "so that an answer is in place as discovery gets going **with FICO**." *Id.* at 22 n.5 (emphasis added). The Court also set deadlines for a joint status report (October 16) and initial disclosures (November 13). *Id.* at 30-31.

On October 16, 2023, FICO and Plaintiffs filed a joint status report including proposed discovery deadlines; the Credit Bureaus were not parties to the case at the time, and thus were not signatories to that joint status report, nor were they asked to participate in any meet and confer regarding that report. Dkt. 179. The next day, "[o]n review of the status report," the Court entered a case management order setting discovery deadlines for FICO and Plaintiffs. Dkt. 180.

On October 23, 2023, FICO answered Plaintiffs' complaints. *See* Dkts. 182, 183.

On October 30, 2023, the Direct Purchaser Plaintiffs ("DPPs") filed a First Amended Consolidated Class Action Complaint, Dkt. 184, and the Indirect Purchaser Plaintiffs ("IPPs") filed a Second Amended Class Action Complaint, Dkt. 185. Both sets of plaintiffs named the Credit Bureaus as defendants. *See* Dkt. 184 at ¶¶ 23, 24, 25; Dkt. 185 at ¶¶ 25, 26, 27. As the Credit Bureaus intend to demonstrate in their upcoming motion to dismiss, however, the allegations in the amended complaints are fundamentally identical to the allegations in the dismissed original complaints, and dismissal of the claims against the Credit Bureaus will therefore be appropriate for all the same reasons the Court dismissed the same claims previously. The parties will shortly submit to the Court for its approval an agreed-upon schedule under which the Credit Bureaus' motion to dismiss will be filed by December 1, 2023, Plaintiffs will file any opposition by January 15, 2024, and briefing will be complete by February 9, 2024.

Although the Court's September 28, 2023 Order seemed to contemplate that any attempt by the Plaintiffs to amend their complaints to assert a claim against the Credit Bureau would be addressed in parallel with discovery ***of FICO*** (not the Credit Bureaus), *see* Op. at 22 n.5, out of an

2

abundance of caution on November 1, 2023, the Credit Bureaus reached out to the Plaintiffs and FICO to confirm that they shared that understanding. *See* Ex. A at 10-11 (Email from Leslie Pope, counsel for TransUnion). FICO agreed that it would not seek discovery from the Credit Bureaus pending a motion to dismiss.[1] *See* Ex. A at 8 (Email from Matthew Provance, counsel for FICO). Plaintiffs, however, objected to this commonsense course of action, and asserted the right to take discovery from the Credit Bureaus even while the Credit Bureaus' motion to dismiss is pending. *See* Ex. A at 8-9 (Email from Lauren Weinstein, counsel for Plaintiffs).

On November 5, 2023, Plaintiffs proposed to treat the Credit Bureaus as third parties while the Credit Bureaus' motion to dismiss is pending if the Credit Bureaus agreed to (1) give up any right to seek to modify the case schedule in the event the motion is denied, and (2) be subjected two rounds of discovery if the motion is denied—one round of discovery as third parties while the motion is pending, and a second round of discovery as parties if the motion is denied. *See* Ex. A at 6 (Email from Lauren Weinstein, counsel for Plaintiffs).

On November 6, 2023, counsel for the Credit Bureaus met with counsel for Plaintiffs to try to understand their proposal. When the Credit Bureaus asked if the Plaintiffs' proposed "third party" discovery would be narrow, counsel for Plaintiffs responded that she could not describe the specific discovery Plaintiffs would seek but that Plaintiffs would be seeking extensive discovery of the Credit Bureaus. Later the same day, Plaintiffs served the Credit Bureaus with 67 RFPs and 8 interrogatories for each Credit Bureau.

---

[1] FICO also indicated that it might move to dismiss some portion of the amended complaints, and might further seek a stay of discovery while such a motion to dismiss was pending. The Credit Bureaus take no position with respect to any such request by FICO, but note that staying discovery as to the Credit Bureaus would not require staying discovery with respect to FICO.

3

The Credit Bureaus informed Plaintiffs that they could not agree to Plaintiffs' proposal, which would result in the Credit Bureaus being subject to extensive discovery twice in the same case—an approach that would very likely multiply the burden and expense to which the Credit Bureaus would be subject. *See* Ex. A at 1 (Email from Leslie Pope, counsel for TransUnion). The Credit Bureaus therefore bring this motion seeking a stay of discovery.

## ARGUMENT

This Court's prior rulings and the parties' prior submissions do not appear to contemplate that Plaintiffs would, simply by filing an amended complaint, therefore be entitled to begin discovery of the previously-dismissed Credit Bureaus. The Credit Bureaus accordingly move to stay discovery of the Credit Bureaus until after the Court has tested the sufficiency of the amended complaints. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664-65 (2009) ("[B]ecause Iqbal's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

**I.     The Court Should Stay Discovery as to the Credit Bureaus Because All of the Applicable Factors Weigh in Favor of Such a Stay**

District courts enjoy broad discretion in managing discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope and sequence of discovery, including staying discovery during the pendency of a motion to dismiss. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005). "[S]uch stays are granted with substantial frequency," as this Court's practices recognize, *see* Judge Edmond E. Chang's Case Procedures, *Discovery & Discovery Motions* ("During the pendency of a motion, such as a motion to dismiss, . . . very often one or both parties might be justified in asking for a stay.").

In determining whether to grant such a stay, a court may consider at least the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party,

4

(2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *1 (N.D. Ill. June 16, 2021). Here, these factors all weigh in favor of a stay.

As to the first factor, a stay will not unduly prejudice or tactically disadvantage Plaintiffs because the stay the Credit Bureaus seek is limited to the pendency of their motion to dismiss, and "having to wait for resolution is not a persuasive reason to deny the motion for stay." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022). "Plaintiff[s] also do[] not seek a preliminary injunction against Defendant[s], further demonstrating that a delay at this stage would not significantly prejudice Plaintiff[s]." *Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022). And Plaintiffs can advance their claims and discovery against FICO while the motion to dismiss the claims against the Credit Bureaus is pending; as this Court notes in its Procedures, "there is generally no particular sequence in which discovery must occur."

The second factor relating to efficiency similarly weighs in favor of a stay because the Credit Bureaus' motions to dismiss will argue "that Plaintiff[s'] entire class action complaint is legally defective" and can resolve all claims against them. *Calderon*, 2022 WL 20742696, at *2. Indeed, this is the rare case in which the Court has already found that a set of claims was legally defective, and where the Plaintiffs seek discovery notwithstanding that holding. Staying discovery to clarify whether any claims survive as to the Credit Bureaus will significantly streamline proceedings here.

As for the third factor, given "the burden, time, and expense often associated with responding to discovery in a putative class action," discovery of the Credit Bureaus unquestionably will be expensive and time-consuming for the parties and the Court. *Rodriguez*, 2022 WL 704780,

5

at *2. As the Supreme Court has noted, antitrust discovery is notoriously complicated and expensive. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive."). Plaintiffs have already demonstrated as much by serving 67 RFPs and 8 interrogatories on each Credit Bureau. And although the Credit Bureaus may eventually need to respond to third-party discovery (as Plaintiffs have informed), it would be patently unfair and burdensome to prematurely subject them to the risk that they may need to face two sets of discovery—one set as third parties and one set as potential parties (although unlikely). The more efficient course is for the Plaintiffs to wait just a few months while the motion to dismiss is pending so that the Credit Bureaus' position in this case (whether as third-parties or parties) is decided by the Court.

Finally, a stay is particularly appropriate here because the Credit Bureaus already were dismissed as parties and—as the Credit Bureaus will show in their upcoming motions to dismiss—Plaintiffs' amendments are futile, and introduce no new factual allegations that should alter this Court's prior opinion. *Turner v. City of Chicago Bd. of Educ.*, 2018 WL 11473307, at *2 (N.D. Ill. Nov. 27, 2018) ("judicial economy is served by postponing discovery" when plaintiffs replead their claims and defendants assert the same deficiency). Indeed, "Plaintiffs already gave it a fulsome shot in the [original] 300-plus-paragraph Complaints." Op. at 22. Given the likelihood of dismissal here, the substantial burden of party discovery on the Credit Bureaus would be disproportionate. Thus, this Court should stay discovery as to the Credit Bureaus.

## II. The Court's Orders and Parties' Submissions Appear to Contemplate Staying Discovery as to the Credit Bureaus While Considering an Amended Complaint

This Court's prior rulings, and the parties' prior submissions, do not appear to contemplate discovery of the Credit Bureaus while a motion to dismiss amended complaints is pending.

6

*First*, when the Court established an October 23, 2023 deadline for FICO to answer the complaint and an October 30, 2023 deadline for Plaintiffs to amend their complaints, it appeared to recognize that doing so might lead to a situation in which discovery was proceeding as to FICO even as a motion to dismiss was being filed with respect to the claims against the Credit Bureaus. Op. at 22 n.5 ("This deadline [for Plaintiffs to amend their complaints] is intentionally set for after FICO's answer deadline so that an answer is in place as discovery gets going with FICO."). The Court's specific mention of discovery "get[ting] going with FICO" appears to suggest that the Court did not contemplate that filing amended complaints would also automatically entitle the Plaintiffs to expand that discovery to include the Credit Bureaus.

*Second*, the Court ordered the parties to submit a joint status report on discovery by October 16, 2023, which the Court then used to set discovery deadlines on October 17, 2023. Dkts. 179, 180. By that deadline, however, no live claims existed against any of the Credit Bureaus. The Credit Bureaus respectfully submit that if the Court contemplated that these discovery deadlines would apply to the Credit Bureaus, it would have scheduled this status report for a date after the Plaintiffs filed amended complaints on October 30, 2023, so that the Credit Bureaus could participate in the process of negotiating the dates applicable to such discovery.

*Third*, if Plaintiffs knew that they intended to amend their complaints, and believed (as they now claim) that amending their complaints would make the Credit Bureaus subject to the discovery deadlines the Plaintiffs were negotiating with FICO, then surely the Plaintiffs would have expressed that position to the Credit Bureaus prior to submitting the October 16, 2023 Joint Status Report. Yet Plaintiffs did not request the Credit Bureaus' views on any of the discovery deadlines included in the October 16, 2023 Joint Status Report, and did not ask the Credit Bureaus

7

to sign that report. Thus Plaintiffs, too, did not appear to contemplate that merely filing amended complaints would trigger an obligation for the Credit Bureaus to engage in discovery.

## CONCLUSION

The Court should stay all discovery of the Credit Bureaus pending resolution of the forthcoming motion to dismiss Plaintiffs' amended complaints.

Dated: November 8, 2023

*/s/ Leslie V. Pope*
Leslie Pope (admitted *pro hac vice*)
John Thorne, #6181458
**KELLOGG, HANSEN, TODD,**
 **FIGEL AND FREDERICK P.L.L.C.**
1615 M Street NW
Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
lpope@kellogghansen.com
jthorne@kellogghansen.com

J. David Duffy, #6242374
Audrey Mense, #6302524
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
dduffy@thompsoncoburn.com
amense@thompsoncoburn.com

*Attorneys for TransUnion LLC*

*/s/ Michael P. Mayer*
Michael P. Mayer
James Franklin Herbison
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
mmayer@winston.com
jherbison@winston.com

*Counsel for Equifax, Inc.*

Respectfully submitted,

*/s/ Carolyn P. Gurland*
Carolyn Pelling Gurland, #6274399
**WHITE & CASE LLP**
111 South Wacker Drive
Suite 5100
Chicago, IL 60606
Tel: (312) 881-5400
carolyn.gurland@whitecase.com

Robert A. Milne (admitted *pro hac vice*)
Martin M. Toto (admitted *pro hac vice*)
Jack E. Pace III (admitted *pro hac vice*)
Bryan D. Gant (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
Tel: (212) 819 8200
rmilne@whitecase.com
mtoto@whitecase.com
jpace@whitecase.com
bgant@whitecase.com

*Counsel for Defendant Experian Information Solutions, Inc.*