**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION RELATED CASES | No. 1:20-CV-02114 |
| *This document relates to:*<br><br>ALL ACTIONS | Judge Edmond E. Chang<br><br>Magistrate Judge David E. Weisman |

## <u>AGREED CONFIDENTIALITY ORDER</u>

The parties[1] to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     <u>Scope</u>.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Agreed Confidentiality Order, as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure ("FRCP") on matters of procedure and calculation of time periods.

2.     <u>Confidential Information</u>.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party, that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) research, technical, or commercial information that the party has maintained as confidential; (c) personally identifying information; (d) personal or financial information that the party has

---

[1] For purposes of this Order, "parties" shall mean the named parties in the above-referenced litigation.  In addition, any non-party that produces discovery pursuant to a subpoena or other process issued in this litigation shall have the rights and protections set forth in this Order.

maintained as confidential; or (e) other information the producing party reasonably believes is subject to protection. These categories are expressly provided for illustrative purposes only, and are not intended to be and should not be construed as exhaustive of the types of information that may be appropriately designated as "Confidential Information." The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

3.     Highly Confidential Information. As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by the producing party that is of a highly sensitive nature the disclosure of which could result in significant harm, including but not limited to competitive harm, to the business or operations of that party or non-party or to an individual. By way of example only, Highly Confidential Information may include but is not limited to: (a) documents or information relating to or reflecting nonpublic business or market strategies and research and development activities; (b) documents or information relating to or reflecting other trade secrets or nonpublic proprietary business information that bestows a competitive advantage on the producing party; (c) documents or information relating to or reflecting revenue, profit, costs or pricing; (d) documents or information reflecting customer details that could be used to subject the party to a competitive disadvantage; (e) copyrighted software and information reflecting computer or programming code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; or (f) other information the disclosure of which would, in the good faith judgment of the designating party, create a risk of serious harm. The parties will make

reasonable efforts to ensure that information or documents that are available to the public are not designated as Highly Confidential Information.

4.    <u>Designation</u>.

(a)    A party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document.

(b)    To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the document is not feasible, the producing party may designate the document as confidential by inserting a slip sheet, by affixing a label to the production media containing the document, by including the designation in the file title, or, if necessary, by including such designation in a cover letter.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain either Confidential Information or Highly Confidential Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not

contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

(c)     Upward Designation of Information or Items Produced by Other Parties or Non-Parties.  Subject to the definitions set forth in Paragraphs 2 and 3, a party may upward designate (*i.e.*, change a document produced without a designation to a designation of Confidential Information or Highly Confidential Information or designate a document produced as Confidential Information to a designation of Highly Confidential Information) any document produced by another party or non-party, provided that said document contains the upward designating party's own information it believes is Confidential Information or Highly Confidential Information. Upward designation shall be accomplished by providing written notice to all parties identifying (by Bates number or other individually identifiable information) the document to be re-designated upwardly.  Any party may object to the upward designation of any document pursuant to the procedures set forth in Paragraph 11 regarding challenging designations.

5.     Depositions.

(a)     A party or non-party may designate some or all of a witness's deposition testimony as Confidential or Highly Confidential Information for protection under this Order by orally designating the relevant testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken. Inadvertent failure to do so does not operate as a waiver.  The designating party must provide the specific page and line designations over which the party or non-party claims confidentiality within thirty (30) days after delivery of the final transcript by the court reporter to the designating party or non-party.  Deposition testimony shall be treated as "CONFIDENTIAL" or "HIGHLY

4

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as orally designated, prior to the deadline. Thereafter, only those portions identified in the Notice of Designation shall remain protected under the terms of this Order.

(b)    In the event information designated as Confidential or Highly Confidential Information is to be shown to a witness at deposition, hearing, trial or otherwise, the witness shall be provided with a copy of this Order at the start of the examination, and the witness must comply with the terms of this Order. Except as provided herein, if the witness has refused to execute Attachment A as required by this Order, the party taking the deposition will read the text of Attachment A on the record, which shall serve as a substitute for the execution of Attachment A and shall permit examination of the witness on documents or other materials containing Confidential Information or Highly Confidential Information.

6.    Protection of Confidential Information or Highly Confidential Information.

(a)    General Protections.  Except as set forth below, Confidential Information or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Paragraph 6(b) for any purpose whatsoever other than prosecuting, defending, or settling this litigation, including any appeal thereof. Confidential Information or Highly Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class except under circumstances permitting such disclosure set forth in Paragraphs 6(b) and 7.

(b)    Limited Disclosures of Confidential Information.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs 6(b)(1)-(12).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.  Outside or in-house counsel for the parties and employees or support staff of such counsel (including but not limited to attorneys, paralegals, information technology, litigation support, secretaries, law clerks, and investigators) who have responsibility for the preparation and trial of the action;

(2)     Parties.  Individual parties and employees of the parties, but only to the extent counsel determines in good faith that disclosure is reasonably necessary to the conduct of the litigation and the person has been advised of their obligations hereunder;

(3)     Court.  The Court and its personnel;

(4)     Court Reporters and Video Recorders.  Court reporters and video recorders engaged for depositions, but only after such persons have completed the certification contained in Attachment A;

(5)     Contractors.  Those persons specifically engaged for the purpose of providing litigation support, including computerized or electronic discovery support, providing photocopies, organizing or processing documents, including outside vendors hired to collect, process, or host electronically stored documents, but only after such persons have completed the certification contained in Attachment A;

(6)     Consultants and Experts.  Consultants, investigators, or experts or support staff of such consultants, investigators, or experts retained by the parties or Counsel for the parties to assist in the preparation and trial of this action, but only after such consultants, investigators, experts, or support staff have completed the certification contained in Attachment A.  This definition includes professional jury or trial consultants retained in connection with this litigation;

(7)    <u>Witnesses at Trial</u>.  Any witness at trial during the pendency of that trial, to whom counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings and who has completed the certification contained in Attachment A;

(8)    <u>Witnesses at Depositions</u>.  During their depositions, witnesses in this action (and their counsel) if the witness has completed the certification contained in Attachment A, and to whom disclosure is limited to documents that (1) were produced by the witness's employer and created during the period of the witness's employment, (2) show on their face that the witness[2] authored or received them, (3) memorialize that the witness was privy to the document's contents (*e.g.*, a document refers to a meeting attended by the witness), or (4) are reasonably necessary to be shown to the witness according to the good faith judgment of counsel.  Neither witnesses nor their counsel shall retain a copy of any exhibit designated as Confidential Information, except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the deposition transcript.  After the conclusion of the litigation such witnesses and their counsel shall destroy those copies;

(9)    <u>Author or Recipient</u>.  Persons whom the Confidential material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of a document (not including a person who received the document in the course of this action) may be shown only those documents that he or she authored or received; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face may be shown that

---

[2]    For purposes of this paragraph, a witness designated to testify on behalf of an organization taken pursuant to FRCP 30(b)(6) may be deemed to have "author[ed]" or "received" a document designated by that organization as Confidential so long as at least one employee of the organization authored or received the document.

portion of the document referring to them and such other portions as necessary to provide context for the reference to that person;

(10)   <u>Special Masters</u>.  Special masters and their direct staff;

(11)   <u>Mediators</u>.  Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

(12)   <u>Others by Consent</u>.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)   <u>Disclosures of Highly Confidential Information</u>.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any person or entity except as set forth in subparagraphs 6(c)(1)-(10).  Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information:

(1)   <u>Outside Counsel</u>.  Outside counsel for the parties who have appeared in this action and employees or support staff of such counsel (including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators), provided that such individuals do not regularly participate in the commercial business activities of the receiving party;

(2)   <u>Court</u>.  The Court and its personnel;

(3)   <u>Court Reporters and Video Recorders</u>.  Court reporters and video recorders engaged for depositions, but only after such persons have completed the certification contained in Attachment A;

(4)   <u>Contractors</u>. Those persons specifically engaged for the purpose of providing litigation support, including computerized or electronic discovery support, providing photocopies, organizing or processing documents, including outside vendors hired to collect, process, or host

electronically stored documents, but only after such persons have completed the certification contained in Attachment A;

(5)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or Counsel for the parties to assist in the preparation and trial of this action or support staff of such consultants, investigators, or experts, so long as any such consultants, investigator, experts or support staff are not employees or regular contractors of the parties or any affiliated entity, but only after such consultants, investigators, experts, or support staff have completed the certification contained in Attachment A. This definition includes professional jury or trial consultants retained in connection with this litigation;

(6)     Witnesses at Depositions.  During their depositions, witnesses in this action to whom disclosure is limited to documents that (1) were produced by the witness's employer and created during the period of their employment, (2) show on their face that the witness[3] authored or received them, or (3) memorialize that the witness was privy to the document's contents (*e.g.*, a document refers to a meeting attended by the witness).  Neither witnesses nor their counsel shall retain a copy of any exhibit designated as Highly Confidential Information, except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the deposition transcript.  After the conclusion of the litigation witnesses and their counsel shall destroy those copies;

(7)     Author or Recipient.  Persons whom the Highly Confidential material itself indicates, or the receiving party otherwise has a good-faith basis to believe, were the author, creator, producer, addressee, source, or recipient of a document (not including a person who

---

[3]     For purposes of this paragraph, a witness designated to testify on behalf of an organization taken pursuant to FRCP 30(b)(6) may be deemed to have "author[ed]" or "received" a document designated by that organization as Highly Confidential Information so long as at least one employee of the organization authored or received the document.

received the document in the course of this action) may be shown only those documents that he or she authored or received; and any person whose statements, communications or actions are expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face may be shown that portion of the document referring to them and such other portions as necessary to provide context for the reference to that person;

(8)     Special Masters.  Special masters and their direct staff;

(9)     Mediators.  Mediators and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all parties; and

(10)     Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(d)     To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (*e.g.*, PDF) shall be treated as original signatures purposes of this Order.

(e)     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information.

(f)     Acknowledgment of Understanding and Agreement To Be Bound (Attachment A). To the extent that this Order requires any persons to acknowledge their obligations under this Order, that acknowledgment shall be accomplished by the execution of the Acknowledgment of Understanding and Agreement To Be Bound (Attachment A).  The counsel for the party that obtains such signed agreements shall maintain the originals of those forms for a period of one year after the termination of the case, including any appeal(s) thereof.

7. <u>Failure To Designate</u>. A failure to designate a document or testimony as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document or testimony. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

8. <u>Inadvertent Disclosure of Attorney-Client Privileged or Work-Product Protected Documents and Clawback Procedures</u>. Pursuant to Federal Rule of Evidence 502(d) and (e), if, in connection with the action, information subject to a claim of attorney-client privilege, attorney work-product protection, or other evidentiary privilege or protection ("Protected Documents") is inadvertently disclosed, the disclosure does not constitute a waiver or forfeiture of such privilege or protection with respect to the privileged information or its subject matter, in this litigation or in any other federal or state proceeding. Instead, the producing party shall be entitled to assert such privilege or protection, except as further discussed below, and the information and its subject matter shall be treated as if there has been no such disclosure.

(a) Upon discovering the disclosure of information that the producing party believes in good faith to be covered by attorney-client privilege, work-product protection, or other evidentiary privilege or protection, the producing party shall promptly provide written notification to the receiving party identifying the documents or portions thereof that

contain privileged or protected information, in accordance with the requirements of FRCP 26(b)(5)(A).

(b)     Upon written notice of the production of a Protected Document by the producing party or oral notice if such notice is delivered on the record at a deposition, the receiving party must within seven (7) days, return, sequester, or destroy the specified document and any electronic or hard copies the receiving party has, and may not further use or disclose the Protected Document until the claim that it is a Protected Document has been resolved.  The receiving party may retain and sequester a copy of the document asserted to be privileged or protected for the purpose of resolving a dispute with the producing party as to whether the document is privileged or protected from disclosure, and the receiving party need not remove from the record any document that has been previously introduced until such dispute is resolved.  If the receiving party agrees that the document is privileged, it will promptly confirm in writing to the producing party that it has either returned or destroyed all versions of the document and will make no use of the information. Promptly following notification by the receiving party, the producing party shall provide the receiving party with a replacement production in the same format as the original production, with the protected information appropriately withheld or redacted.  If the receiving party disputes that material noticed pursuant to this paragraph is privileged or protected from disclosure, then the retention and sequester of such material shall be governed by Paragraph 8(f).

(c)     Where a producing party seeks to invoke its rights to claw back a document under Federal Rule of Evidence 502(d) and this Order with respect to a document that has been submitted to the Court as an exhibit or used as an exhibit in a deposition, the producing

party must do so within fourteen (14) days of the document being so filed or used. To the extent that the information contained in a document submitted to the Court as an exhibit or used as an exhibit in a deposition is subject to a claim that it contains privileged or protected information, then the receiving party will not further use such document(s) until the claim has been resolved. However, while the receiving party need not remove from the record any document that has been previously introduced until such dispute is resolved, the producing party may notify the Court and/or court reporting service that a dispute under this paragraph is pending and ask that the document(s) be sequestered and made not accessible to the public or parties until the dispute is resolved. To the extent a producing party does not seek to invoke its rights under Federal Rule of Evidence 502(d) and this Order to claw back a document that has been submitted to the Court as an exhibit or used as an exhibit in a deposition within fourteen (14) days of the document being so filed or used, the parties agree that Federal Rule of Evidence 502(d) will not apply to such filed or used document. However a party may seek to invoke its rights under Federal Rule of Evidence 502(b) to claw back such filed or used document.

(d)     If the receiving party has disclosed the specified document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(e)     The producing party shall provide an updated privilege log as called for in Section VIII of the Stipulation and Order Establishing the Protocol for the Production of Documents and Electronically Stored Information, as well as any portion of the document that does not contain privileged or protected information.

(f)     The receiving party may challenge the assertion of any privilege discussed in this paragraph. Any challenge that cannot be resolved by the parties will be filed with

13

the court presiding over this litigation in the Northern District of Illinois and subject to the law in that District. It shall be the receiving party's responsibility to initiate Court proceedings, if any. The receiving party may not, however, publicly assert as a ground for such motion the fact or circumstances of the production or reveal the substance of the protected contents of the materials (including in contesting the assertion of protection or privilege). Any motion contesting the privilege or work-product claim shall be submitted to the Court in camera for review or, if the Court directs, filed under seal. Pending resolution of such a challenge, the receiving party must continue to sequester the information contained in any notes and, in the event the Court concludes that the information is protected from disclosure, delete the information from any notes or any portions thereof that reveal the substance of the privileged or protected information. The producing party must preserve the information pending resolution of the challenge and, in the event the Court concludes that the information is not protected from disclosure, promptly provide the receiving party with a replacement production.

(g)     The producing party may challenge the receiving party's use of any Protected Document. Any challenge that cannot be resolved by the parties will be filed with the court presiding over this litigation in the Northern District of Illinois and will be subject to the laws of that District. In all instances in which the producing party asserts a privilege or protection, the producing party must preserve a copy of the document asserted to be privileged or protected until the claim of privilege is resolved.

(h)     The obligation of the receiving party to return or to destroy materials under this Order does not apply to multi-case disaster recovery databases maintained by the receiving party. If these disaster recovery databases are accessed or restored, however,

then any Protected Documents on those databases relating to this action shall be destroyed if destruction is required elsewhere in this Order.

(i)     If a party independently discovers that it has received documents or information that reasonably appear to be privileged, the party shall timely notify the other party, and in any event, no later than ten (10) days after such discovery.

(j)     Except as otherwise set forth in Paragraph 8(c), where a document has been submitted to the Court as an exhibit or used as an exhibit in a deposition and no party has sought to claw back such document within fourteen (14) days of the document being so filed or used, this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and (e), and Federal Rule of Evidence 502(b) shall not otherwise apply.  Nothing contained herein is intended to or shall limit a party's right to conduct a pre-production review of hard-copy documents, electronically stored information ("ESI") or any other information (including metadata) for relevance, responsiveness, privilege and/or protection, and nothing herein is intended to curtail a party's right to challenge any documents, ESI or any other information withheld based on a claim of relevance, responsiveness, privilege and/or protection.

(k)     Nothing in Paragraph 8 shall limit the right of any party to petition the Court for an in camera review of inadvertently disclosed Protected Documents.

9.     Filing of Confidential Information or Highly Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2 of the District Court for the Northern District of Illinois.

10.     No Greater Protection of Specific Documents.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection or the parties otherwise agree.

11.     Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.  The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party.  A party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed. The following procedure shall apply to any such challenge.

(a)     Meet and Confer.  A party challenging the designation of Confidential Information or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must identify in writing by Bates number or privilege log identifying number the material challenged and explain the basis for its belief that the designation was not proper.  The designating party or nonparty must respond to the challenge within ten (10) business days.  If agreement is reached confirming, changing or waiving the designation as to any material subject to the objection, the designating party or nonparty shall serve on all parties a notice specifying the document and the nature of the agreement.  If the designation is changed or waived, the designating party or nonparty shall also produce copies of all materials with the amended, agreed-upon designation at the expense of the designating party or nonparty.

(b)     Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the

designating party or nonparty.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

12.     <u>Challenges to Privilege Claims</u>.  Following its receipt of a privilege/redaction log produced in this action, a party may identify, in writing (by Bates/unique identifying number), the particular documents that it believes require further explanation.  The producing party shall endeavor to respond to such a request within ten (10) business days.  If a party challenges a request for further information, the parties shall meet and confer to try to reach a mutually agreeable solution.  If they cannot agree, the matter may be brought to the Court.

13.     <u>Action by the Court</u>.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14.     <u>Use of Confidential Information or Highly Confidential Information at Motion Hearings</u>.  Except as expressly set forth herein, nothing in this Order shall be construed to affect the use of Confidential Information or Highly Confidential Information in connection with any presentation of evidence and argument at hearings or trial.  The parties will confer with each other and, as necessary, any affected non-party reasonably in advance of a hearing where Confidential Information or Highly Confidential Information will be discussed so that a designating party may request procedures it deems necessary to protect against the disclosure of proprietary or competitively sensitive information, including whether, or to what extent, the Court should restrict public attendance at the hearing.  The Court may make such orders as are necessary to govern the use of Confidential Information or Highly Confidential Information at a hearing.

15.     Use of Confidential Information or Highly Confidential Information at Trial.  The use of Confidential Information or Highly Confidential Information at any trial in this matter will be addressed by a separate stipulation or pretrial order of the Court.

16.     Third Parties.  In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request.  Third parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

17.     Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation:

(a)     If a receiving party is served with a discovery request, subpoena, civil investigative demand, grand jury subpoena, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order, and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued.  If the designating party or nonparty timely seeks a protective order, the receiving party served with the request shall not produce any information designated in this

action as "Confidential Information" or "Highly Confidential Information" before a determination by the court from which the request issued, unless the receiving party has obtained the designating party's permission. The receiving party shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party or nonparty whose designated material may be affected. The designating party or nonparty shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Highly Confidential Information produced by another party or nonparty to this case.

18.     <u>Challenges by Members of the Public to Sealing Orders</u>.  A member of the public may have a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

19.     <u>Unauthorized Disclosure or Use</u>.  If a party learns that it or its counsel, officers, directors, employees, consultants, experts or other agents have disclosed documents designated as Confidential Information or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the

certification contained in Attachment A.  Nothing contained herein shall limit the right of the designating party to seek relief against the party responsible for such disclosure.

20.    Obligations on Conclusion of Litigation.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Highly Confidential Information marked either as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order, including copies as defined in Paragraph 4(b), shall be returned to the producing party or destroyed to the extent practicable unless it has been offered into evidence or filed without restriction as to disclosure.  Within sixty-five (65) days after the final termination of this action, including any appeals, counsel for the receiving party shall certify in writing to the producing party that all such Confidential Information and Highly Confidential Information has been destroyed.

(c)    Retention of Work Product and Filed Documents. Notwithstanding the above requirements to return or destroy documents, outside or in-house counsel for the parties may retain archival copies of all pleadings, motion papers, transcripts, drafts or final expert reports, legal memoranda, correspondence, and all attorney work product, even if such materials contain Confidential Information or Highly Confidential Information.  Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order and subject to the restrictions on third-party disclosures set forth in Paragraph 6.  An attorney may use his or her work product in subsequent litigation,

provided that its use does not disclose Confidential Information or Highly Confidential Information.  Nothing in this Order shall be construed to require the destruction or return of Confidential Information or Highly Confidential Information stored in counsels' archives, back-up media, or disaster recovery media.

(d)  Deletion of Documents Filed Under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

21.  Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

22.  No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

23.  Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

24.  Future Parties.  The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

25.    <u>Computing Time</u>.  For deadlines and time periods that are stated in this Order as a number of "days," time shall be computed in accordance with FRCP 6(a)(1).  For deadlines and time periods that are stated in this Order as a number of "business days," time shall be computed in accordance with FRCP 6(a)(1) except that Saturdays, Sundays, and legal holidays shall not be counted.

SO ORDERED.

Dated: 11/16/2023

Edmond E. Chang
U.S. District Court Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION RELATED CASES | No. 1:20-CV-02114 |
| *This document relates to:*<br><br>ALL ACTIONS | Judge Edmond E. Chang<br><br>Magistrate Judge David E. Weisman |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/they has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her/them to use materials designated as Confidential Information or Highly Confidential Information, in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

_____

_____

Dated: _____                     _____
                                                Signature