IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION RELATED CASES | Case No. 1:20-CV-02114 |
| *This document relates to:* <br><br> ALL ACTIONS | Hon. Edmond E. Chang <br> Magistrate Judge M. David Weisman |

**THE CREDIT BUREAUS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY AS TO THE CREDIT BUREAUS PENDING THE CREDIT BUREAUS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINTS**

As this Court's November 16 Order suggests, the Bureaus are appropriately regarded as third parties to this litigation between Plaintiffs and FICO. *See* Nov. 16, 2023 Order, Dkt. 198 ("the Credit Bureaus may be treated as a non-party . . . like any other non-party for discovery purposes, starting right now"). While the Bureaus strongly believe that Plaintiffs have not come close to curing the defects leading this Court to dismiss their original complaints, and thus the Bureaus are, and should remain, third parties to the claims against FICO, they respectfully submit that the best course is to defer all discovery of the Bureaus pending resolution of the Bureaus' impending motion to dismiss—which will be filed the day after this reply.

If the Court is not inclined to do so, then the Court should limit discovery of the Bureaus to third-party discovery, with the associated limitations on burden, and stay party discovery until the Court determines whether Plaintiffs have cured the defects in their claims. *See* Sept. 28, 2023 Order at 22, Dkt. 173 (warning Plaintiffs to "realistically assess whether they can fill the gap in an amended pleading, bearing in mind that the Plaintiffs already gave it a fulsome shot in the current 300-plus-paragraph Complaints"). Put frankly, Plaintiffs should not be permitted to take *party*

discovery simply because they filed lightly-amended versions of complaints already rejected as deficient under Rule 12(b)(6). Indeed, Plaintiffs' demand for such party discovery contradicts Plaintiffs' own proposal to treat the Bureaus as third parties for discovery purposes.

The Bureaus' motion to stay discovery should therefore be granted—whether (a) in full by staying all discovery of the Bureaus pending resolution of their forthcoming motion to dismiss or (b) in part by staying all party discovery of the Bureaus pending such resolution.

## ARGUMENT

**I.       The Court Correctly Concluded that the Bureaus Should Be Treated as Third Parties Unless and Until Plaintiffs State a Viable Claim Against Them**

The Court's November 16 Order allowing third-party discovery of the dismissed Bureaus correctly treats the Bureaus as third parties to this dispute between Plaintiffs and FICO, and thus allows the same discovery of the third-party Bureaus that the parties would be allowed to take of any other third parties. While Plaintiffs failed to heed the Court's warning not to file an amended complaint naming the Bureaus absent a viable factual basis to do so, *see* Dkt. 173 at 22, the mere fact of filing amended complaints should not entitle Plaintiffs to a period of party discovery against the Bureaus while motions to dismiss those complaints are pending.

Plaintiffs cite *Kindstrom v. Lake County*, No. 3:22-cv-50041 (N.D. Ill.), for the proposition that "courts have denied motions to stay discovery after granting motions to dismiss with leave to amend." Opp'n at 7-8 (Dkt. 200). But *Kindstrom* holds no such thing. The *Kindstrom* Court never ruled on a motion to dismiss; at most, a petition to proceed *in forma pauperis* was denied without prejudice. *See Kindstrom*, No. 3:22-cv-50041 (N.D. Ill. Mar. 2, 2022) Dkt. 10. Nor did the Court there ever rule on a motion to stay discovery; rather, the Court administratively struck a series of motions to stay as moot in light of amended pleadings, with the apparent expectation that those motions would then be refiled after the amended pleading was refiled (as has, in fact,

2

repeatedly occurred in that matter). *Kindstrom*, No. 3:22-cv-50041 (N.D. Ill. Mar. 6, 2023) Dkt. 120 ("In light of the anticipated third amended complaint, the pending motions to stay discovery 102 103 are stricken without prejudice."). Plaintiffs have cited nothing that would support taking party discovery after a motion to dismiss is granted—nor have the Bureaus located such authority.

Allowing party discovery would be particularly inappropriate given that the Bureaus will file a motion to dismiss the amended complaints tomorrow. That motion will show that the minor and cosmetic changes Plaintiffs made to their complaints are futile, introduce no new substantive factual allegations, and do not address the many defects this Court correctly identified in the original complaints. *See* Dkt. 187 at 6. As the Bureaus explained in their motion to stay, while allowing Plaintiffs to seek discovery of the Bureaus as parties while the motion to dismiss is pending would subject the Bureaus to undue burden and expense, Plaintiffs will suffer no prejudice from a short delay in discovery. *See id*. at 4-6.

Plaintiffs assert (at 9) that the Court cannot consider the Bureaus' forthcoming motion to dismiss. But, many courts have considered the possibility that claims will be dismissed in managing discovery. *See, e.g.*, *Turner v. City of Chicago Bd. of Educ.*, 2018 WL 11473307, at *2 (N.D. Ill. Nov. 27, 2018) (finding "judicial economy is served by postponing discovery until the District Court rules on the pending motion" where the defendant asserted "the same deficiency the District Court found in Plaintiffs' First Amended Complaint"); *Sanders v. City of Indianapolis*, 2010 WL 1410587, at *1 (S.D. Ind. Apr. 2, 2010) (finding "that a stay of discovery is appropriate" where there was "a high likelihood (though not a certainty)" that the "claims will ultimately be dismissed," and so "Defendants will have needlessly been put to the expense of discovery"); *CMG Worldwide Inc. v. Adidas Am., Inc.*, 2018 WL 7140117, at *3 (S.D. Ind. Sept. 26, 2018) ("the court weighs the potential benefits of a stay with the likelihood that awaiting a ruling on the motion to

3

dismiss will indeed cause those benefits to be realized"). The Court should consider its own prior order dismissing the original complaints, and the absence of material changes in the amended complaints, in deciding how to efficiently manage discovery in this case.

Plaintiffs argue (at 8) that because the "Bureaus will be subject to discovery one way or the other, whether as parties or third parties," subjecting the Bureaus to party discovery while their motion to dismiss is pending would not impose any additional burden on the Bureaus. Plaintiffs are wrong. Plaintiffs ignore the material differences between party and third-party discovery. While the Federal Rules of Civil Procedure do not distinguish between the appropriate subject matter of party and third-party discovery, those rules—and federal courts in this district and nationwide—sharply distinguish between the burden that it is appropriate to impose on parties and third parties. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a [Rule 45] subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."); *see also, e.g.*, *Wong v. Bd. of Educ. of Cmty. Consol.*, 2013 WL 6571326, at *4 (N.D. Ill. Sept. 30, 2013) ("[I]n the context of third-party discovery, [courts] need to consider the unwanted burden thrust upon third parties."); *Am.'s Health & Res. Ctr., Ltd. v. Alcon Labs., Inc.*, 2018 WL 11260472, at *3 (N.D. Ill. Nov. 19, 2018) ("[T]he court has an independent obligation to protect third-party subpoena respondents from undue burden and expense when responding to discovery subpoenas.").

Whether the Bureaus are parties or third parties will have a substantial impact on the burdens that Plaintiffs can seek to impose on them consistent with the rules. For example, Plaintiffs claim (at 5) that they intend to take third-party discovery of the Bureaus **before** taking party discovery of FICO. But that approach is backwards for third-party discovery—because under Rule 45, Plaintiffs "ought to . . . pursue[] discovery from the [party] . . . before targeting

4

a non-party." *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 591 (N.D. Ill. 2020); *see also Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020) ("Parties and non-parties are not on the same footing during discovery. Before seeking discovery from a non-party[,] . . . a litigant must first attempt to obtain the discovery from another party in the lawsuit. . . . If the litigant fails to obtain the information from the other party, the litigant must provide a reasonable explanation for why it was unable to do so."). Until Plaintiffs first attempt to obtain discovery from FICO, Plaintiffs can only speculate as to whether the information they need is available from FICO or only in possession of the Bureaus—and because the Bureaus are third parties, Plaintiffs must first start with FICO, a party.[1]

And while Plaintiffs assert (at 8) that the scope of third-party discovery is the same as the scope of party discovery, this assertion only undermines Plaintiffs' claim (at 5) that treating the Bureaus as third parties will deny Plaintiffs access to necessary discovery. The November 16 Order's third-party approach simply prohibits Plaintiffs from imposing burdens on the Bureaus beyond those allowed by Rule 45. To the extent that certain discovery is too burdensome to demand from third parties under that standard, Plaintiffs put forward no reason why the Court should allow Plaintiffs to nonetheless demand it from the Bureaus here.

---

[1] While FICO asserts that the Bureaus are in exclusive possession of unspecified "transactional data," FICO fails to explain why the "transactional data" in its own files and those of the Plaintiffs will be insufficient to perform the specific "economic analyses" FICO contemplates, much less why those specific economic analyses are necessary. Dkt. 201 at 1, 3. FICO also asserts that discovery of the Credit Bureaus is necessary to understand "adoption among end users" of VantageScore, without acknowledging that VantageScore, LLC publishes annual data on adoption on its public website. *Id*. at 3; *see* Oliver Wyman, *2022 VantageScore® Market Study Report* at 2 (2022), *at* 2022-VS-Market-Adoption-Study-Public-Report.pdf ("VantageScore credit score use increased to 14.5BN scores or by 18% compared to the 2019 study[.]"). To the extent FICO intends to seek third-party discovery of the Bureaus, FICO should follow the same process as the Plaintiffs and seek that discovery only after exhausting party discovery and readily accessible public resources.

Plaintiffs' other arguments (at 4-9) boil down to the generalized complaint about delay, which "is not a persuasive reason to deny the motion for stay." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (citation omitted).

Finally, as noted, Plaintiffs are now asking this Court to reject a proposal that *Plaintiffs themselves* originally suggested—though, of course, the Court's compromise approach does not come with the conditions Plaintiffs sought to attach to that proposal. One main problem with Plaintiffs' proposal was that Plaintiffs demanded that, in the unlikely event that Plaintiffs' lightly-amended complaints survive, the Bureaus waive any right to petition this Court for sufficient time to complete party discovery or to object to the burdens associated with taking such discovery in two stages.[2] *See* Opp'n at 3-4. These restrictions on the Bureaus' ability to raise concerns with the Court were and are inappropriate. But Plaintiffs were otherwise perfectly content to take third-party discovery of the Bureaus; that Plaintiffs now object to the very proposal that they themselves suggested illustrates the lack of merit in those objections.

The Court should therefore not permit Plaintiffs to take party discovery from the Bureaus pending resolution of the Bureaus' motion to dismiss the amended complaints.

## II. The Most Efficient Option Is To Stay Discovery as to the Bureaus Until the Motion To Dismiss Is Resolved

In the alternative, the Court should stay all discovery of the Bureaus. Plaintiffs' Opposition fails to address the Bureaus' concern that proceeding with discovery of the Bureaus now introduces the risk that there will be two rounds of discovery of the Bureaus—a first round of discovery of

---

[2] Plaintiffs devote space to arguing that because their first email to FICO's counsel regarding discovery copied the Bureaus, and was addressed to "Counsel" rather than FICO's counsel by name, the Bureaus should have intervened in the process of setting a discovery schedule for a case from which they had been dismissed. *See* Opp'n at 4, 10. Plaintiffs omit to mention that in the joint status report attached to that initial outreach, Plaintiffs included a signature block for FICO *but no signature block for the Bureaus*—thus making clear that the Bureaus were not "parties."

the Bureaus as third parties while the motion to dismiss is pending and a second round of discovery as parties in the event the motion to dismiss is denied. Of course, this concern exists only to the extent that Court denies the Bureaus' forthcoming motion to dismiss; the Bureaus respectfully submit that the Court should instead grant that motion—particularly given that little has changed in the amended complaints, and certainly nothing that would call for the Court to reverse its prior decision. But, if the Court were to allow Plaintiffs to bring the Bureaus back in as parties, then doing so would mean two rounds of discovery for the Bureaus—compounding the burdens on the Bureaus, the parties, and the Court. The Bureaus thus maintain that the most efficient option would be to impose a single round of discovery after the amended complaints have been tested.

## CONCLUSION

For the reasons stated above and in the Bureaus' motion, the Bureaus maintain that the Court should stay all discovery of the Bureaus pending resolution of their forthcoming motion to dismiss Plaintiffs' amended complaints—but if the Court is not inclined to do so, then the Court should stay all party discovery as to the Bureaus, and continue to treat the Bureaus as third parties, pending resolution of the motion to dismiss.[3]

---

[3] The Bureaus take no position on FICO's separate request that this Court stay discovery as to all parties, but note that there is no reason to tie FICO's belated request for such a stay to the Bureaus' properly-noticed motion.

Dated: November 30, 2023

*/s/ Leslie V. Pope*
Leslie V. Pope (admitted *pro hac vice*)
John Thorne, #6181458
**KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
lpope@kellogghansen.com
jthorne@kellogghansen.com

J. David Duffy, #6242374
Audrey Mense, #6302524
**THOMPSON COBURN LLP**
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
dduffy@thompsoncoburn.com
amense@thompsoncoburn.com

*Attorneys for TransUnion LLC*

*/s/ James F. Herbison*
James F. Herbison
Michael P. Mayer
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
jherbison@winston.com
mmayer@winston.com

*Counsel for Equifax, Inc.*

Respectfully submitted,

*/s/ Carolyn P. Gurland*
Carolyn Pelling Gurland, #6274399
**WHITE & CASE LLP**
111 South Wacker Drive
Suite 5100
Chicago, IL 60606
Tel: (312) 881-5400
carolyn.gurland@whitecase.com

Robert A. Milne (admitted *pro hac vice*)
Martin M. Toto (admitted *pro hac vice*)
Jack E. Pace III (admitted *pro hac vice*)
Bryan D. Gant (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
Tel: (212) 819 8200
rmilne@whitecase.com
mtoto@whitecase.com
jpace@whitecase.com
bgant@whitecase.com

*Counsel for Defendant Experian Information Solutions, Inc.*