# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Sky Federal Credit Union, et al.

                                    Plaintiff,

v.                                              Case No.: 1:20–cv–02114
                                                Honorable Edmond E. Chang

Fair Isaac Corporation, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, December 5, 2023:

MINUTE entry before the Honorable Edmond E. Chang: ) (1.) On review of the Credit Bureaus' discovery–stay motion [187], and the responses and replies, R. 200, 201, 212, the right balance is to move forward with discovery as to the Credit Bureaus as if they were non–party discovery respondents. Too many facts must be uncovered as to FICO to simply block all discovery to be obtained from the Credit Bureaus, but at the same time there should be some recognition of the prior dismissal. This does mean that although the Credit Bureaus are alleviated of the burdens of being treated as parties for purposes of discovery right now, they also get none of the benefits or protections of parties. The stay motion is thus granted in part. (2.) On review of the status report, R. 218, the Plaintiffs' responses to the dismissal motions are now due on 01/16/2024; the defense replies are now due on 02/12/2024. FICO's motion [223] to seal certain exhibits (not the brief) is granted provisionally. The Court will again review the propriety of sealing when evaluating the underlying motion. (3.) The unopposed extension motion [189] to file motions to strike FICO's affirmative defenses is granted to 12/13/2023, for both the Direct Purchasers and the Indirect Purchasers. The Court points out that there is a split in authority over whether defenses and affirmative defenses are held to the same pleading standard as claims, particularly in light of the textual differences between, on the one hand, Rule 8(a) (requiring a statement of the claim "showing... entitle[ment] to re–lief"), and on the other hand Rules 8(b) ("state in short and plain terms its defenses to each claim") and 8(c) ("affirmatively statequot; affirmative defenses). This Court's view is that the plausibility–pleading standard does not apply to defenses and affirmative defenses. RBG Plastic, LLC v. Webstaurant Store, 2020 WL 7027601, at *4 (N.D. Ill. Nov. 30, 2020). Also, in most cases, parties refrain from moving (or limit the motions) to strike affirmative defenses because, in most cases, the affirmative defenses do not make any appearance in the case and no dispute arises from them. To be sure, there might be occasions where it is appropriate to make the motion because doing so will concretely prevent unwarranted discovery or otherwise expedite the case. But in most cases the motion hinders rather than helps. (4.) Peter Barile III's motion to withdraw as counsel for Plaintiff Sky Federal Credit Union [226] is granted. (5.) The tracking status hearing of 12/08/2023 is reset to 03/15/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). The parties (including the Credit Bureaus) shall file a joint status report on 03/07/2024. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.