## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re FICO Antitrust Litigation* | Civil Action No. 20-cv-02114 |
| This Document Relates To: | Hon. Edmond E. Chang |
| *All Actions* | Hon. David E. Weisman |

## STIPULATION AND ORDER
## CONCERNING DEPOSITIONS

Pursuant to the agreement reached between the Plaintiffs and Defendants herein[1] and the Court's Order (ECF No. 180), this Court adopts and enters the following Stipulation and Order Concerning Depositions ("Deposition Protocol Order"), which binds all parties and their counsel of record in the above-captioned case (the "Action"), whether they currently are involved or become so in the future (hereafter, the "Party" or "Parties"). This Deposition Protocol Order governs all fact depositions of Parties and non-parties, Rule 30(b)(6) depositions, and depositions taken pursuant to Rule 45 subpoenas.[2]

---

[1] The Credit Bureaus are proceeding "as if they were non-party discovery respondents" pending a ruling on their motion to dismiss, pursuant to this Court's December 5, 2023 Order (Dkt. 227). The Credit Bureaus maintain that nothing in this protocol should be understood to suggest that the Credit Bureaus have agreed to, or that this Court has allowed, any particular type or extent of discovery of the Credit Bureaus, or that the Credit Bureaus have waived any rights protecting third parties under the Federal Rules of Civil Procedure. The Credit Bureaus reserve the right to seek leave to modify the terms of this protocol, including in the event their status as "non-party discovery respondents" changes. Plaintiffs disagree with the Credit Bureaus' position and purported reservation of rights and reserve the right to argue that the Credit Bureaus should have participated in negotiating this protocol, which they refused to do but for requesting the inclusion of this footnote, and/or that the Credit Bureaus' choice to not participate in the negotiation of this protocol or be signatories to the protocol, despite being afforded an opportunity to do so, constitutes waiver of any later objections to or right to seek modification of this protocol.

[2] Except for Section IV to Section IX, this Order does not apply to the depositions of expert witnesses.

This Deposition Protocol Order may be modified at any time by agreement of the Parties or by order of the Court. All Parties reserve all rights to seek relief from the Court from any provision for good cause.

## I.       NUMBER OF DEPOSITIONS AND PROCEDURES

A.       Plaintiffs may notice and take up to nine (9) depositions for each Defendant, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). Defendants may notice and take up to three (3) depositions of each Plaintiff, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). In addition, each Defendant may be required to produce up to three (3) additional witnesses for depositions that are noticed by co-Defendants, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), beyond those depositions noticed and taken by Plaintiffs. These deposition limits shall include former employees, but not non-party depositions.

B.       Fed. R. Civ. P. 30(b)(6) depositions will be limited to a total of no more than seven (7) hours where a single witness serves as the Rule 30(b)(6) deponent, and no more than ten (10) hours where multiple witnesses serve as the Rule 30(b)(6) deponent; regardless of whether a Party elects to proffer a single Rule 30(b)(6) witness or multiple such witnesses in response to a Rule 30(b)(6) notice of deposition, such a deposition shall count only as a single deposition.

C.       If any individuals have been employed by more than one Party, they may be deposed only once. If, upon the receipt of a deposition notice, a Party becomes aware that a witness currently employed by the receiving Party was previously employed by another Party, and the deposing Party has not expressed knowledge of this fact, the Party receiving the notice shall make this fact known within a reasonable time after learning about the witness' prior employment. In such circumstances, the Parties will confer and agree on how such individual shall be counted for purposes of the limitation on the total number of depositions as set forth in this Order.

D.      In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the Parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness.[3]  The total collective deposition time for said percipient witness will be limited to ten (10) hours.

E.      Absent good cause shown, the maximum number of fact depositions of non-parties shall be ten (10) depositions for each side (Plaintiffs vs Defendants),[4] exclusive of (1) current and former employees of Defendants Experian, Equifax, and TransUnion  (the "Credit Bureaus") to the extent the Credit Bureaus are considered non-parties for purposes of oral discovery, in which case Plaintiffs and FICO each may notice five (5) depositions of each Credit Bureau,[5] and (2) former employees of Defendants or Plaintiffs, which shall count as Party depositions pursuant to Paragraph I.A. above.  Cross-noticed non-party fact depositions by Defendants or Plaintiffs shall be counted against each Party's allotment of non-party fact depositions.

---

[3] The Parties will make a good faith effort to notice Rule 30(b)(6) depositions at the outset of all depositions to allow Parties to coordinate the timing of the depositions of a corporate representative designated under Rule 30(b)(6) and the deposition of that individual as a percipient witness.  Subject to the limitations and requirements set forth in this Deposition Protocol Order, the failure to notice a deposition pursuant to Rule 30(b)(6) at the outset of depositions does not preclude a Party from later noticing a Rule 30(b)(6) deposition, should they consider it relevant to the claims or defenses, and the receiving Party reserves all rights with regard to any later noticed Rule 30(b)(6) deposition.

[4] For purposes of this Order, all Plaintiffs are considered on one side opposing to all Defendants, and vice versa.  Defendants are not considered opposed to one another.

[5] The Credit Bureaus are currently treated as non-parties for discovery purposes. *See* Dkt. 227.  Should the Credit Bureaus' status change such that they are considered "Parties" for purposes of this Order, FICO reserves the right to move for an order allowing it to notice up to ten (10) non-party depositions notwithstanding the limits "per side" set forth in Paragraph I.E.  Plaintiffs reserve the right to oppose such relief and/or move for an order allowing Plaintiffs to take additional non-party depositions in excess of the limits set forth in this Order.

F.      Where a deponent is represented by counsel who does not already represent a Party to this litigation (*e.g.*, a non-party or a present or former employee of a Defendant with separate counsel), then the deposing Party shall provide a copy of this Deposition Protocol Order and the Agreed Confidentiality Order (ECF No. 199) entered in this Action to the deponent's counsel along with the deposition subpoena or notice.

G.      The Parties shall endeavor to complete the document production from the files of a witness who is also a document custodian at least fourteen (14) days in advance of the deposition. In the event that a significant number of documents for any given witness are produced within five (5) days before, or any time after, the date of the deposition, and upon good cause shown, the deposing attorney shall have the right to reopen the deposition for a limited amount of time to examine the witness regarding such documents.

H.      The Party noticing the deposition shall be responsible for engaging a service provider to provide court reporting services and, for depositions where the deposing Party is not physically present in the same room as the deponent ("Remote Depositions"), videoconference and remote deposition services (the "Service Provider"). The costs associated with the use of the Service Provider and its platform shall be the responsibility of the deposing Party.

I.      The deposing Party shall be responsible for procuring a written transcript of the deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition or any real-time transcript functionality.

J.      The deposing Party shall provide a copy of this Deposition Protocol Order and the Agreed Confidentiality Order (ECF No. 199) entered in this Action to the Service Provider at least three (3) business days in advance of the deposition.

K. Nothing in this Deposition Protocol Order shall preclude the Parties from agreeing or seeking relief from the Court to revise these limits upon good cause shown.

## II. ALLOCATION OF DEPOSITION TIME

A. Except for a deposition noticed under Fed. R. Civ. P. 30(b)(6), all depositions will be limited to seven (7) hours of direct examination by the noticing Party, unless the Parties otherwise agree, or the Court issues an order based on a showing of good cause.

B. Any notice of deposition or subpoena served by any Plaintiff shall be deemed as notice on behalf of all Plaintiffs, with each Plaintiff having the opportunity to attend and ask questions at the deposition. Plaintiffs' counsel shall confer before the deposition to allocate examination time among any Plaintiffs' counsel intending to participate and ask questions at the deposition. Counsel for any current or future Plaintiff objecting to the allocation of examination time among Plaintiffs shall be required to seek relief from the Court no later than five (5) business days before the date of the deposition.

C. As to all Plaintiff depositions noticed by both FICO and the Credit Bureaus, absent a specific agreement among all Defendants or Court order, Defendant FICO shall receive three and a half (3.5) hours of examination time, with the remaining three and a half (3.5) hours of examination time to be divided among the Credit Bureau Defendants, who shall confer before the deposition to allocate examination time among themselves. Counsel for any Defendant objecting to the allocation of examination time among Defendants shall be required to seek relief from the Court no later than five (5) business days before the date of the deposition.

D. Counsels' failure to allocate time among themselves or to enforce the allocation of time among themselves during a deposition shall not constitute grounds to extend a deposition.

E.    Absent unforeseen circumstances, the Parties need not cross-notice the depositions of their own current employees or former employees who have consented to the deposition.

F.    Counsel for a witness or for the Party that is the witness' employer will have up to one (1) hour beyond deposing counsel's seven (7) hours (or longer, if by agreement of Counsel or Court order) to examine the witness at the conclusion of direct examination without the need for a cross-notice. If counsel for the witness or the witness' employer conducts an examination, absent extenuating circumstances demonstrating good cause for additional time, deposing counsel shall be entitled to rebuttal examination of the witness for up to the same amount of time as the cross examination.

G.    In the event a Defendant cross-notices the deposition of a Defendant noticed by Plaintiffs, absent a specific agreement among all noticing Parties or Court order, Plaintiffs shall receive six (6) hours of time to examine the witness. The cross-noticing Defendant may have an additional two hours (2) to examine the witness. Examinations by the cross-noticing Defendant will occur immediately following the examination of the noticing Party, and all Parties will make their best effort to complete the deposition in a single day. If completing the deposition in a single day becomes unreasonable due to the hour at which it concludes or another, similar reason, the Parties and witness will make their best effort to conclude the deposition the following day, if feasible. If concluding the deposition on the following day is not feasible, it shall be concluded on another day that is agreed by the witness and the Parties.

H.    In the event a Plaintiff cross-notices the deposition of a Plaintiff noticed by Defendants, absent a specific agreement among all noticing Parties or Court order, Defendants shall receive six (6) hours of time to examine the witness. The cross-noticing Plaintiff may have an additional two hours (2) to examine the witness. Examinations by the cross-noticing Plaintiff

will occur immediately following the examination of the noticing Party, and all Parties will make their best effort to complete the deposition in a single day. If completing the deposition in a single day becomes unreasonable due to the hour at which it concludes or another, similar reason, the Parties and witness will make their best effort conclude the deposition the following day, if feasible. If concluding the deposition on the following day is not feasible, it shall be concluded on another day that is agreed by the witness and the Parties.

I. To the extent Plaintiffs or Defendants cross-notice a non-party for deposition, the Parties shall meet and confer in good faith regarding the division of time among the Parties. Absent a specific agreement among the Parties or Court order, if both sides (Plaintiffs and Defendants) notice and/or cross-notice a non-party deposition, Plaintiffs will have three and a half hours (3.5) to examine the witness and Defendants will have a combined three and a half (3.5) hours to examine the witness (with the understanding that FICO and the Credit Bureaus will divide evenly the time allotted absent a specific agreement among FICO and the Credit Bureaus). If only one side (*i.e.*, Plaintiff or Defendant) notices a non-party deposition, the Party that has served the notice will have up to six (6) hours of direct examination and the opposing side will have up to one (1) hour to examine the witness at the conclusion of the direct examination without the need for a cross-notice. If counsel for the opposing side conducts an examination, absent extenuating circumstances demonstrating good cause for additional time, the noticing Party shall be entitled to rebuttal examination of the witness for up to the same amount of time as the cross examination. Absent a specific agreement of the Parties or Court order, the order of examination shall proceed as follows: the Party that first noticed the deposition, then the remaining Parties that have the same Party role in the litigation (*i.e.*, Plaintiff or Defendant), then the remaining Parties. Parties may

seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition.

J.      The Service Provider shall maintain a total running time for the deposition to measure compliance with the time limitations and the time allocation provisions above. If any technical issues are encountered during depositions that affect the recording or transcription of the testimony, then the Parties will go off the record and such time will not count against the allocated time limits.

## III.    SCHEDULING AND LOCATION OF DEPOSITIONS

A.      Counsel will consult with one another to coordinate, to the extent practicable, all scheduling, noticing, and taking of depositions. Counsel shall not unilaterally take steps to schedule and notice a Party deposition without consulting in advance with counsel for the witness or any Party that is the employer of the witness.

B.      The Parties agree that they will work in good faith to provide no fewer than twenty-one (21) days' notice of a deposition. The noticed Party will respond to the Party issuing notice within seven (7) business days and will counter-propose alternative dates on which the witness and his or her counsel will be available within twenty-one (21) days of the requested date. All Parties agree to make good faith efforts to respond promptly and to meet and confer in good faith consistent with the local rules and their ethical obligations. Disputes that cannot be resolved through the meet and confer process shall be decided by the Court.

C.      A Party may serve a deposition subpoena on a non-party without consulting any opposing Party; however, the serving Party will contemporaneously provide the opposing Parties with the as-served copy of the subpoena. An opposing Party will inform the deposing Party within seven (7) business days of service on the non-party whether the opposing Party intends to cross-

notice the non-party's deposition. Regardless of whether an opposing Party cross-notices the deposition, the Parties shall coordinate with each other and with the witness (or counsel for the witness) on scheduling the deposition. Plaintiffs or Defendants seeking to schedule the deposition of a third-party shall schedule such a deposition only on a date the Plaintiffs or Defendants, respectively, have not already scheduled a deposition. However, the Parties shall meet and confer if double-tracking of depositions becomes necessary to comply with scheduling deadlines. Deposing counsel shall serve a copy of this order along with the subpoena to any third-party.

D.      Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties.

E.      Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling or by other relief obtained from the Court. However, the Parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to unforeseen circumstances, such as illnesses or dependent care needs of attorneys, deponents, or the court reporter.

F.      Upon reasonable notice, a Party may withdraw a deposition notice, and that deposition will not count against the Party for purposes of the number of depositions allotted herein. However, a Party should make best efforts to refrain from noticing a deposition in excess of the limits set forth in this Deposition Protocol Order as determined by the number of other pending deposition notices.

IV.     **IN-PERSON DEPOSITIONS**

A.     Unless otherwise specified, all depositions will occur in-person, except by agreement of the deposing Party and the witness or for good cause shown.  The witness or the witness's counsel may object to the deposition taking place in-person at least fourteen (14) days before the scheduled date of the deposition.  The Parties, the witness, and counsel shall then use their best efforts to resolve any such objection.  If the Parties are unable to resolve the objection, they may present the matter to the Court for resolution.

B.     Nothing in this Deposition Protocol Order shall prevent (1) a deposition from proceeding in-person if deposing counsel, defending counsel, and the witness agree, or (2) defending counsel, the videographer, and court reporter from being physically present in the same room as the deponent regardless of whether a deposition is treated as in-person or remote under this Deposition Protocol Order.

C.     To minimize travel and related costs, counsel for any Party may participate in any in-person depositions by telephone.  Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least three (3) business days before the date of the deposition.  Upon the request, Counsel for the noticing Party shall make arrangements for a conference call line.  Counsel physically attending the deposition shall be the principal examiner of any witness.

D.     **Exhibits for in-Person Depositions**

1.     **Real Time Text Feeds**.  Counsel noticing the deposition shall make arrangements so that a video conference feed of the witness and a real-time text feed are available during every in-person deposition.  The Parties shall bear their own costs in obtaining the real-time transcript functionality.

2.      **Electronic Exhibits**: A Party may utilize electronic exhibits in connection with a deposition so long as the Party arranges for the technology to permit presentment of the electronic exhibit at the deposition to the witness and counsel.  The Parties will provide electronic copies of exhibits introduced during the course of a deposition, either via email, deposition exhibit software, or via a pre-arranged FTP or file-sharing site, to ensure that opposing counsel and attending counsel may participate in the deposition.  Similarly, where an exhibit is used electronically and was not provided in hard copy before the deposition, the Parties will provide electronic copies of such documents by the same means described in the previous sentence. Deposing counsel shall not begin questioning a witness concerning an electronic exhibit until that exhibit has been received by defending counsel and attending counsel.

3.      **Hard Copy Exhibits**: With respect to any hard copy exhibit used in a deposition, "sufficient copies" shall mean a copy for the witness and a copy for defending counsel. In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition, such as stating the Bates number for each exhibit on the record so counsel may view such documents electronically in their document review software.

## V.      REMOTE DEPOSITION PROTOCOL

A.      **Applicability**: Given the efficiency and cost savings associated with remote depositions, the Parties recognize that certain witnesses and certain deposing counsel may choose to or need to proceed with depositions remotely.  Where the witness, the witness's counsel, and/or the deposing attorney are appearing for the deposition remotely, the following remote deposition protocol shall apply.  If the witness's counsel decides to attend a remote deposition in person, then

the deposing counsel shall have the right to attend the deposition in person as well. In all cases, reasonable requests made by the witness to be socially distant from counsel, court reporters, and/or videographers shall be respected.

      B.     **Notice of Remote Deposition**: Any Party may notice a deposition to be taken remotely pursuant to the terms of this protocol by so indicating in the notice of deposition.

      C.     **Notice of Change from in-Person to Remote Deposition**: If a deposition was previously anticipated or agreed to be an in-person deposition, the deposing Party may request the deposition be changed to a remote deposition. Such a request to change the format for the deposition should be provided as soon as reasonably practicable. The Parties will work cooperatively and timely to arrange for the necessary logistics required for the change in format of the deposition.

      D.     **Remote Administration of the Oath**: The Parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Fed. R. Civ. P. 28, the Parties agree to proceed with the administration of such oaths remotely and that the transcripts may be used by or against all Parties in this litigation to the same extent that would otherwise be permissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

      E.     **Video-Conferencing**: Where the witness, witness's counsel, and/or the deposing attorney are appearing for the deposition remotely, then a video conferencing service will be utilized and such video may be recorded for later use in proceedings in this case, including trial. The video-conferencing platform must allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without

attending the deposition in-person. The video conferencing shall be set up in such a way that counsel attending the deposition remotely can see all persons present in the room with the witness, and see the witness's face clearly. Details regarding the video conferencing service will be made available to all Parties at least three (3) business days before the deposition. Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means, including the proper software, hardware, and other relevant equipment. If necessary, deposing counsel may request that the deponent and their counsel participate in a "test run" of the deposition video conferencing software being utilized at the expense of the deposing Party and at a mutually agreeable time in advance of the deposition. Deposing counsel shall bear the cost of ensuring that the deponent has the proper software, hardware, and other relevant equipment to attend a deposition by video conference.

F. **Deposition Recording:** The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The Service Provider shall solely record the witness's video feed during the course of the remote deposition. Either deposing counsel or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner — the costs of which will be borne solely by the Party electing to do so. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another to address the problem, including if necessary rescheduling the deposition. The deposing counsel and defending counsel shall enable both audio and video connection at all times during the remote deposition (except during breaks in questioning). All participants other than the

13

witness, deposing counsel, and defending counsel may turn off their video feed during the remote deposition, except that to the extent there are one or more other individuals present in the room with the deponent, the video feed set up to capture those additional individuals must remain on as well if requested by any Party. The audio connection for all participants other than the witness, deposing counsel, and defending counsel shall be muted except when necessary.

      G.     **Breakout-Room**: During breaks in the deposition, the Parties may use a breakout-room feature, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider prior to the deposition and controlled by the Service Provider during the deposition. Only those individuals listed for a particular breakout room will be permitted into the breakout room, with the exception of the Service Provider's tech personnel, as necessary. If, for whatever reason, a participant in the remote deposition is sent to the opposing Party's breakout room, that participant shall promptly make his or her presence known and take steps to leave that breakout room.

      H.     **Remote Deposition Exhibits**

          1.     **Generally**. Deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness and counsel in a manner that enables the witness and counsel to review the exhibits during the course of the deposition. Deposing counsel shall choose one of the following methods for administering exhibits and inform opposing counsel of that choice at least five (5) days before the deposition : (a) sending via Fed Ex, U.S. Postal Service, or UPS pre-marked exhibits to the deponent in advance of the deposition (with counsel and the court reporter utilizing electronic presentation of those exhibits consistent with this section and defending counsel providing the address where to send hard copy exhibits at least five (5) days before the deposition); (b) emailing pre-marked exhibits

to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition, (c) using a video conferencing platform or other electronic application for presenting deposition exhibits that enables deposing counsel to share exhibits with the deponent, court reporter, defending counsel, and attending counsel, and (d) any other means that the deposing counsel, defending counsel, and attending counsel agree to.  If the remote means utilized does not permit marking of exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.  Any exhibits submitted to counsel or any deponent in advance of a deposition shall not be reviewed prior to the deposition, and the deponent and counsel receiving such exhibits in advance shall upon request confirm their compliance with this provision in writing or on the record during the deposition.

2. **"Last Minute" Exhibits**: The Parties recognize that there may occasionally be last minute deposition exhibits, which are not able to be provided to the witness or defending counsel in advance.  Nothing in this section is intended to prevent, nor in fact prevents, deposing counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously mailed in hard copy.  However, the use of such "last minute" exhibits should be the exception, not the rule.  Questioning about a "last minute exhibit" shall not commence until defending counsel has received a copy of the exhibit electronically via one of the electronic methods specified herein.

## VI. CONDUCT OF DEPOSITIONS

A. Regardless of location or whether the deposition is taken in-person or remotely, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, unless otherwise required by law, including Fed. R. Civ. P. 30(c)(2), except

that the Parties agree that one objection by Plaintiff or Defendant can be relied upon by all Plaintiffs or Defendants respectively.

B.    The Parties agree that under Fed. R. Civ. P. 30(d)(1), objections are to be stated "concisely" and in a "non-argumentative and non-suggestive manner." Although counsel may state the grounds for an objection, an objection to "form" shall preserve every objection to a question that is otherwise available under the Federal Rules of Evidence. Counsel shall avoid making speaking objections or repeating objections already preserved.

C.    While the deponent is on the record, no counsel shall initiate or engage in a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with that deponent. While the deposition is on the record, counsel shall refrain from any communication with the deponent that is not visible and audible to all participants and recorded in the record, including through written communications or non-verbal gestures. Any request for a break must be stated on the record.

D.    During the deposition, except with the written consent of counsel for all Parties, the witness shall not consult any outside sources of information, including but not limited to cell phones, smart phones, computers, the internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn to obtain information in connection with his or her testimony.

## VII.    DEPARTING DOCUMENT CUSTODIANS AND FORMER EMPLOYEES

A.    In response to a request for deposition in Section III above, if the witness is a former employee of any Party and is not currently represented by counsel for that Party, counsel for that Party shall within five (5) business days of the deposition notice provide the date of departure and last known address of the former employee, whether counsel is authorized to accept service of the

subpoena for the witness, and whether counsel will be representing that former employee for the deposition.

B.     In response to a request for deposition in Section III above, if the witness is a departing employee who intends to leave his or her employment before the deposition would occur, the Party shall within five (5) days upon receipt of the deposition notice request that the deponent appear for deposition at a date, place, and time convenient for the Parties and the deponent, consistent with the local rules and this Deposition Protocol Order, without the need for service of a non-party subpoena or other formal judicial process on the deponent, and inform the deposing Party of the deponent's response to such request. If a departing deponent agrees to appear without the need for service of a subpoena or other formal judicial process on the deponent, the procedures for scheduling the deposition of a current employee of a Party shall apply and the deposition will be counted as a Party deposition for proposes of Section I.

## VIII.   CLAIMS OF PRIVILEGE

A.     Regardless of location or whether the deposition is taken in-person or remotely, all depositions shall be conducted in accordance with applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules of the United States District Court for the Northern District of Illinois, applicable standing orders regarding attorney conduct, ethical rules governing conduct of attorneys, and standard practice and rulings of courts in the United States District Court for the Northern District of Illinois. Counsel shall act in good faith to ensure compliance with these rules and all applicable ethical obligations and may seek appropriate relief for violations.

B.     During a deposition, whether taken in-person or remotely, a witness may consult with his or her attorney, to the extent permitted by law. If a question is pending, the witness must

first answer the question before consulting with counsel, except the witness may consult with their attorney on an issue relating to privilege before answering a pending question.

## IX.     TRANSCRIPTS, EXHIBITS, AND CONFIDENTIALITY

A.     The Parties incorporate Paragraph 5 of the Agreed Confidentiality Order (ECF No. 199) by reference as if fully stated herein.

B.     Transcripts of depositions will be delivered from court reporters to counsel for the witness.  Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury.  Absent agreement to the contrary or upon good cause, within thirty (30) days of receiving the final transcript and exhibits from the court reporter, the witness's counsel shall then forward any errata and confidentiality designations to the court reporter, who will promptly notify all counsel of its receipt and any errata.

C.     If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction, and signature under penalty of perjury within thirty (30) days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any errata submitted by the witness.

D.     Any witness who submits errata must do so in accordance with Fed. R. Civ. P. 30(e).

E.     The court reporter will provide the original transcript to the first examining attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

F.     A Party or non-party may designate some or all of the witness's deposition testimony as Confidential or Highly Confidential by orally designating the relevant testimony on the record at the time the testimony is taken.  Moreover, a Party may designate a portion of the

transcript as Confidential or Highly Confidential (a) during the deposition or (b) within the applicable thirty (30) day period, by written notice to all Parties, specifying the page and line numbers of the deposition transcript that are subject to the designation. Deposition testimony shall be treated as Confidential or Highly Confidential, as orally designated, prior to the deadline.

G.      Upon receipt of the errata and confidentiality designations, the court reporter shall reproduce the final transcript to indicate which pages include testimony that has been designated Confidential or Highly Confidential.

## X.      USE OF DEPOSITIONS

A.      The depositions taken by any Party pursuant to this Deposition Protocol Order may be made available and used in any subsequent cases filed that are deemed by the Court to be consolidated with or related to this matter. Nothing in this paragraph prevents a Party from objecting to the use of, or moving to exclude use of, a deposition from any subsequently-related matter.

## XI.      MODIFICATION

A.      This Deposition Protocol Order may be modified by the Court upon its own motion or upon the motion of a Party or non-party for good cause.

**IT IS SO ORDERED.**                                    **BY THE COURT:**

**Date:**  _01/05/2024_____                           _Edmond E. Chang_____
                                                        EDMOND E. CHANG
                                                        U.S. DISTRICT COURT JUDGE

Dated: December 15, 2023

Respectfully Submitted,

/s/ Lauren M. Weinstein
Lauren M. Weinstein
Robert Y. Chen
MOLOLAMKEN LLP
600 New Hampshire Avenue, N.W.,
Suite 500
Washington, DC 20037
Telephone: 202-556-2000
lweinstein@mololamken.com
rchen@mololamken.com

/s/ Carmen Medici
Carmen Medici (*pro hac vice*)
Gary Foster (*pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-798-5319
cmedici@scott-scott.com
gfoster@scott-scott.com

Steven F. Molo
Lauren F. Dayton
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: 312-450-6700
smolo@mololamken.com
ldayton@mololamken.com

Joseph P. Guglielmo (N.D. Ill. 2759819)
Michelle E. Conston (*pro hac vice*)
Anna Hunanyan (*pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
mconston@scott-scott.com
ahunanyan@scott-scott.com

*Liaison Counsel for Direct Purchaser
Plaintiffs and the Proposed Direct
Purchaser Class*

Gary F. Lynch
CARLSON LYNCH LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
glynch@carlsonlynch.com

Patrick McGahan (*pro hac vice*)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
156 S. Main St.
Colchester, CT 06415
Telephone: 860-531-2606
pmcgahan@scott-scott.com

Katrina Carroll
CARLSON LYNCH LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312-750-1265
kcarroll@carlsonlynch.com

*Interim Lead Class Counsel for Direct
Purchaser Plaintiffs and the Proposed Direct
Purchaser Class*

Christopher M. Burke
Walter Noss
Yifan (Kate) Lv
KOREIN TILLERY PC
707 Broadway, Suite 1410
San Diego, CA 92101
Telephone: 619-6225-5620
Facsimile: 314-241-3525
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY, LLC
205 North Michigan Avenue,
Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
rewing@koreintillery.com
rcortazar@koreintillery.com

Jennifer W. Sprengel
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
jsprengel@caffertyclobes.com

Barbara J. Hart (*pro hac vice*)
GRANT & EISENHOFER
485 Lexington Ave., 29th Floor
New York, NY 10017
Telephone: 646-722-8526
bhart@gelaw.com

Paul E. Slater
Joseph M. Vanek
Michael G. Dickler
Matthew T. Slater
SPERLING & SLATER, P.C.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200
pes@sperling-law.com
jvanek@sperling-law.com
mdickler@sperling-law.com
mslater@sperling-law.com

Linda P. Nussbaum
Susan Schwaiger
NUSSBAUM LAW GROUP, P.C.
1133 Avenue of the Americas, 31st Floor
New York, NY 10036
Telephone: 917-438-9102
lnussbaum@nussbaumpc.com
sschwaiger@nussbaumpc.com

Michael L. Roberts
Karen Sharp Halbert
ROBERTS LAW FIRM, P.A.
20 Rahling Circle
Little Rock, AR 72223
Telephone: 501-821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

Gregory S. Asciolla (*pro hac vice*)
Karin E. Garvey (*pro hac vice*)
John M. Shaw (*pro hac vice*)
DICELLO LEVITT LLP
485 Lexington Avenue, Suite 1001
New York, NY 10017
Telephone: 646-933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
jshaw@dicellolevitt.com

Brian M. Hogan
DICELLO LEVITT LLP
Ten North Dearborn Street Sixth Floor
Chicago, IL 60602
Telephone: 312-214-7900
bhogan@dicellolevitt.com

Marvin A. Miller
Lori A. Fanning
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312-332-3400
mmiller@millerlawllc.com
lfanning@millerlawllc.com

Guillaume Buell (*pro hac vice*)
THORNTON LAW FIRM LLP
1 Lincoln Street, 13th Floor
Boston, MA 02111
Telephone: 617-720-1333
gbuell@tenlaw.com

Daniel E. Gustafson (*pro hac vice*)
Michelle J. Looby (*pro hac vice*)
Daniel J. Nordin (*pro hac vice*)
Anthony J. Stauber
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dgustafson@gustafsongluek.com
mlooby@gustafsongluek.com
dnordin@gustafsongluek.com
tstauber@gustafsongluek.com

Dennis Stewart (*pro hac vice*)
GUSTAFSON GLUEK PLLC
600 B Street, 17th Floor
San Diego, CA 92101
Telephone: 619-595-3200
dstewart@gustafsongluek.com

Kenneth A. Wexler
Melinda J. Morales
Michelle Perkovic
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: 312-346-2222
kaw@wexlerwallace.com
mjm@wexlerwallace.com
mp@wexlerwallace.com

Charles F. Barrett (*pro hac vice*)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: 615-244-1713
cbarrett@nealharwell.com

Don Barrett (*pro hac vice* forthcoming)
BARRETT LAW GROUP, P.A.
404 Court Square
P.O. Box 927
Lexington, MS 39095
Telephone: 662-834-2488
dbarrett@barrettlawgroup.com

Richard R. Barrett (*pro hac vice* forthcoming)
BARRETT LAW GROUP, P.A.
2086 Old Taylor Road, Suite 1011
Oxford, MS 38655
Telephone: 662-380-5018
rrb@rrblawfirm.net

Michael P. Lehmann (SBN 77152)
Christopher Lebsock (SBN 184546)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Telephone: 415-633-1908
mlehmann@hausfeld.com
clebsock@hausfeld.com

Hilary K. Scherrer
Paul Gallagher
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Telephone: 202-540-7200
hscherrer@hausfeld.com
pgallagher@hausfeld.com

Scott A. Martin
Irving Scher
Jeanette Bayoumi
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Telephone: 646-357-1100
smartin@hausfeld.com
ischer@hausfeld.com
jbayoumi@hausfeld.com

*Counsel for Direct Purchaser Plaintiffs and
the Proposed Direct Purchaser Class*

/s/ Garrett D. Blanchfield
Garrett D. Blanchfield (*pro hac vice*)
Brant D. Penney (*pro hac vice*)
Roberta A. Yard (*pro hac vice* forthcoming)
REINHARDT WENDORF &
BLANCHFIELD
332 Minnesota Street, Suite W-1050
St. Paul, MN 55101
Telephone: 651-287-2100
Facsimile: 651-287-2103
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

SPECTOR ROSEMAN &
KODROFF, P.C.
Jeffrey J. Corrigan (*pro hac vice*)
William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
Icee N. Etheridge (*pro hac vice* forthcoming)
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
Facsimile: 215-496-6611
JCorriganf@srkattorneys.com
BCaldes@srkattorneys.com
JSpector@srkattorneys.com
IEtheridge@srkattorneys.com

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs and the Proposed
Indirect Purchaser Class*

GUIN, STOKES & EVANS, LLC
Charles R. Watkins (3122790)
321 South Plymouth Court
Suite 1250
Chicago, IL 60604
Telephone: 312-878-8391
Facsimile: 205-226-2357
charlesw@gseattorneys.com

*Liaison Counsel for Indirect Purchaser
Plaintiffs and the Proposed Indirect
Purchaser Class*

PRETI FLAHERTY, BELIVEAU &
PACHIOS LLP
Michael S. Smith (*pro hac vice*)
Gregory P. Hansel (*pro hac vice*)
Randall B. Weill (*pro hac vice*)
Elizabeth F. Quinby (*pro hac vice*)
One City Center,
P.O. Box 9546
Portland, ME 04101
Telephone: 207-791-3000
msmith@preti.com
ghansel@preti.com
rweill@preti.com
equinby@preti.com

GLANCY PRONGAY & MURRAY LLP
Brian P. Murray (*pro hac vice* forthcoming)
Lee Albert (*pro hac vice* forthcoming)
230 Park Avenue,
Suite 358
New York, NY 10169
Telephone: 212-682-5340
Facsimile: 212-884-0988
bmurray@glancylaw.com
lalbert@glancylaw.com

FREED KANNER LONDON &
MILLEN LLC
Douglas A. Millen
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: 224-632-4500
dmillen@fklmlaw.com

FREED KANNER LONDON &
MILLEN LLC
Jonathan M. Jagher (*pro hac vice*
forthcoming)
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610-234-6487
jjagher@fklmlaw.com

BONI, ZACK & SNYDER LLC
Michael J. Boni (*pro hac vice* forthcoming)
Joshua D. Snyder (*pro hac vice* forthcoming)
John E. Sindoni (*pro hac vice* forthcoming)
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: 610-822-0200
Facsimile: 610-822-0206
mboni@bonizack.com
jsnyder@bonizack.com
jsindoni@bonizack.com

MCLAFFERTY LAW FIRM, P.C.
David McLafferty (*pro hac vice* forthcoming)
Attorneys at Law
923 Fayette Street
Conshohocken, PA 19428
Telephone: 610-940-4000, ext. 12
www.McLaffertyLaw.com

SALTZ MONGELUZZI & BENDESKY,
P.C.
Simon B. Paris, Esq. (*pro hac vice*
forthcoming)
Patrick Howard, Esq. (*pro hac vice*
forthcoming)
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: 215-575-3985
Facsimile: 215-496-0999
sparis@smbb.com
phoward@smbb.com

*Counsel for Indirect Purchaser Plaintiffs and
the Proposed Indirect Purchaser Class*

/s/ Matthew D. Provance
Britt M. Miller
Matthew D. Provance
J. Gregory Deis
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: 312-782-0600
Facsimile: 312-701-7711
bmiller@mayerbrown.com
mprovance@mayerbrown.com
gdeis@mayerbrown.com

*Counsel for Defendant Fair Isaac
Corporation*

v