UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION RELATED CASES<br><br>This document relates to:<br>ALL ACTIONS | No. 1:20-CV-2114<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge M. David Weisman |

### DECLARATION OF CHAD E. BELL

I, Chad E. Bell, hereby declare as follows:

1. I am a partner at Korein Tillery LLC, counsel for Sky Federal Credit Union in the above-captioned matter. I am a member in good standing of the Illinois State Bar and am admitted to practice before the United States District Courts for the Northern, Central, and Southern Districts of Illinois, the Western District of Wisconsin, and the United States Court of Appeals for the Seventh Circuit. I submit this declaration in support of Plaintiffs' Motion to Compel Defendant Fair Isaac Corporation's ("Fair Isaac") Compliance with Interrogatories and Requests for Production.

2. I make this declaration on my own personal knowledge and, if called upon as a witness to do so, I could and would competently testify as to the matters set forth herein.

3. Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs issued their Joint First Interrogatories and Joint First Requests for Production to Fair Isaac on November 6, 2023. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' Joint First Interrogatories. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Joint First Set of Requests for Production.

4. Attached hereto as **Exhibit 3** is a true and correct copy of Fair Isaac's December 6, 2023 Objections and Responses to Plaintiffs' Joint First Interrogatories. The publicly filed version

of this document has redacted information that Fair Isaac designated Confidential under the applicable protective order. An unredacted version has been filed under seal, along with a motion seeking leave to file under seal.

5. Attached hereto as **Exhibit 4** is a true and correct copy of Fair Isaac's December 6, 2023 Objections and Responses to Plaintiffs' Joint First Set of Requests for Production.

6. Attached hereto as **Exhibit 5** is a true and correct copy of a meet and confer letter I sent to counsel for Fair Isaac on December 20, 2023 regarding its objections to Plaintiffs' Joint First Interrogatories.

7. Attached hereto as **Exhibit 6** is a true and correct copy of a meet and confer letter I sent to counsel for Fair Isaac on December 20, 2023 regarding its objections to Plaintiffs' Joint First Set of Requests for Production.

8. Attached hereto as **Exhibit 7** is a true and correct copy of a letter I received from Matthew D. Provance, counsel for Fair Isaac, on January 4, 2024 regarding Fair Isaac's objections to Plaintiffs' Joint First Interrogatories and Joint First Set of Requests for Production.

9. On January 5, 2024, I and other counsel for Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs met and conferred with Matthew D. Provance and other counsel for Fair Isaac via videoconference, during which the parties in good faith attempted to resolve differences with respect to Plaintiffs' Joint First Interrogatories and Joint First Requests for Production.

10. Attached hereto as **Exhibit 8** is a true and correct copy of a letter I sent to counsel for Fair Isaac on January 19, 2024 to memorialize the January 5, 2024 discussion and follow up on certain points raised therein.

11. Attached hereto as **Exhibit 9** is a true and correct copy of a letter I received from Matthew D. Provance, counsel for Fair Isaac, on January 31, 2023.

12. Attached hereto as **Exhibit 10** is a true and correct copy of a letter I sent to counsel for Fair Isaac on February 15, 2024.

13. Attached hereto as **Exhibit 11** is a true and correct copy of a letter I received from Matthew D. Provance, counsel for Fair Isaac, on February 23, 2024.

14. On March 11, 2024, I and other counsel for Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs met and conferred with Matthew D. Provance and other counsel for Fair Isaac via videoconference, during which the parties in good faith attempted to resolve remaining differences with respect to Plaintiffs' Joint First Interrogatories and Joint First Set of Requests for Production.

15. Attached hereto as **Exhibit 12** is a true and correct copy of a letter I sent to counsel for Fair Isaac on March 14, 2024.

16. Attached hereto as **Exhibit 13** is a true and correct copy of a letter I received from Matthew D. Provance, counsel for Fair Isaac, on March 27, 2024.

17. Attached hereto as **Exhibit 14** is a true and correct copy of email correspondence that Anna Hunanyan, another counsel for Direct Purchaser Plaintiffs, sent to counsel for Fair Isaac regarding Plaintiffs' Request No. 2, expressing Plaintiffs' understanding that the parties continued to be at impasse. To date, I state that neither I nor any other counsel for Direct Purchaser Plaintiffs or Indirect Purchaser Plaintiffs have received further communication from counsel for Fair Isaac responsive to the April 11, 2024 email correspondence from Anna Hunanyan to counsel for Fair Isaac.

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct.

Executed on this 24th day of April 2024, in Chicago, Illinois.

*/s/ Chad E. Bell*
Chad E. Bell
