UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | No. 1:20-CV-2114<br><br>Judge April M. Perry<br><br>Magistrate Judge M. David Weisman |

**JOINT STATUS REPORT**

The parties to this litigation respectfully submit this Joint Status Report in advance of the April 8, 2025 status hearing.

**I.  Party Discovery**

Discovery is proceeding in accordance with the schedule set forth in the Court's February 5, 2025 Minute Entry. *See* ECF No. 391.

**II.  Pending Motions**

On January 28, 2025, the Court ruled on two discovery motions relating to documents Defendant Fair Isaac Corporation ("FICO") sought to compel from non-party VantageScore Solutions, LLC ("VantageScore"). *See* ECF No. 386. FICO and VantageScore both objected to the Court's order resolving the motions. *See* ECF Nos. 394 and 393, respectively. Following those objections, Judge Perry held a motion hearing on March 4, 2025 after which she entered a minute entry noting, "The objections by the parties [393] [394] to the Magistrate Judge's order [386] are taken under advisement pending the Magistrate Judge's reconsideration of the issues raised." ECF No. 408.

**Plaintiffs' Statement:**

Plaintiffs[1] note that their motion to compel VantageScore's compliance with a subpoena served by Plaintiffs on January 25, 2024 remains pending. *See* ECF Nos. 311 and 317; initial motion docketed at Case No. 1:24-cv-04962 (N.D. Ill.), ECF No. 1. Although there is some overlap between the VantageScore documents Plaintiffs seek and those FICO seeks, Plaintiffs' dispute with VantageScore is *not* identical to FICO's dispute, as FICO acknowledges below. Specifically, (1) Plaintiffs seek certain documents FICO does not; (2) Plaintiffs' motion papers set forth explanations as to why Plaintiffs need certain discovery—reasons the Court found absent in FICO's papers, *see* ECF No. 386; and (3) Plaintiffs bear the burden of proof on certain issues and therefore are differently situated than FICO with regard to the reasonableness and proportionality assessments of the requests in their subpoena.

Plaintiffs would be happy to provide more detail in a written report on this issue and/or to discuss it at the April 8, 2025 status conference, if the Court would like.

**FICO's Statement:**

FICO refers the Court to its briefing regarding the unresolved aspects of its motion to compel discovery from VantageScore. FICO takes no position on Plaintiffs' pending motion or their characterizations of that motion. However, FICO notes—and Plaintiffs acknowledge—that there is some overlap between the VantageScore documents at issue in Plaintiffs' motion and the VantageScore documents which remain at issue in FICO's motion. In the interest of efficiency, it may make sense for the Court to resolve these motions together.

---

[1] Plaintiffs are Sky Federal Credit Union, Alcoa Community Federal Credit Union, First Choice Federal Credit Union, and Getten Credit Company (the "DPPs") and Garner Properties & Management LLC and Lake City Exports, Inc. (the "IPPs").

2

### III. Anticipated Discovery Motions

**Plaintiffs' Statement:**

Plaintiffs have been negotiating for more than a year with the three credit bureaus initially named as Defendants in this litigation—namely, TransUnion, LLC ("TransUnion"), Equifax, Inc. ("Equifax") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Credit Bureaus")—regarding their responses to Plaintiffs' subpoenas. Plaintiffs have succeeded in reaching agreement with the Credit Bureaus on many issues and have significantly narrowed the remaining disputes. Nonetheless, Plaintiffs and each of the Credit Bureaus have reached impasse on certain issues and are likely to reach impasse on others. Thus, Plaintiffs expect to commence motion practice against the Credit Bureaus in the near future.

One of the Credit Bureaus, TransUnion, is located in Chicago, so Plaintiffs will be filing any motion against TransUnion in the Northern District of Illinois. Experian and Equifax are located in Costa Mesa, California, and Atlanta, Georgia, respectively, so Plaintiffs will commence proceedings against them in their home jurisdictions as required by Federal Rule of Civil Procedure 45(d)(2)(B)(i). Equifax has already advised that it will consent to transfer Plaintiffs' motion to this Court pursuant to Federal Rule of Civil Procedure 45(f). Plaintiffs hope to reach a similar agreement with Experian.

**FICO's Statement:**

FICO continues to work with third parties, including the Credit Bureaus, to whom FICO has issued third party subpoenas in this matter. FICO is working diligently to attempt to resolve its discovery requests to these entities without the need for Court intervention, but anticipates that, should motions practice become necessary, FICO will file any such motions in the court for the district where compliance is required pursuant to Rule 45(d)(2)(B)(i).

### IV. FICO's Privilege Log

**Plaintiffs' Statement:**

As previewed in the Parties' January 10, 2025 joint status report (ECF No. 379), Plaintiffs have raised certain issues with FICO's more than 32,000-entry privilege log—a log amounting to 721 pages when printed. For the reasons explained below, and given the length of time that privilege disputes can take to resolve, Plaintiffs wish to seek the Court's guidance on how best to proceed with regard to FICO's privilege log.

The initial problems that Plaintiffs raised regarding FICO's log involve thousands of entries. Plaintiffs and FICO have exchanged several letters regarding these issues, and the parties held a Zoom meet and confer on March 21, 2025. Plaintiffs explained to FICO both in writing and during the meet and confer that the issues Plaintiffs initially identified to FICO were just *some* of the problems with the log and that, through their continued review of the log, Plaintiffs have identified numerous others (and expect to find more). Given the number of categories of issues that Plaintiffs have identified (approximately a dozen, and counting), Plaintiffs believe that FICO's log is fundamentally deficient and should be re-done.

Beyond just the number of categories of issues, the following illustrates just how deficient FICO's log is. In Plaintiffs' initial letter to FICO, Plaintiffs referenced six specific documents as exemplars falling in the general categories of deficiencies Plaintiffs identified. FICO agreed that three of these documents were not privileged and should have been produced—*fifty percent* of the identified documents. What is more, Plaintiffs also identified five documents as exemplars of documents that had been over-redacted for privilege, and FICO agreed that four had been over-redacted—*eighty percent* of the identified documents. These statistics—which FICO does not dispute—make FICO's entire log suspect.

4

Plaintiffs have reminded FICO that the burden is on the producing party to provide an adequate log, *see, e.g.*, *Rawat v. Navistar Int'l Corp.*, 2011 WL 3876957, at *10 (N.D. Ill. Sept. 1, 2011), that "*establish[es]* that the [logged] documents are immune from discovery." *RBS Citizens N.A. v. Husain*, 291 F.R.D. 209, 220 (N.D. Ill. 2014) (emphasis in original). That the Confidentiality Order in this case requires any challenge to a log to identify documents by "Bates/unique identifying numbers," ECF No. 199, at 17, does not relieve FICO of this burden. Rather FICO must fulfill its obligation to justify its privilege claims in the first instance.

As Plaintiffs have explained to FICO, Plaintiffs believe that FICO's log is so deficient that Plaintiffs would be required to examine each and every log entry—and open each and every email produced with redactions—if Plaintiffs were forced to go line by line in a privilege log challenge, something FICO incorrectly refers to below as a "reasonable, minimal burden." That should not be Plaintiffs' burden given that Plaintiffs have already demonstrated that FICO's log is woefully insufficient.

As noted above, Plaintiffs request an opportunity to discuss the issue of FICO's privilege log at the April 8, 2025 status conference to seek the Court's guidance on how to proceed.

**FICO's Statement:**

FICO has prepared a voluminous privilege log at significant burden and expense. That the log includes more than 32,000 entries is unsurprising given the number of documents that FICO reviewed in response to Plaintiffs' discovery requests, the broad criteria for responsiveness that FICO applied, and the overlap between responsiveness criteria and matters upon which attorneys have advised FICO in the ordinary course of business.

A joint status report is not the appropriate forum for the parties to litigate about FICO's privilege log in the first instance. If Plaintiffs take issue with any aspect of the log, the parties'

5

agreed Confidentiality Order establishes an orderly procedure for meeting and conferring about those issues in good faith. Plaintiffs need to identify specific entries on the log by "Bates/unique identifying number" that Plaintiffs believe require further explanation or information. ECF No. 199 ¶ 12. The parties are then required to "meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the matter may be brought to the Court." *Id.*

To date, Plaintiffs have followed this process for just 11 entries on FICO's privilege log (less than 0.03% of the total). In response, FICO affirmed its privilege claim over 4 of those entries, adjusted redactions on 2 of them, and withdrew its privilege claim over 5 of them. In response to one of Plaintiffs' entry-specific challenges, FICO is also undertaking a voluntary re-review of several hundred documents that may raise similar issues. The foregoing demonstrates that the process outlined in the Confidentiality Order is working as intended.

There is no basis for Plaintiffs to suggest that FICO's privilege log must be entirely "re-done," bypassing the informal dispute resolution process required by the Confidentiality Order. The reasonable, minimal burden imposed on Plaintiffs to identify with specificity the privilege log entries that they wish to challenge, and the basis of their objections, is necessary for the parties to engage productively about the issues in dispute.

The number of generalized issues or concerns about the log that Plaintiffs have raised prior to this joint status report totals well under "approximately a dozen, and counting . . ." Without further specificity, it is difficult for FICO to engage with Plaintiffs or respond to their concerns. Nevertheless, FICO recently advised Plaintiffs that it would evaluate their generalized objections raised to date and will consider making further amendments to or supplementing its privilege log in response to them when preparing the next iteration of the log, which will incorporate additional documents that require logging as a result of the Court's recent discovery rulings. FICO

6

anticipates serving the next iteration of its privilege log in the coming weeks. If objections to privilege log entries remain unresolved, FICO stands ready to meet and confer with Plaintiffs in good faith using the process set forth in the Confidentiality Order.

An order requiring FICO to "re-do" its privilege log is unwarranted. The parties should simply continue meeting and conferring about these issues in accordance with the Confidentiality Order. Further, FICO is open to establishing a reasonable schedule for Plaintiffs to identify any unresolved objections to the privilege log using the process required by the Confidentiality Order and for the parties to complete their meet and confer obligations as to those objections so that if any issues need to be resolved by the Court, they can be raised in a timely manner.

*****

The parties are, of course, available to discuss any additional issues into which the Court may wish to inquire.

Dated: April 4, 2025                        Respectfully submitted,

| | |
|---|---|
| /s/ *Lauren M. Weinstein* | /s/ *Karin E. Garvey* |
| Lauren M. Weinstein | Karin E. Garvey |
| Christian Bale | Brian M. Hogan |
| **MOLOLAMKEN LLP** | Joseph P. Guglielmo |
| 600 New Hampshire Avenue, N.W., Suite 500 | Michelle E. Conston (*pro hac vice*) |
| Washington, DC 20037 | Anna Hunanyan (*pro hac vice*) |
| Telephone: 202-556-2000 | **SCOTT+SCOTT** |
| lweinstein@mololamken.com | **ATTORNEYS AT LAW LLP** |
| cbale@mololamken.com | The Helmsley Building |
| | 230 Park Avenue, 24th Floor |
| Steven F. Molo | New York, NY 10169 |
| Lauren F. Dayton | Telephone: 212-223-6444 |
| Eric Posner | kgarvey@scott-scott.com |
| **MOLOLAMKEN LLP** | brian.hogan@scott-scott.com |
| 300 N. LaSalle Street, Suite 5350 | jguglielmo@scott-scott.com |
| Chicago, IL 60654 | mconston@scott-scott.com |
| Telephone: 312-450-6700 | ahunanyan@scott-scott.com |
| smolo@mololamken.com | |
| ldayton@mololamken.com | Carmen Medici |
| eposner@mololamken.com | Gary Foster (*pro hac vice*) |
| | **SCOTT+SCOTT** |
| Anden Chow | **ATTORNEYS AT LAW LLP** |
| Cody Wiles | 600 West Broadway, Suite 3300 |
| **MOLOLAMKEN LLP** | San Diego, CA 92101 |
| 430 Park Avenue | Telephone: 619-798-5319 |
| New York, NY 10022 | cmedici@scott-scott.com |
| Telephone: 212-607-8177 | gfoster@scott-scott.com |
| achow@mololamken.com | |
| cwiles@mololamken.com | *Interim Lead Class Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class* |
| *Liaison Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class* | |

8

  /s/ *Garrett D. Blanchfield*
Garrett D. Blanchfield (*pro hac vice*)
Brant D. Penney (*pro hac vice*)
Roberta A. Yard (*pro hac vice* forthcoming)
**REINHARDT WENDORF &**
  **BLANCHFIELD**
80 South 8th Street, Suite 900
Minneapolis, MN 55402
Telephone: 651-287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

Jeffrey J. Corrigan (*pro hac vice*)
William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
**SPECTOR ROSEMAN &**
  **KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
JCorriganf@srkattorneys.com
BCaldes@srkattorneys.com
JSpector@srkattorneys.com

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs and the Proposed Indirect Purchaser Class*

Charles R. Watkins (3122790)
**GUIN & EVANS, LLC**
321 South Plymouth Court, Suite 1250
Chicago, IL 60604
Telephone: 312-878-8391
charlesw@gseattorneys.com

*Liaison Counsel for Indirect Purchaser Plaintiffs and the Proposed Indirect Purchaser Class*


*/s/ Matthew D. Provance*
Britt M. Miller
J. Gregory Deis
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: 312-782-0600
Facsimile: 312-701-7711 bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com

*Counsel for Defendant Fair Isaac Corporation*