**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: FICO ANTITRUST LITIGATION RELATED CASES** | ) ) ) ) ) | **No. 20 CV 2114** <br> **Magistrate Judge M. David Weisman** |

# ORDER

Before the Court are plaintiffs' motion for an extension of time to serve written discovery on a party [ECF 458] and third-party VantageScore's motion for leave to file a motion to quash FICO's subpoenas to the Credit Bureaus [ECF 466]. For the reasons set forth below, the Court denies without prejudice plaintiffs' motion [ECF 458] and denies VantageScore's motion [ECF 466].

## Discussion

### Plaintiffs' Motion to Extend Discovery Deadline

Plaintiffs ask the Court to extend the deadline to serve written discovery on a party from June 13, 2025 to forty-five days after the last day FICO produces documents it has removed from its privilege log. Plaintiffs say the extension is necessary because the parties' review of FICO's privilege log is ongoing and, so far, FICO has produced 5,500 documents that had been listed on the log. It is not clear if or when FICO may make a future production, but plaintiffs say any such productions may "spark the need for additional written discovery." (ECF 458 at 2.) Thus, plaintiffs say an open-ended extension of the deadline for serving written discovery on a party is warranted. FICO argues that no extension is appropriate, let alone one that is open-ended, because plaintiffs have not shown good cause for an extension and granting one to accommodate avenues of discovery that may arise from documents produced from FICO's privilege log would lead to endless discovery.

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard "'primarily considers the diligence of the party seeking amendment.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The standard is met "'when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met.'" *McCleskey v. Lucas Stucco Stone & Brick, LLC*, No. 119CV05031SEBDLP, 2021 WL 1429004, at *1 (S.D. Ind. Apr. 15, 2021) (quoting *Stewardson v. Cass Cty.*, No. 3:18-cv-958-DRL-MGG, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020)).

Plaintiffs' motion is based on their assumption that documents FICO has produced, and may produce in the future, from its privilege log will suggest other avenues of discovery for

plaintiffs to pursue. Plaintiffs do not, however, identify any document that FICO has thus far produced from its log that they believe needs follow up. If FICO produces additional documents and plaintiffs think those documents "spark the need for additional written discovery" (ECF 458 at 2), they can seek leave to serve additional discovery at that time. At present, however, there is not good cause to extend the discovery deadline for any period of time. Accordingly, the Court denies without prejudice plaintiffs' motion.

**VantageScore's Motion for Leave to File Motion to Quash**

VantageScore seeks leave to move to quash the subpoenas FICO served on the Credit Bureaus for sales and transaction data underlying VantageScore's market study reports. VantageScore says it is bringing this motion "to safeguard its trade secret information from FICO, its primary competitor." (ECF 466 at 2.) This argument and others VantageScore seeks to raise in its motion (*see generally* ECF 466-2) have previously been argued to and ruled on by the Court, most recently in its June 9, 2025 order granting in part FICO's motion to compel the Credit Bureaus to produce this data. (*See* ECF 457 at 2-3.) Moreover, VantageScore could have sought leave to file a motion to quash at any time after FICO served its subpoenas on the Credit Bureaus in January 2024, but it inexplicably waited until June 2025 to do so. The Court will not, at this late date, relitigate issues on which it has ruled. Thus, the Court denies VantageScore's motion for leave to file a motion to quash.

**SO ORDERED** **ENTERED: September 17, 2025**

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**