**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: FICO ANTITRUST LITIGATION RELATED CASES** | ) ) ) ) ) | **No. 20 CV 2114** **Magistrate Judge M. David Weisman** |

**ORDER**

The case is before the Court on plaintiffs' motion to compel FICO to re-do certain aspects of its privilege log and to produce any de-logged documents. For the reasons set forth below, the Court grants in part and denies in part the motion [ECF 461].

**Discussion**

Plaintiffs contend that FICO has over redacted and inconsistently redacted documents on its privilege log. Plaintiffs say that the redaction problems are illustrated by the results of their "non-exhaustive review" of the logged documents to test whether FICO has properly withheld or redacted documents. After the review, plaintiffs identified five documents that they claimed were improperly redacted. (ECF 461-5, 2/6/25 Letter to Provance from Foster.) "[W]ithout conceding that its original redactions were improper or withheld relevant information," FICO agreed to reduce the redactions in four of the five documents. (ECF 461-6, 2/21/25 Letter to Foster from Pottinger). Plaintiffs say that FICO's willingness to reduce the redactions on four of the five documents they identified demonstrates that there are pervasive redaction problems with the logged documents, and FICO should be required to re-review all 9,000 redacted documents on its privilege log.

Standing alone, the fact that plaintiffs identified five documents with allegedly improper redactions from the universe of 9,000 redacted documents does not support the inference that there is a systemic problem with FICO's redactions, particularly because plaintiffs do not explain the method they used to conduct their "non-exhaustive review" of the log. Nor does FICO's willingness to reduce the redactions in four of the five documents because it said it did so, "[i]n the interest of resolving th[e] issue, and without conceding that its original redactions were improper."[1] (*Id.*) Thus, plaintiffs identification of these five documents is not a sufficient basis to require FICO to re-review all 9,000 redacted documents.

Plaintiffs also argue that FICO's practice of logging only the last email in an email string containing privileged information is improper. FICO says it populated the privilege log with metadata, which the ESI order entered in this case permits. (ECF 207 § VIII(a) (stating that the

[1] If the Court accepted this logic, the Court would be "punishing" a party's reasonable efforts to resolve discovery disputes and would be flaunting the purpose of Local Rule 37.2, which requires parties to attempt to resolve discovery disputes prior to filing a motion for relief before the Court.

information required on a privilege log "may, in part, be supplied by metadata associated with the document").) As plaintiffs point out, however, the ESI order also states:

> Where multiple members of a document "family" (*e.g.*, an Email and its attachment, multiple Email attachments, etc.) are withheld or redacted on the grounds of privilege, immunity, or any similar claim, these families may be jointly logged as a single entry on the privilege log with an indication in the description field that describes the family relationship, provided however, that information logged must be sufficient to assess the privilege for each family member.

(ECF 207 § VIII(b).) Thus, FICO's use of metadata alone to populate the privilege log for email families is appropriate only if the metadata contains enough information to assess the claim of privilege for each member of the email or document family. FICO admits that it does not: "As a technological matter, the metadata for any individual email thread pertains to the last-in-time email only, and as a result, no metadata can supply the date, author, sender, recipient, subject line, file name, or other such information for earlier email messages in the chain." (ECF 482 at 9.)

Even if its log were deficient in this respect, which FICO does not concede, FICO says requiring it to amend its log would be unduly burdensome:

> To provide the information Plaintiffs unnecessarily demand would require FICO's reviewers to *manually* type in data for as many as eight different fields (date, author, sender, recipient, CC, BCC, title, and subject) for *each* privilege log entry involving a redacted email below the topmost email in the chain. Where multiple emails on a single email chain are redacted, FICO would have to enter multiple pieces of information for each of those fields for *each* such log entry.

(*Id.* at 10) (emphasis in original). Further, FICO says plaintiffs are not prejudiced by the log as it stands because they "have access to the very information they want FICO to manually add to each log entry—the sender, recipients, subject, date, etc. of the earlier-in-time emails that have been redated" because FICO did not redact that information from the earlier emails in each chain. (*Id.* at 11.) Thus, FICO asserts, "[i]f Plaintiffs have concerns regarding the privilege claim for a particular redacted document in the privilege log, they can simply pull up the document by the production Bates number provided on the log and review the information they claim is necessary to discern the validity of the privilege claim." (*Id.*) But plaintiffs cannot assess FICO's claim of privilege for earlier-in-time emails and attachments in a document family because the log only identifies the sender and recipient of the last-in-time email. (*See* ECF 463-1, Exs. A & B.) Thus, plaintiffs would have to review every document in every family to assess FICO's claims of privilege for the earlier-in-time emails and attachments.[2]

---

[2] FICO asserts that "courts in this District have repeatedly held [that] '[a]ttachments to attorney client communications may be withheld as privileged without an independent basis for privilege.'" (ECF 482 at 14) (quoting *Linet Americas, Inc. v. Hill-Rom Holdings, Inc.*, 740 F. Supp. 3d 685, 702 (N.D. Ill. 2024)). The Court's research suggests that *Linet* is an outlier, and courts typically hold that "[a]ttachments to an email do not become privileged just by virtue of the privileged nature of the email itself." *United States v. Cmty. Health Network, Inc.*, No. 1:14-CV-01215-RLY-MKK, 2023 WL 3151847, at *6 (S.D. Ind. Apr. 28, 2023), *report and recommendation adopted sub nom. United States ex*

The Court recognizes that logging every email and attachment in a family will impose a burden on FICO, but it was FICO's choice to use group logging and it is FICO's responsibility to compile a privilege log that states "'the nature of the documents, communications, or things not produced or disclosed—and do[es] so in a manner that . . . will enable other parties to assess the claim.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (quoting Fed. R. Civ. P. 26(b)(5)(A)(ii)). FICO's privilege log as it currently stands does not do that. Accordingly, FICO must revise it to log every email and attachment in a family and the basis, if any, for the asserted privilege. *See Acosta v. Target Corp.*, 281 F.R.D. 314, 320 (N.D. Ill. 2012) ("If listing only the recipients of the last e-mail in a chain fails to disclose everyone to whom an allegedly privileged communication has been sent, the listing cannot be adequate. Moreover, if the recipient(s) at an e-mail address cannot be adequately identified, it is impossible to determine whether the privilege is properly asserted.").

**Conclusion**

For the reasons set forth above, the Court grants in part plaintiff's motion [461]. By August 7, 2025, FICO must amend its privilege log to identify all of the emails and attachments in each family and state the basis for the assertion of privilege for each document and produce any documents FICO determines are not privileged.

**SO ORDERED** **ENTERED: September 17, 2025**

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**

---

*rel. Fischer v. Cmty. Health Network, Inc.*, No. 114CV01215RLYMKK, 2023 WL 4577673 (S.D. Ind. June 27, 2023); *see RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 221 (N.D. Ill. 2013) (same); *Muro v. Target Corp.*, No. 04 C 6267, 2006 WL 3422181, at *5 (N.D. Ill. Nov. 28, 2006) (same). The Court finds the reasoning of the latter cases to be more persuasive than of *Linet*.