**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: FICO ANTITRUST LITIGATION RELATED CASES.** | ) | **No. 20-cv-2114** |
| | ) | **Magistrate Judge M. David Weisman** |

## ORDER

Before the Court is plaintiffs' motion to compel FICO to produce certain documents from its privilege log. For the reasons set forth below, the Court denies the motion [ECF 501].

### Discussion

Plaintiffs argue that FICO should be compelled to produce the following from its privilege log: (1) emails that include distribution lists as recipients; (2) 700 communications that include sixty-two third parties; and (3) 749 so-called email blasts, *i.e.*, emails that were sent to ten or more recipients.

With respect to the emails with distribution lists, FICO says it "provided Plaintiffs the requested details about the email distribution lists that remain at issue in their Motion, and FICO has withdrawn its privilege claims as to the other email distribution lists Plaintiffs have raised." (ECF 514 at 1.) Given that representation, plaintiff's motion with respect to emails with distribution lists is moot.

Plaintiffs also contend that FICO has waived any claim of privilege as to 700 communications listed on the log that include third parties because the log does not describe the roles played by the third parties. *See RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 217 (N.D. Ill. 2013) ("'The party seeking to invoke the privilege bears the burden of proving all of its essential elements.'") (quoting *U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)). That may be true, but plaintiffs have not provided the Court with the relevant privilege log entries, making it impossible for the Court to resolve the issue. Accordingly, the Court denies plaintiffs' motion with respect to the communications that include third parties.

Plaintiffs' last argument is that FICO has waived privilege over the email blasts. Plaintiffs say this is so because "email 'blasts' are unlikely to be privileged given their massive recipient lists." (ECF 501 at 11.) At plaintiff's request, FICO re-reviewed the emails that were sent to more than fifteen recipients to verify that they were privileged. Plaintiffs say FICO must do the same for emails that have ten to fourteen recipients. As the plaintiffs acknowledge, however, "there is no magic number of recipients that causes waiver." (*Id.* at 13.) Rather, the privilege determination depends on the nature of the communication and whether the non-lawyer recipients needed access to it. *Baxter Travenol Labs., Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919, at *5 (N.D. Ill. June 19, 1987). Thus, "[t]he party asserting privilege must, *inter alia*, clearly identify every

recipient of a withheld communication." *Acosta v. Target Corp.*, 281 F.R.D. 314, 320 (N.D. Ill. 2012). Plaintiffs say FICO failed to do so, but again the Court cannot evaluate that claim without the relevant privilege log entries. Consequently, the Court denies without prejudice plaintiffs' motion with respect to the communications that include third parties.

**SO ORDERED** **ENTERED: October 3, 2025**

**M. David Weisman**
**United States Magistrate Judge**