**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.4)**
**Eastern Division**

Sky Federal Credit Union, et al.
Plaintiff,
v.
Case No.: 1:20−cv−02114
Honorable April M. Perry
Fair Isaac Corporation, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 23, 2025:

MINUTE entry before the Honorable April M. Perry: Status hearing held 10/23/2025. VantageScore Solutions, LLC's Objection to the Magistrate Judge's Order of 9/17/2025 [531] is denied, as the Court sees no basis to conclude that the Magistrate Judge's order was either clearly erroneous or contrary to law. To the extent VantageScore is unclear about the scope of the Magistrate Judge's order, or believes that the Magistrate Judge did not rule on certain portions of the motion, it is encouraged to seek guidance from Judge Weisman. Fair Isaac Corporation's Objection to the Magistrate Judge's Order of 9/17/2025 [530] is also denied. As a preliminary matter, the Court notes that the parties appear to have agreed that an email attachment to a privileged communication will not always be privileged, but that the attachment may sometimes be privileged, depending upon the full context of the communication, which includes the contents of the privileged email. The Court does not understand Judge Weisman to have ruled any differently, and has confirmed with Judge Weisman that he did not intend to have ruled any differently. That said, the Court also understands the Magistrate Judge's order to require an analysis of both the emails and attachments, together, so that an appropriate privilege determination can be made, and further understands the Magistrate Judge's order to require further disclosure in the privilege log of both the emails and attachments with a basis for the assertion of the privilege for each document. This is consistent with how this Court interprets Federal Rule of Civil Procedure 26(b)(5). As for the email chain issue, the Court similarly concludes that while some email chains may represent one single, continuous communication, they do not necessarily. To the extent different parties are being added or dropped, communications are being forwarded, or the subject matter is changing, there would be no basis to conclude that an email chain is just one communication. To the extent, for example, FICO was considering an entire email chain privileged when an attorney got added onto the chain at the very end, that would be problematic. In short, the Magistrate Judge seems to have weighed the many complex issues, including those of proportionality, and reached a conclusion that this Court cannot find to be clear error or contrary to established law. The parties are encouraged to continue to work together in good faith to determine if they can create efficiencies in FICO's review process that will satisfy both sides. As for Alcoa's Objection to the Magistrate Judge's order of 10/3/2025 [566], the Court sets the following briefing schedule: Equifax and TransUnion's joint opposition shall be due 10/31/2025; reply to be filed by 11/14/2025; oral ruling to be held

11/18/2025 at 10:00 a.m. in person in Courtroom 1725. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.