**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| | ) |
| **IN RE: FICO ANTITRUST** | )  No. 20-cv-2114 |
| **LITIGATION RELATED CASES.** | ) |
| | )  **Magistrate Judge M. David Weisman** |
| | ) |

**ORDER**

Before the Court is plaintiffs' motion to compel FICO to produce from its amended privilege log the so-called email blasts and the documents sent to third parties. For the reasons set forth below, the Court grants in part the motions [ECF 548, 501].

**Discussion**

"The attorney-client privilege prohibits the compelled disclosure of 'confidential communications between a client and an attorney for the purpose of obtaining legal advice.'" [1]*RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 216 (N.D. Ill. 2013) (quoting *Denius v. Dunlap*, 209 F.3d 944, 952 (7th Cir. 2000). "The attorney-client privilege only shields communications that were intended to be confidential, so communications made to an attorney in the presence of a third party or made with the intent that they will be disclosed to a third party are not privileged." *Id.* "The party seeking to invoke the protection of a privilege, or discovery opponent, has the burden of establishing all of its elements," *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992); *see United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (describing the elements of the attorney client privilege as: (1) legal advice is sought, (2) from a professional legal adviser, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.") (citing 8 Wigmore, Evidence § 2292).

"To determine the scope of the privilege with a corporate client, the Seventh Circuit applies the 'subject matter' test." *Muro v. Target Corp.*, No. 04 C 6267, 2006 WL 3422181, at *2 (N.D. Ill. Nov. 28, 2006). Under this test, "an employee of a corporation is sufficiently identified with the corporation so that his communication to the corporation's attorney is privileged where the 'employee makes the communication at the direction of his superiors in the corporation and where the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the duties of his employment.'" *Id.* (quoting *Harper & Row Publishers, Inc. v. Decker*, 423 F.2d 487, 491-492 (7th Cir. 1970), *aff'd*, 400 U.S. 348 (1971)). *See Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.*, 62 F.R.D. 454,

---

[1] "Federal common law governs any privilege determination in this federal question suit . . . even though the complaint contains supplemental state law claims." *Andersen v. City of Chi.*, No. 16 C 1963, 2019 WL 423144, at *2 (N.D. Ill. Feb. 4, 2019).

456-57 (N.D. Ill. 1974) ("It is well settled that the dissemination of a communication between a corporation's lawyer and an employee of that corporation to those employees directly concerned with such matters does not waive the attorney-client privilege."), *aff'd*, 534 F.2d 330 (7th Cir. 1976). But the privilege is waived by a corporation, if "the communications are disclosed to employees who did not need access to the communication." *Baxter Travenol Labs., Inc. v. Abbott Labs.*, No. 84 C 5103, 1987 WL 12919, at *5 (N.D. Ill. June 19, 1987). Thus, a party claiming the privilege, in this case FICO, must show that each person who received an allegedly privileged communication needed to have access to it.

FICO has submitted its amended privilege log and a legend that identifies the job titles of the people who sent and received allegedly privileged documents. (*See* ECF 625.) Emails that were sent solely by and to lawyers, paralegals, and other legal personnel are presumptively privileged. FICO has seven days from the date of this order to identify and extract those emails from its existing log into a separate log.

As to the remaining documents, the log and legend do not establish that each person who received a purportedly privileged communication needed to have access to it. Exhibit B identifies who works for FICO and who serves as outside counsel. Further, the legend provides job titles from which we might discern that the communications are likely privileged. For example, the first page and a half of the legend is populated with many legal positions at FICO. However, after that, the legend strays into generic business titles, none of which would compel a conclusion that the communications involving these individuals would necessarily (or even likely) be legal in nature. Beyond the titular information, the log does little to explain how "the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the duties of his employment." *Muro*, 2006 WL 3422181, at *2. Absent that information, FICO has not established that the remaining documents on its amended log are privileged.

We are mindful that this level of detail in a privilege log is not always necessary. Yet, Federal Rule of Civil Procedure 26(b)(5) requires that the privilege log "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, *will enable other parties to assess the claim*." (Emphasis added.) Considering the number of recipients involved, controlling law, and the burden placed on the party asserting the privilege, FICO's log fails to provide plaintiffs or the Court sufficient information "to assess the claim." The Court has given FICO multiple opportunities to compile a legally sufficient privilege log, and we will not give FICO another. Because FICO has not demonstrated that the remaining documents on the amended privilege log are privileged, the Court orders FICO to produce them within three weeks of the date of this order.

**SO ORDERED.**                    **ENTERED: March 10, 2026**


**M. David Weisman**
**United States Magistrate Judge**