**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Sky Federal Credit Union, et al.
Plaintiff,
v.
Case No.: 1:20−cv−02114
Honorable April M. Perry
Fair Isaac Corporation, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, March 16, 2026:

MINUTE entry before the Honorable M. David Weisman: Magistrate status hearing held. (1) Privilege Review: Plaintiff cannot currently estimate when it will complete its review documents (approximately 66,000 with more coming) for privilege review. (2) Personal Emails: Discussion held as to issue regarding VantageScore, ESI search terms, and extraction process of personal emails of Lansing and Jones, including exclusion of "VS" as a search term. Plaintiff cited Diamond Services Management v. CC Jewelry, 2012 WL 2433653 (N.D. Ill. June 15, 2021) in support of its request to search certain terms. Court noted Diamond Services cites to another case, Dexia Credit, that may have some applicability to this case but the underlying cases relied upon in Dexia Credit are far afield from the issue presented here. In short, the legal issue involved here seems not well developed based on the information provided to the Court. Court discussed options available, including, as FICO did, directing CEO to go through personal phone with FICO−selected terms and turn over relevant texts and emails. FICO asserts that Plaintiffs did not object when FICO informed Plaintiffs of the plan in December 2025, so FICO proceeded with its method; Plaintiffs respond that FICO proceeded with its method before Plaintiffs consented to the method. Court noted that personal emails on work devices are not generally subject to discovery; Plaintiffs had a 30−day period when it could have objected and did not; and Plaintiffs' reliance on the ESI protocol is somewhat misplaced as the provision cited by Plaintiffs deals with search protocols, wherein the issue as to Mr. Lansing's phone is an extraction issue. If necessary, Plaintiff may file a motion. (3) FICO's response to RFP 71: Discussion held regarding FICO's search related to a letter submitted by Senators Hawley and Warren as to possible monopolistic conducted by FICO. As to custodians, FICO has offered four custodians for ESI searching. Plaintiff seeks three additional custodians, including Mr. Lansing, along with FICO's representation that no other FICO employees were significantly involved with this issue. FICO states that the individuals it identified are reasonable, Plaintiff's objection is untimely as it waited 2 months, and including Lansing is overbroad and burdensome. At this time, the Court is comfortable that the four custodians identified by FICO are sufficient, but that decision would be subject to further consideration by the Court if Plaintiffs can show that other custodians would have relevant ESI. Discussion held regarding search terms used in RFP 71 and ways to expand FICO's proposed search terms, and narrow Plaintiffs' search terms. The parties should continue to meet and confer. (4)

RFP 88 and 89, parties still working to resolve. (5) FICO's Requests for admissions and interrogatory No. 4, FICO's discovery requests to Plaintiff as to whether Plaintiff is a direct purchaser. Parties to continue discussions on timing of Plaintiffs' responses; Court expects definitive timeline at the next status hearing. (6) FICO seeking production from First Choice; Plaintiff indicates it has produced documents and will produce the requested hard copies. (7) Privilege log issues: As to "no−recipient mobile device issue" issue, lengthy discussion held with FICO presenting an example of the recipient fields not being populated when an email chain has a response from a mobile device. Considering the surrounding ESI information, the Court raised possibility of FICO's vendor providing a more fulsome explanation and being made available to discuss with Plaintiffs' ESI vendor and counsel to fully understand this limitation. By 3/30/26, FICO to respond to Plaintiff generally and make an individual from the vendor available, if necessary. As to "no−attorney" issue, FICO indicated it has received March 5, 2026 letter and wants to respond by letter. Plaintiffs assert that FICO has waived any claim of privilege based on the repeated challenges to the privilege log. The Court does not see this as an issue of "waiver" in the privilege sense i.e. "waiving the privilege." Further, considering the legal complexities of FICO's business environment and the scope of discovery to date, the Court is inclined to allow FICO to further address Plaintiffs' concerns. FICO to respond by letter on or before 3/23/26 and Plaintiff to respond by 3/20/26. FICO will be required to update the log by the next status hearing. Plaintiffs also raised an issue as to the privilege log relating to 200+ spreadsheets. FICO to respond to these concerns by 3/23/26. (8) Certain documents from FICO's litigation in the District of Minnesota with VantageScore have been produced. FICO seeks release of two additional documents that are governed by the protective order applicable to that litigation. VantageScore objects to the request. Attorney Viona Harris entered appearance for VantageScore, which contends the Court has already ruled the documents are not relevant to this litigation. Parties to meet and confer and have it ready for motion practice by the next status hearing. (9) Plaintiff updated the Court as to Equifax data production, but no issue for the Court to resolve today; The Court requested that counsel for Equifax attend the next status hearing, if necessary. (10) The parties discussed the Court's most recent order regarding FICO's privilege log sufficiency as to emails to third− party vs. blast emails. The Court agrees that the Order does not directly address the third−party issue, noting that the Vinovich declaration FICO relied on was not addressed in the order. Further FICO indicated its intention to seek review of this Court's order on this issue. Given that representation, and to avoid piecemeal review of these issues by the district court, the Court vacates its order at ECF #[640] over Plaintiffs' objection. Plaintiffs posited legal arguments as to the privilege issue, and object to vacating the order. FICO's obligation to produce documents is stayed pending resolution of its objection to the district court. The Court will issue an order in the near future. (11) As to case management issue, Court will not set dates at this time. Status hearing set for 4/9/26 at 1:15 p.m. stands. Joint status report due by noon on COB on 4/6/26. Status hearing set for 4/28/26 is stricken and reset to 5/12/26 at 1:00 p.m. Joint status report due by noon on 5/8/26. Plaintiff will make every good faith effort to identify any other categorical issues to FICO's privilege log by the next status hearing. Parties may appear in person or dial in using the Court's conference call−in number. The conference call−in number is 1−855−244−8681 and the access code is 2316 422 1828##. Members of the public and media who wish to listen to this hearing may call in. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.