**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: FICO ANTITRUST** ) | **No. 20-cv-2114** |
| **LITIGATION RELATED CASES.** ) | |
| ) | **Magistrate Judge M. David Weisman** |
| ) | |

## ORDER

FICO asks the Court to reconsider its April 7, 2025 order [411] denying FICO's motion to compel VantageScore to produce its limited liability agreement and the intellectual property agreement it has with Equifax, Experian, and TransUnion [ECF 648]. The Court denied FICO's motion to compel because "VantageScore's LLC agreement [and] the terms on which it licenses its technology . . . will not shed light on [the issue in this case, *i.e.*,] whether FICO has acquired or maintained monopoly power in the market." (ECF 411 at 2.) FICO moves to reconsider that order "because there is an additional basis for the relevance of the Agreements[,] [s]pecifically, [that they] were part of the record in a prior litigation between FICO, VantageScore, and the Credit Bureaus captioned *Fair Isaac Corporation et al. v. Experian Information Solutions Inc. et al.*, No. 06-CV-4112 (D. Minn.)" ("the Minnesota suit"). (ECF 648 at 1.) FICO states that the agreements were produced during discovery, cited in the parties' summary judgment motions, and admitted into evidence during the trial of the Minnesota suit. (*Id.*) The agreements are relevant to this suit, FICO says because "[p]laintiffs allege that FICO initiated the [Minnesota suit] . . . solely to inflict competitive harm on VantageScore," an allegation that requires "an inquiry into the objective basis for filing the litigation." (*Id.* at 2-3.)

Even if that is true, it is not a new argument for the agreements' relevance. Direct Purchaser Plaintiffs alleged in their first amended consolidated class action complaint, which was filed in October 2023, that FICO's Minnesota suit was anticompetitive litigation against VantageScore. (ECF 184 ¶¶ 86-88.) Indirect Purchaser Plaintiffs made the same allegation in their second amended class action complaint, which was also filed in October 2023. (ECF 185 ¶¶ 101-03.) FICO does not explain how allegations plaintiffs made at the start of this case make the agreements newly relevant or constitute a basis for reconsideration. *See Tuntevich v. WH Inv. Props.*, No. 03 C 5714, 2011 WL 247284, at *1 (N.D. Ill. Jan. 26, 2011) ("[A] party should not use a motion to reconsider merely to re-argue old arguments or to present arguments that could have been raised earlier.") (citing *Cnty of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

In short, the Court denies FICO's motion for reconsideration of the Court's April 17, 2025 order [ECF 648]. This is the third time FICO has asked the Court to compel VantageScore to

produce the agreements and the third time the Court has denied the request. If FICO files another meritless motion to reconsider, the Court may impose sanctions.

**SO ORDERED.**                                    **ENTERED:  May 5, 2026**


**M. David Weisman**
**United States Magistrate Judge**