**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION | No. 1:20-CV-2114 |
| This document relates to: | Judge April M. Perry |
| | Chief Magistrate Judge M. David Weisman |
| ALL ACTIONS | |

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report pursuant to the Court's May 12, 2026 Minute Order (ECF No. 660) regarding (1) Plaintiffs' forthcoming motion to compel regarding FICO's operative privilege logs and (2) the parties' proposed case schedule.

### I. PRIVILEGE LOG MOTION TO COMPEL

**Joint Statement**

Status of Meet and Confer Process and Remaining Disputes

The parties have worked diligently to resolve their outstanding disputes regarding both FICO's May 12, 2026 Corrected Fourth Amended Privilege Log ("Primary Log") and April 30, 2026 Supplemental Privilege Log ("Supplemental Log"). Pursuant to the Court's May 12, 2026 Minute Order (ECF No. 660), the parties have completed their meet and confer process regarding these disputes, including videoconferences on May 21 and May 28, 2026.

While the parties have resolved a number of their disputes, Plaintiffs have declared impasse on the following:

- Entries on FICO's Primary Log and Supplemental Log with blank "recipient" fields

- Entries on FICO's Primary Log that do not list an attorney as a sender or recipient of the communication, to which Plaintiffs object on the basis that FICO amended its privilege log descriptions for those entries

- Entries on FICO's Primary Log with subject lines or descriptions that Plaintiffs contend relate to business matters

- Entries on FICO's Supplemental Log involving what Plaintiffs and the Court have referred to as "blast" emails (*i.e.*, emails to more than 10 recipients, fewer than one-third of whom are attorneys), some of which involve distribution lists that included 10 or more FICO employees or counsel[1]

Additionally, there are entries involving communications with third parties on both the Primary Log (which were the subject of motion practice that this Court ruled on earlier today, *see* ECF No. 668) and Supplemental Log (which the parties have agreed will be subject to the Court's ruling at ECF No. 668 or, to the extent FICO files an objection to that Order, to resolution of that objection).

FICO served its Fifth Amended Privilege Log and Amended Supplemental Log on May 29, 2026. These further amended logs reflect FICO's amendment to privilege log descriptions for approximately 7,666 entries on the Primary Log and approximately 144 entries on the Supplemental Log, and FICO's re-review (which resulted in no change to an entry, a revised description for an entry, or the withdrawal of an entry) of approximately 528 entries on the Primary Log and approximately 374 entries on the Supplemental Log. In connection with FICO's stated re-review of certain entries, FICO reduced or withdrew its privilege claims as to some entries and has produced the 237 documents that included such reduced or withdrawn privilege claims.

On June 2, 2026, Plaintiffs sent a letter to FICO memorializing the parties' May 28, 2026 meet and confer and responding to a May 28, 2026 letter from FICO about its Supplemental Log,

---

[1] The Court issued an Order on June 4, 2026, on Plaintiffs' prior challenges to entries on FICO's Primary Log involving emails to more than 10 recipients and to entries for communications involving certain third parties. *See* ECF No. 668. FICO is reviewing that ruling and reserves the right to file an objection to the Order in whole or in part.

with several questions about certain email distribution lists and shared email mailboxes on FICO's Supplemental Log; FICO is reviewing those questions. The parties are hopeful that Plaintiffs' objections as to the amended entries, email distribution lists, and shared email mailboxes are, or will soon be, resolved. If, following Plaintiffs' review, any disputes remain as to these entries, the parties will promptly try to resolve them. If they cannot, Plaintiffs believe that they will be able to include them in their forthcoming motion to compel.

Finally, as the parties noted in their Joint Motion to Hold in Abeyance the Meet and Confer Deadline Regarding FICO's Privilege Logs (ECF No. 663) ("Motion to Hold in Abeyance"), FICO informed Plaintiffs last week, two days prior to this Court's Friday, May 29, 2026 deadline for the parties to complete their meet and confers, that its vendor had recently identified additional documents for production and privilege review and that, therefore, FICO (1) intended to make an additional production of approximately 5,000 documents by early this week (which it has now done) and (2) would provide a Second Supplemental Privilege Log encompassing FICO's current privilege review of approximately 3,000 additional documents by June 10, 2026.[2] While the parties jointly requested that the meet and confer deadline be held in abeyance, the parties do not anticipate that FICO's forthcoming Second Supplemental Privilege Log will alter the result of the discussions the parties have had to date, as detailed above.

Briefing Schedule

Per the Court's direction, the parties have met and conferred and jointly propose the following briefing schedule for Plaintiffs' motion to compel:

- Plaintiffs' motion: June 30, 2026

---

[2] FICO's Second Supplemental Privilege Log will also include any privilege log entries resulting from its privilege review of approximately 400 documents that FICO reviewed in connection with its recent productions responsive to RFP Nos. 71 and 88.

- FICO's opposition: July 30, 2026

- Plaintiffs' reply: August 13, 2026

As stated in the parties' Motion to Hold in Abeyance, Plaintiffs do not currently believe that they will need relief from the June 30 deadline but will notify the Court promptly if that changes in light of the documents that FICO produced this week and the Second Supplemental Privilege Log that FICO expects to serve by June 10, 2026.

Page Limitations

Given the number of issues remaining between the parties, the parties agree that a reasonable extension beyond the Court's ordinary page limitations is appropriate. Therefore, the parties jointly propose the following page limitations on their respective briefs, not inclusive of declarations or exhibits in support of the same:

- Opening brief: 30 pages

- Opposition brief: 30 pages

- Reply brief: 15 pages

## II. CASE SCHEDULE

**Joint Statement**

Consistent with the Court's May 15, 2025 minute order (ECF No. 660), the parties have continued to meet and confer regarding the case schedule. The parties were able to reach agreement on most dates. Those dates, as well as those which remain in dispute, are set forth in **Appendix A** to this Joint Status Report. The parties' statements regarding the dates in dispute follow.

4

Deadline for Substantial Completion of Parties' Supplemental Productions

**Plaintiffs' Statement:**

As Plaintiffs have previously noted, they will be prejudiced if this case proceeds into depositions without FICO producing the documents it has improperly withheld on its privilege log, particularly in light of the fact that Plaintiffs anticipate that any de-logged documents will likely be particularly important (or "hot"). Plaintiffs have two significant privilege log motions, one of which the Court ruled on today, and one of which is forthcoming, which collectively cover approximately 20,000 entries on FICO's privilege log. This represents a substantial volume of documents;[3] thus FICO *cannot* be substantially complete in its document productions until it produces any documents that the Court rules have been improperly withheld. Indeed, the Court has already recognized this concern and specifically proposed August 31, 2026, as the substantial compliance deadline with the intention of ensuring that Plaintiffs will have any documents resulting from the Court's orders by then. *See* May 12, 2026 Hr'g Tr. at 39:17-25 ("[M]y suggestion is to have a really meaningful substantial compliance date with – there's a big caveat, though, right? There is a ruling that is going to come out and then you've got the privilege log issue that is going to be briefed and responded to . . . . I would use August 31st'ish as the date that you think, okay, this is when we're going to have what we have.").

Although August 31, 2026, seems ambitious given that, per the parties' joint proposal above, briefing on Plaintiffs' forthcoming motion to compel will not be completed until August 13, 2026, Plaintiffs have nevertheless keyed the remainder of the dates in the case schedule off the August 31 date *with the important caveat* that FICO's document productions, including those

---

[3] FICO's attempt to minimize the significance of Plaintiffs having to review tens of thousands of documents, produced at the last minute, stands in stark contrast to FICO's repeated objections to having to review similar volumes of documents in response to Plaintiffs' requests. *See, e.g.*, ECF No. 644 at 6 (declining to review any search string hitting on more than 1,000 documents for Plaintiffs' RFP No. 71).

produced off of FICO's multiple privilege logs, is also complete. This proposal is a practical way to implement the Court's intentions while accommodating any delays in resolving Plaintiffs' motions and in FICO producing documents in response to the Court's rulings.

Even if FICO's productions are not complete by August 31, the remainder of the case schedule provides, at a minimum, a framework for the periods of time that should pass between successive deadlines (as indicated by the parentheses under deadlines that are contingent on previous events). Accordingly, Plaintiffs are confident that if FICO's productions are not complete by August 31, the parties can easily adjust the case schedule to follow the same structure, barring reasonable adjustments for major holidays or weekends—adjustments that the Court has stated that it would be willing to consider. *See* May 12, 2026 Hr'g Tr. at 39:9-11 ("I've been before judges who do this, it is really hard to move the date. I don't try to do that.").

**FICO's Statement:**

FICO has proposed a general substantial completion deadline of August 31, 2026, with an exception for any documents to be produced by FICO as a result of Plaintiffs' pending and soon-to-be-filed challenges to FICO's privilege log. Those documents will be produced within 21 days of any order issued by the Court requiring their production, or within 14 days after resolution of any timely filed motion to clarify, motion to reconsider, or objection to such order.

FICO's proposal accounts for the fact that Plaintiffs' forthcoming privilege log motion will not be fully briefed until August 13, 2026, if the Court accepts the briefing schedule jointly proposed by the parties above. Depending on when the Court rules on the motion, it may not be possible for FICO to comply with any production obligations stemming from the resolution of the motion by August 31, 2026. FICO's proposal avoids the need to reset the August 31 deadline if the Court does not rule on Plaintiffs' privilege log motion by that date.

Plaintiffs' proposed deadline is based on an underlying assumption that if any de-logged documents are produced after August 31, 2026, it will necessarily require further extensions of the case schedule. There is no reason to think that is the case. FICO currently estimates that approximately 11,600 documents—at most—will be at issue on Plaintiffs' forthcoming privilege log motion (though this number could continue to change before Plaintiffs file their motion on June 30). For context, that is less than 2.2% of the number of documents that FICO has already produced. And, setting aside the fact that FICO maintains that Plaintiffs' challenges are without merit, Plaintiffs have no basis for their bald assertion that any documents they are challenging in their categorical privilege log challenges are "hot" or otherwise any more notable than the many thousands of documents FICO has already produced.

Nevertheless, if Plaintiffs' forthcoming privilege log motion remains pending when Plaintiffs intend to proceed with depositions of FICO witnesses, and they believe there is good cause to defer certain depositions until the motion is resolved, the parties can always meet and confer about those issues and seek appropriate relief from the Court at that time.

<u>Plaintiffs' Amended Responses to RFAs 1-2</u>

**Plaintiffs' Statement:**

The Court has specifically recognized that Plaintiffs have pending interrogatories to FICO that directly bear on Plaintiffs' responses to RFA Nos. 1 and 2. May 12, 2026 Hr'g Tr. at 16:11-17:3 ("I could see 45 days from when these interrogatories that you've identified that you think are at issue, that seems more of an appropriate measure than FICO's document production . . . . once we get that issue resolved, you'll . . . have 45 days from then, is what I'm thinking, to get that request to admit answered, and certainly plenty of time before your 30(b)(6) depositions."). Plaintiffs' proposal in the schedule below follows the Court's instruction to the letter.

To be specific, Plaintiffs are waiting on FICO's full response to Interrogatory Nos. 8 and 13, which require FICO to identify all entities that purchased credit scores directly from FICO. The parties are still in active discussions[4] regarding whether FICO's current responses to these Interrogatories are sufficient. Plaintiffs' proposal incorporates those discussions, as the Court envisioned.[5]

**FICO's Statement:**

As previously explained, these RFAs go to named DPPs' standing to recover damages under the federal antitrust laws. ECF No. 644, at 9-10; ECF No. 659, at 6. FICO has requested substantive answers to these RFAs before proceeding with Plaintiffs' depositions. *See* 5/12/2026 Hrg. Tr. at 15:11-19; see also id. at 16:5-7 (Court noting that the responses to these RFAs "have to occur before the depositions"). FICO's proposal achieves this goal by requiring Plaintiffs to answer the RFAs by August 31, 2026. Plaintiffs' proposal defers their obligation to respond to these RFAs until 45 days after the final resolution (including by motions practice) of any *disputes* regarding FICO's responses to other Interrogatories that Plaintiffs have served. Importantly, FICO has already served substantive responses to the Interrogatories that FICO believes are sufficient under the Federal Rules of Civil Procedure.[6] More importantly, Plaintiffs do not need further discovery

---

[4] FICO notes below that Plaintiffs have not yet responded to FICO's May 15, 2026 letter regarding the interrogatories. Plaintiffs anticipate responding tomorrow.

[5] It should also be noted that Plaintiffs' proposal may result in Plaintiffs providing their responses to RFA Nos. 1 and 2 *earlier* than August 31, 2026, if the parties resolve their discussions about FICO's interrogatory responses by mid-July.

[6] Plaintiffs state the parties are in "active discussions" regarding whether FICO's responses to Interrogatories Nos. 8 and 13 are sufficient, but to date Plaintiffs have not responded to FICO's May 15, 2026 letter setting forth FICO's position as to why those responses are sufficient. As FICO noted in that letter, FICO's response to Interrogatory No. 8 clearly states that the direct license agreements and/or notification of direct sale and authorization for the release of scores listed in its response are the agreements it has identified based upon FICO's reasonable search of its records. As to Interrogatory No. 13, FICO has also confirmed to Plaintiffs that all entities listed in response to Interrogatory No. 8 are end-users, resolving Plaintiffs' one outstanding question on that Interrogatory. FICO's responses are sufficient under the Federal Rules of Civil Procedure.

8

from FICO to admit or deny the facts stated in these RFAs. To keep the discovery process moving

forward, FICO requests a date certain for this deadline that is not pegged to the resolution of other

potential discovery disputes.

Dated: June 4, 2026

*/s/ Karin E. Garvey*
Karin E. Garvey
Brian M. Hogan
Joseph P. Guglielmo
Michelle E. Conston (*pro hac vice*)
Daniel F. Loud (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
kgarvey@scott-scott.com
brian.hogan@scott-scott.com
jguglielmo@scott-scott.com
mconston@scott-scott.com
dloud@scott-scott.com

Carmen Medici (*pro hac vice*)
Gary Foster (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-798-5319
cmedici@scott-scott.com
gfoster@scott-scott.com

Patrick McGahan (*pro hac vice*)
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
156 S. Main St.
Colchester, CT 06415
Telephone: 860-531-2606
pmcgahan@scott-scott.com

*Interim Lead Class Counsel for Direct*
*Purchaser Plaintiffs and the Proposed Direct*
*Purchaser Class*

Christopher M. Burke
Yifan (Kate) Lv
**BURKE LLP**
402 West Broadway, Suite 1890

Respectfully submitted,

Steven F. Molo
Lauren F. Dayton
Eric Posner
**MOLOLAMKEN LLP**
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: 312-450-6700
smolo@mololamken.com
ldayton@mololamken.com
eposner@mololamken.com

Christian I. Bale
**MOLOLAMKEN LLP**
600 New Hampshire Avenue, N.W.,
Suite 500
Washington, DC 20037
Telephone: 202-556-2000
cbale@mololamken.com

Anden Chow
Cody Wiles
**MOLOLAMKEN LLP**
430 Park Avenue
New York, NY 10022
Telephone: 212-607-5951
achow@mololamken.com
cwiles@mololamken.com

*Liaison Counsel for Direct Purchaser*
*Plaintiffs and the Proposed Direct*
*Purchaser Class*

George A. Zelcs
Randall P. Ewing, Jr.
Chad E. Bell
Labeat Rrahmani
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
cbell@koreintillery.com
lrrahmani@koreintillery.com

10

San Diego, CA 92101
Telephone: 619-369-8244
cburke@burke.law
klv@burke.law

Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Daniel J. Nordin (*pro hac vice*)
Anthony J. Stauber (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
tstauber@gustafsongluek.com

Dennis Stewart (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 612-333-8844
dstewart@gustafsongluek.com

Gary F. Lynch
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
gary@lcllp.com

Garrett D. Blanchfield (*pro hac vice*)
Brant D. Penney (*pro hac vice*)
Roberta A. Yard (*pro hac vice*)
**REINHARDT WENDORF &
BLANCHFIELD**
80 So. 8th Street, Suite 900
Minneapolis, MN 55402
Telephone: 651-287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)

Michael L. Roberts
Karen Sharp Halbert
Christopher B. Sanchez
**ROBERTS LAW FIRM, P.A.**
6834 Cantrell Road, Suite #1131
Little Rock, AR 72207
Telephone: 501-821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
chrissanchez@robertslawfirm.us

Jennifer W. Sprengel
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
jsprengel@caffertyclobes.com

*Counsel for Direct Purchaser Plaintiffs
and the Proposed Direct Purchaser Class*

11

Rachel E. Kopp (*pro hac vice*)
**SPECTOR ROSEMAN &
KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
BCaldes@srkattorneys.com
JSpector@srkattorneys.com
RKopp@srkattorneys.com

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs and the Proposed
Indirect Purchaser Class*

Charles R. Watkins
**GUIN & EVANS, LLC**
805 Lake Street, #226
Oak Park, IL 60603
Telephone: 312-878-8397
charlesw@gseattorneys.com

*Liaison Counsel for Indirect Purchaser
Plaintiffs and the Proposed Indirect
Purchaser Class*

/s/ Matthew D. Provance
Britt M. Miller
J. Gregory Deis
Matthew D. Provance
Megan E. Stride
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: 312-782-0600
Facsimile: 312-701-7711
bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant Fair Isaac Corporation*

**APPENDIX A**

| Event | Current Deadline | Plaintiffs' Proposal | FICO's Proposal |
|---|---|---|---|
| Substantial Completion of Parties' Supplemental Productions | | August 31, 2026, provided that FICO has made all productions stemming from all privilege log challenge rulings | **Generally:** August 31, 2026<br><br>**For the production of documents from FICO's privilege logs as a result of any forthcoming Court Order(s):** 21 days after any such Order, or 14 days after resolution of any motion to clarify, motion to reconsider, and/or any objection to such Order |
| Last Day to Serve Additional Written Discovery Requests on a Non-Party | October 17, 2025 | December 4, 2024<br><br>(with an additional 21 days to serve additional requests on a party who is served by the other side)<br><br>**(Agreed)** | December 4, 2026<br>(with an additional 21 days to serve additional requests on a party who is served by the other side)<br><br>**(Agreed)** |
| Plaintiffs' Amended Responses to Requests for Admission Nos. 1-2 | | 45 days after FICO provides final interrogatory responses following the parties' meet and confers re those responses | August 31, 2026 |
| Filing of a Single, Consolidated Plaintiffs' Motion, If any, Challenging FICO's Privilege Logs | | June 30, 2026<br><br>**(Agreed)** | June 30, 2026<br><br>**(Agreed)** |

| Event | Current Deadline | Plaintiffs' Proposal | FICO's Proposal |
|---|---|---|---|
| (Operative Original and Supplemental, Including Forthcoming Additional Supplemental Entries) | | | |
| Plaintiffs' Responses to FICO's Interrogatories 11 through 19 | | December 18, 2026<br><br>**(Agreed)** | December 18, 2026<br><br>**(Agreed)** |
| Completion of All Fact Discovery | January 20, 2026 | February 26, 2027<br><br>**(Agreed)** | February 26, 2027<br><br>**(Agreed)** |
| Expert Reports (consolidated merits and class certification reports) | Opening Reports:<br>February 27, 2026<br><br>Response Reports:<br>April 10, 2026<br><br>Rebuttal Reports:<br>May 8, 2026 | Opening Reports:<br>May 6, 2027<br>(10 weeks after close of fact discovery)<br><br>Response Reports:<br>July 29, 2027<br>(12 weeks after Opening Reports)<br><br>Rebuttal Reports:<br>September 23, 2027 | Opening Reports:<br>May 6, 2027<br>(10 weeks after close of fact discovery)<br><br>Response Reports:<br>July 29, 2027<br>(12 weeks after Opening Reports)<br><br>Rebuttal Reports:<br>September 23, 2027 |

| Event | Current Deadline | Plaintiffs' Proposal | FICO's Proposal |
|---|---|---|---|
| | | (8 weeks after Response Reports)<br><br>(Agreed) | (8 weeks after Response Reports)<br><br>(Agreed) |
| Expert Depositions | June 26, 2026 | November 5, 2027<br>(6 weeks after Rebuttal Reports)<br><br>(Agreed) | November 5, 2027<br>(6 weeks after Rebuttal Reports)<br><br>(Agreed) |
| Daubert and Class Cert Motions[7] | Motions:<br>August 7, 2026<br><br>Opposition Briefs:<br>September 18, 2026<br><br>Reply Briefs:<br>October 23, 2026 | Motions:<br>January 20, 2028<br>(11 weeks after Expert Depositions)<br><br>Opposition Briefs:<br>April 6, 2028<br>(11 weeks after Motions)<br><br>Reply Briefs:<br>May 18, 2028<br>(6 weeks after Opposition Briefs)<br><br>(Agreed) | Motions:<br>January 20, 2028<br>(11 weeks after Expert Depositions)<br><br>Opposition Briefs:<br>April 6, 2028<br>(11 weeks after Motions)<br><br>Reply Briefs:<br>May 18, 2028<br>(6 weeks after Opposition Briefs)<br><br>(Agreed) |

---

[7] The parties note that the original case schedule did not include dates for Daubert motions but have agreed to set a schedule for them that matches the class certification schedule. The dates listed in the "Current Deadline" in this section related only to class certification.