**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Sky Federal Credit Union et al, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No:20cv2114 |
| | ) | |
| v. | ) | Magistrate Judge: M. David Weisman |
| | ) | |
| Fair Isaac Corporation et al, | ) | |
| | ) | |
| Defendant(s), | ) | |

**ORDER**

Magistrate status hearing held. Discussion held on issues raised in joint status report. Discussion held regarding Plaintiffs' request for further correspondence from Congress/Senator Hawley. Defendant asserts the scope of the request is overbroad and further may be difficult to monitor with the client and is concerned with any duty to notify Plaintiff. Court inquired about restricting scope to antitrust issues. Plaintiff agreed that it is seeking documents "germane" to its claims and asks to also include consumer protection within the scope. The Court finds that the request for notification of Plaintiff is limited to any inquiry from Congress, the burden on Defendant is not inappropriate, and the scope includes any complaints relevant to antitrust concerns and any other claims in the instant case. Whether further production of documents would be required will be decided if a further Congressional request / complaint occurs.

As to interrogatories 13 and 8, Plaintiff believes additional entities should be included in Defendant's response and wants a list from Defendant; parties to continue discussions, including Defendant's most recent email referring Plaintiff to structured data.

Discussion held on each of Defendant's RFAs 9-13, see Dkt. # 683 at 10, Court concluded that the issue is not ripe for review; parties to continue to meet and confer. For context, the Court opined that RFAs 9, 10, 12, and 13 appear relatively focused and straightforward.

Regarding RFAs 1 & 2, discussion held on timing and import of the responses and tethering to interrogatory responses. Plaintiff's responses to RFAs 1 and 2 will be required within 45 days after FICO provides final responses (i.e., after any motion to compel) to interrogatories 8 and 13 to Plaintiff.

Page 12 of the JSR, work-product privilege log, parties met and conferred on "blast" email issue and the parties summarized their agreements. FICO does not agree that distribution list emails fall within the Court's ruling. Parties may have 2 extra pages for opening brief and response and 1 additional page in the reply. Parties agree that FICO's obligation to comply with "blast" portion of this Court's order is stayed.

Regarding work-product entries in FICO's supplemental log, Plaintiff has certain objections but contends these are not categorical challenges (which are due 6/30), but Plaintiff is prepared to include them in the 6/30 brief. FICO states this issue involves 65 entries and FICO is attempting to resolve these. As to the second supplemental log, there are 18 entries that will be included in the 6/30/26 brief as they "suffer" from the missing recipient information already topically included in the briefing (but the 18 entries will not be discussed individually). The Court concludes that the 65

entries should be included in the 6/30/26 brief, and as to the 18 entries, because the 6/30/26 global motion may impact a resolution of those 18, those should wait and not be included in the 6/30/26 brief.

As to the work product claims (see JSR, p. 13), the parties should meet and confer as to these entries. If necessary, the Court will entertain limited motion practice on these issues.

Discussion held as to page 14 of the JSR, Experian and Equifax responses to Plaintiff, Experian attorney (Mr. Gant) and Equifax attorney (Mr. Neuner) appeared and noted they are working on the responses but further stated the responses are very burdensome and complicated and Experian may not be able to respond. Plaintiff noted it had not heard of Experian's difficulties and stated resolution might be able to be reached. Plaintiff and Experian and Equifax are granted leave until 7/21/26 to meet and confer to be followed by motion practice, if necessary.

As to third-party subpoenas to PWC, Deloitte, Quantilytic and Glover Park Group, Plaintiff is pursuing responses to these to the extent they are not privileged based on this Court's prior rulings. Plaintiff to provide an update on this issue in the joint status report for the 7/21/26 status hearing. Parties to meet and confer as to the mechanics of how these entities are responding within the Court's privilege ruling. Regarding the case schedule, Court will not set one today but will make every effort to put one in place before Labor Day. Status hearing set for 8/20/26 at 2:00 p.m. (and may be rescheduled to 8/18/26 at 12:30 p.m., if necessary). Joint status report due by noon on 8/18/26 or 8/17/26, as discussed in open court. July 21, 2026 status hearing remains.

T: (1:15)

Date: June 23, 2026

M. David Weisman

M. David Weisman
United States Magistrate Judge