**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re FICO Antitrust Litigation* | Case No. 20-cv-02114 |
| *This document relates to:* | Honorable April M. Perry |
| ALL ACTIONS | Magistrate Judge M. David Weisman |

## DEFENDANT FAIR ISAAC CORPORATION'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO COMPEL

Defendant Fair Isaac Corporation ("FICO") respectfully moves this Court for a 15-day extension to respond to Direct and Indirect Purchaser Plaintiffs' ("Plaintiffs") Third Motion to Compel FICO to Produce Certain Documents from Its Privilege Logs, ECF No. 689 ("Motion"). In support of this motion, FICO states as follows:

1. In their Joint Status Report dated June 4, 2026, the parties jointly proposed that the Motion would be due June 30, 2026, FICO's opposition would be due July 30, 2026, and Plaintiffs' reply would be due August 13, 2026. ECF No. 669 at 3-4; *see* ECF No. 691 at 1 n.1 ("The parties had previously agreed that FICO's response to this Motion shall be due on July 30, 2026, and Plaintiffs' reply in support of the Motion shall be due on August 13, 2026." (citation omitted)).

2. On June 30, 2026, Plaintiffs filed their Motion. On July 1, 2026, the Court entered an Order requiring that FICO respond to Plaintiffs' Motion by July 15, 2026. ECF No. 693.

3. Federal Rule of Civil Procedure 6(b)(1)(A) allows a court to extend a deadline for good cause shown if the request for the extension is made before the deadline has expired. *See Sharma v. Big Limos MFG, LLC*, 2017 WL 2779798, at *6 (N.D. Ill. Jun. 27, 2017). As courts

have recognized, "the term 'good cause' imposes a light burden." *McCann v. Cullinan*, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015).

4. Good cause exists to grant FICO's request for an extension of time to respond to Plaintiffs' Motion. FICO requests an extension of its deadline consistent with the parties' previously agreed briefing schedule. Plaintiffs' Motion asks the Court to find that FICO has waived the attorney-client privilege and to compel the partial or complete production of documents reflected in thousands of privilege log entries. The Motion also includes 40 supporting exhibits and totals more than 180 pages. Although FICO has been diligently preparing its response since the day Plaintiffs filed their Motion, it will require additional time to prepare its response.

5. Good cause further exists to allow FICO a modest extension of time to respond to the Motion because the attorney-client privilege plays a vital role in the administration of justice, and clients and counsel should be permitted to zealously protect documents believed to be privileged. *Am. Nat. Bank & Tr. Co. of Chi. v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878-79 (7th Cir. 2005). FICO also has not received any other extensions of the deadline to respond to Plaintiffs' Motion. Moreover, there is no case schedule currently in place; the Court has indicated it intends to put one in place before Labor Day, *see* ECF No. 685. Granting FICO's modest request for an extension will not materially delay these proceedings.

6. On July 2, 2026, counsel for FICO spoke with counsel for Plaintiffs to ask if Plaintiffs would consent to the requested extension of FICO's deadline to respond to the Motion. Counsel for Plaintiffs stated that they take no position on FICO's request, but viewed the Court's shorter briefing schedule and August 18, 2026 ruling date as likely being tied to the imposition of a case schedule. As FICO notes above, FICO's request for an additional 15 days to respond to

Plaintiffs' 27-page brief, consistent with the parties' previously agreed schedule, will not materially delay this litigation.

7.　　Accordingly, FICO respectfully requests that the Court grant an extension of its deadline to respond to Plaintiffs' Motion up to and including July 30, 2026. FICO does not oppose the Court similarly extending Plaintiffs' reply deadline until August 13, 2026, as set forth in the parties' jointly proposed briefing schedule, *see* ECF No. 669 at 3-4; ECF No. 691 at 1 n.1, and Plaintiffs have informed FICO that they would want such an extension were the Court to grant FICO's request.

8.　　FICO is submitting a Proposed Order to the Court's designated email address with this Motion, pursuant to the Court's Individual Practices.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Matthew D. Provance*
Britt M. Miller
Matthew D. Provance
J. Gregory Deis
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
(312) 701-7711—Facsimile
bmiller@mayerbrown.com
mprovance@mayerbrown.com
gdeis@mayerbrown.com

Catherine A. Medvene (*pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3000
(202) 263-3300—Facsimile
cmedvene@mayerbrown.com

*Counsel for Defendant*
*Fair Isaac Corporation*

## CERTIFICATE OF SERVICE

I, Matthew D. Provance, an attorney, hereby certify that on July 6, 2026, I caused a true and correct copy of the foregoing **DEFENDANT FAIR ISAAC CORPORATION'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION TO COMPEL** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Matthew D. Provance*
Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
mprovance@mayerbrown.com