**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: FICO ANTITRUST LITIGATION | No. 1:20-CV-2114 |
| This document relates to: | Judge April M. Perry |
| | Chief Magistrate Judge M. David Weisman |
| ALL ACTIONS | |

## JOINT STATUS REPORT

The parties respectfully submit this Joint Status Report pursuant to the Court's May 12, 2026 Minute Order. ECF No. 660.

### I.   PARTY DISCOVERY ISSUES

**Joint Statement:**

The parties have made significant progress in resolving the outstanding discovery issues that they have discussed with the Court at prior status hearings. The below issues have been resolved and require no Court intervention at this time.

FICO's responses to Plaintiffs' Request for Production ("RFP") No. 71

FICO has completed its production of documents responsive to RFP No. 71, including a supplemental production that included a response letter that it sent to Senator Hawley on April 10, 2026. FICO confirms that, as of the date of this Joint Status Report, it has not produced any documents in response to Senator Hawley's March 23, 2026 letter.

<u>Plaintiffs' Responses to RFA Nos. 9-13</u>

Plaintiffs served responses and objections to FICO's Second Set of Requests for Admission and Third Set of Interrogatories on April 17, 2026. The parties met and conferred regarding Plaintiffs' responses to FICO's RFA Nos. 9 through 13 on June 11, 2026. Those RFAs, broadly speaking, ask Plaintiffs to admit certain information about the VantageScore Litigation. Plaintiffs will provide amended responses to these RFAs by July 24, 2026, as FICO requested. FICO will review the amended responses to its RFAs but agrees that no issues regarding the RFAs require discussion with the Court at this time.

<u>Plaintiffs' Responses to RFA Nos. 1-2</u>

At the June 23, 2026 status conference, the Court ordered that Plaintiffs' amended responses to RFA Nos. 1-2 shall be due within 45 days of the resolution of the parties' disputes over FICO's responses to Interrogatory Nos. 8 and 13, including any related motion practice. June 23, 2026 Hr'g Tr. at 27:16-21. The parties' discussions regarding these interrogatories, as discussed *infra* at pages 4-5, 7-8, are ongoing.

**Plaintiffs' Statement on Additional Issues:**

<u>FICO's response to Plaintiffs' Request for Production ("RFP") No. 55[1]</u>

On July 1, 2026, the Florida Attorney General's office ("AG's office") announced that it had issued a Civil Investigative Demand ("CID") to FICO "commanding the production of comprehensive documents and answers to questions to determine whether FICO has engaged in anticompetitive conduct in violation of the Florida Antitrust Act." *See* Florida Attorney General's

---

[1] RFP No. 55 provides, "In connection with any investigation by a U.S. government or state agency into competition between Credit Scores and/or Credit Score providers during the Relevant Time Period for unstructured data: (a) Civil Investigative Demands and subpoenas issued by the government and corresponding written responses thereto, (b) business records produced to the government, and (c) sworn statements made to the government (including deposition testimony or other written, sworn statements by a party, such as interrogatory responses)."

Press Release at https://www.myfloridalegal.com/newsrelease/attorney-general-james-uthmeier-issues-civil-subpoena-fico-alleged-anticompetitive. The AG's office specifically stated that, "[f]or decades, FICO has maintained a monopoly in the business-to-business credit scoring market. Recent years have seen dramatic price increases—from under $1 per score to as high as $10—along with allegations of predatory pricing, illegal product bundling, exclusionary contracts with the major credit bureaus, and efforts to impede competitors." *Id.* The CID calls for (a) the production of "all documents previously provided in the ongoing federal antitrust litigation," (b) the production of other specific types of documents that relate to the claims in the instant litigation, and (c) answers to "questions on FICO's competitors, antitrust compliance personnel and training, and internal antitrust reviews." *Id.* Per the AG's office, FICO must comply by August 5, 2026. *Id.*

The Court has made clear that FICO has a duty to supplement its response to RFP No. 71[2] by providing Plaintiffs with notice of any further letters FICO receives from Congress regarding antitrust complaints or other allegations in the complaint within a week of receipt, June 23, 2026 Hr'g Tr. at 11:24-12:2 (clarifying ECF No. 660)—logic which should extend to FICO's response to RFP No. 55. Obviously, the parties were not aware of the recent CID until early this month. But this Court has specifically noted that "[T]he rules of civil procedure obligate all of us, when I was an attorney the same thing, to supplement discovery. So if two days before trial, you learn something or come across something you didn't have, just because fact discovery is closed, you still have to produce it if it's clearly responsive . . . . So I'm not going to put a time limit on it." May 12, 2026 Hr'g Tr. at 7:22-8:5.

---

[2] RFP 71 provides, "All Documents and Communications concerning any inquiries, investigations, or outreach from members of Congress urging the Department of Justice or other governmental entity to investigate Fair Isaac, including but not limited to internal communications, analyses, reports, and responses related to such inquiries . . . ."

On July 7, 2026, Plaintiffs wrote to FICO, requesting that FICO provide the CID by July 8, 2026 (which was one week after FICO received it). FICO responded on July 8, 2026, asking the basis on which Plaintiffs believed that they were entitled to the CID, and Plaintiffs responded on July 9, 2026, indicating, consistent to what Plaintiffs have stated in this JSR, that the CID was specifically called for by RFP No. 55, and the Court's guidance regarding ongoing obligations regarding RFP No. 71 was equally applicable to FICO's obligations to respond to RFP No. 55. Save for what FICO states below, FICO has not yet replied to Plaintiffs' email.

Plaintiffs request an opportunity to discuss the CID with the Court at the July 21, 2026 status hearing.

<u>FICO's Interrogatory Responses</u>

FICO served its responses to Plaintiffs' Second Set of Interrogatories on April 17, 2026. The parties met and conferred regarding these responses on April 29, 2026, which Plaintiffs memorialized in a letter dated May 1, 2026. FICO responded to Plaintiffs' letter on May 15, 2026, and Plaintiffs further responded on June 5. The parties are still discussing FICO's responses to several of those interrogatories, as described immediately below.

To date, FICO has not provided an adequate response to Interrogatory No. 13. This Interrogatory—which, as the Court recognized, is important for Plaintiffs to adequately respond to RFA Nos. 1 and 2—requests, simply, a list of "***all entities*** that purchase B2B Credit Scores directly from [FICO], identifying whether each entity is an end user or a reseller." (Emphasis added.) Previously, FICO relied on its answer to Interrogatory No. 8, which only requested a list of "***all agreements***" with end-users, for its response to Interrogatory No. 13. In a June 22, 2026 email, FICO purported to supplement this response, stating, "FICO refers Plaintiffs to the structured data produced at FICO-SKY_02666204, which identifies any additional entities that FICO invoiced for

credit scores during the relevant time period"—an admission that its prior verified response to Interrogatory No. 8 had not completely responded to Interrogatory No. 13. Following receipt of this letter, Plaintiffs specifically reviewed FICO's structured data to see whether it did, in fact, provide a sufficient response to Interrogatory No. 13. It did not. In fact, the data contains numerous material gaps that make it insufficient. By way of example only, **FICO admitted** in its own data clarification letters **that certain direct sales would not be identified as direct purchases in the structured data** because they were fulfilled by a Credit Bureau. Plaintiffs raised these issues with FICO in a letter on July 7, 2026, but have not yet received a response.[3] Plaintiffs do not understand why FICO cannot provide the list that Interrogatory No. 13 requires.

The parties have outstanding disputes regarding certain of FICO's other Interrogatory responses but met and conferred regarding those disputes on July 1, 2026. Following that meet and confer, Plaintiffs sent a letter to FICO on July 7, 2026, offering compromises, and FICO replied on July 17, 2026. It appears that the parties have resolved most of their disputes, although Plaintiffs are still considering FICO's letter (received last night). The parties do plan to further meet and confer with respect to Interrogatory No. 13.

Subject to those offers of compromise, Plaintiffs believe that they are close to reaching impasse regarding several of FICO's Interrogatory responses, including but not limited to Interrogatory No. 13. Currently, though, there are no disputes ripe for resolution by the Court.

---

[3] Due to these defects, if FICO's data is at all capable of providing the information Interrogatory No. 13 requests—which Plaintiffs doubt—the burden of collecting that information is not equal between Plaintiffs and FICO. Therefore, FICO's reliance, in correspondence and below in this JSR, on Rule 33(d) is improper and insufficient.

**FICO's Statement on Additional Issues:**

 FICO's response to Plaintiffs' Request for Production ("RFP") No. 55

The Florida Attorney General's office announced its intent to serve FICO with a CID on July 1, 2026. On July 7, 2026, Plaintiffs emailed FICO demanding that FICO produce the CID "no later than tomorrow." Counsel for FICO responded on July 8, and asked Plaintiffs to identify the basis for their request. Plaintiffs responded that the CID is responsive to their RFP No. 55. However, FICO is not required by RFP No. 55 (or any other RFP) to produce the CID to Plaintiffs because the parties reached an agreement during discovery, confirmed several times in writing, that nearly all RFPs served in this litigation are subject to an October 30, 2023, cut-off date. The only RFP served on FICO that is not subject to the October 2023 cut-off is RFP No. 71, which relates to inquiries by Senator Hawley and other members of Congress. Plaintiffs do not argue, nor could they, that the CID is responsive to RFP No. 71. Moreover, FICO's ongoing discovery obligation under RFP No. 71 is only to notify Plaintiffs if additional responsive documents come into existence so that the parties can further meet and confer about them. *See* ECF No. 660; June 23, 2026 Hr'g Tr. at 10:9-13. For all these reasons, the Court's rulings concerning RFP No. 71 do not require FICO produce discovery about the CID, by implication or otherwise.

The mutually agreed cutoff date of October 2023 for the parties' productions serves an important purpose of preventing never-ending discovery obligations in this litigation. Indeed, when FICO agreed to modify the October 2023 cut-off date for RFP No. 71, it did so specifically in reliance on Plaintiffs' commitment not to seek post-October 2023 documents that are responsive to any other RFPs—including RFP No. 55. The correspondence between the parties about this was clear. On October 3, 2025, FICO wrote, "we confirm FICO's agreement to produce non-privileged documents responsive to Plaintiffs' RFP 71 using an end-date of April 25, 2025, subject to the

following conditions as discussed during our call: … ***Plaintiffs agree that no other RFP that Plaintiffs have served to date in the litigation (from the First, Second, Third, and Fourth Set of RFPs) will be subject to a relevant time period that post-dates October 30, 2023***.” On October 7, 2025, Plaintiffs responded: “***This is acceptable***.” In complex civil litigation, the parties must be able to hold each other to the agreements they reach about discovery.

FICO continues to discuss Plaintiffs' request for the CID but disagrees for the reasons stated here that it has an obligation to produce it in discovery.

<u>FICO's Interrogatory Responses</u>

FICO has fully and adequately responded to Plaintiffs' interrogatories, but nonetheless remains engaged in discussions with Plaintiffs in an effort to resolve them. Those discussions are ongoing, and the parties agree that no dispute is ripe for the Court's consideration.

FICO will, however, address Plaintiffs' statement above regarding FICO's response to Interrogatory No. 13, which asks FICO to “[l]ist all entities that purchase B2B Credit Scores directly from You.” In response to that Interrogatory, FICO incorporated by reference its response to Interrogatory No. 8, which listed the entities with which FICO had entered into the direct license agreements and/or notifications of direct sale and authorization for the release of scores that it identified by Bates number in its Interrogatory No. 8 response. On June 22, 2026, FICO referred Plaintiffs, pursuant to Rule 33(d), to a direct invoice data file FICO had previously produced and which identifies any additional entities that FICO invoiced for credit scores during the relevant time period. To the extent Plaintiffs seek further information regarding whether those entities are end users or resellers, FICO directed Plaintiffs to certain other of its structured data files. At this point, FICO has directed Plaintiffs, pursuant to Rule 33(d), to all documents of which it is aware, based on a reasonable investigation, that contain information responsive to Interrogatory No. 13;

based on that information, Plaintiffs can prepare the "list" of entities they have requested by reference to the same data FICO would use at comparable burden and expense.

FICO responded to Plaintiffs' July 7, 2026, letter regarding the Interrogatories on July 16, 2026, which responds directly to Plaintiffs' objections and assertions about perceived issues with the datasets that FICO has identified pursuant to Rule 33(d).

## II.  FICO'S PRIVILEGE LOG

**Joint Statement:**

On June 30, 2026, Plaintiffs filed their motion to compel regarding outstanding issues on FICO's operative privilege logs. ECF No. 689. Plaintiffs' motion addresses the following issues:

- Entries on FICO's Primary Log and Supplemental Logs with blank "recipient" fields

- Entries on FICO's Primary Log that do not list an attorney as a sender or recipient of the communication, to which Plaintiffs object on the basis that FICO amended its privilege log descriptions for those entries

- Entries on FICO's Primary Log and Supplemental Logs with subject lines or descriptions that Plaintiffs contend relate to business matters

- Entries on FICO's First Supplemental Log including distribution lists that Plaintiffs contend are subject to the Court's June 4, 2026 Order (ECF No. 668)

In addition to these four issues, Plaintiffs have maintained their objections to 65 entries on FICO's First Supplemental Privilege Log where Plaintiffs assert that FICO has not substantiated its work product claims. Per the Court's instruction, Plaintiffs did not include this dispute in their motion. *See* June 23, 2026 Hr'g Tr. at 47:6-11. In a letter dated June 29, 2026, FICO confirmed that its substantive response regarding Plaintiffs' objections is forthcoming.

### III.    NON-PARTY DISCOVERY

**Experian Data Production:**

**Plaintiffs' Statement:**

At the June 23, 2026 status conference, the Court instructed that Plaintiffs should mature any disputes regarding Experian's data production by the forthcoming July 21, 2026 status conference. June 23, 2026 Hr'g Tr. at 58:16-20. On June 29, 2026, Experian produced some additional data, which appears to satisfy Plaintiffs' prior data request. Plaintiffs and Experian met and conferred on July 1, 2026, July 13, 2026, and July 16, 2026, regarding Plaintiffs' pending questions about Experian's data. Experian sent answers to all of Plaintiffs' questions, save for one (which Experian is working on), on July 16, 2026. There are no disputes between Plaintiffs and Experian at this time.

**FICO's Statement:**

FICO contacted counsel for Experian and Equifax on July 8, 2026, and counsel for TransUnion on July 13, 2026, to request that they provide correspondence they have exchanged with Plaintiffs regarding Plaintiffs' structured data questions, which may resolve FICO's questions about their structured data productions while reducing the burden to the Credit Bureaus to the extent possible. Experian and TransUnion have now provided that correspondence to FICO, and FICO is in the process of reviewing it. FICO is in discussions with counsel for Experian regarding this request.

**Equifax Data Production:**

**Plaintiffs' Statement:**

At the June 23, 2026 status conference, the Court instructed that Plaintiffs should mature any disputes regarding Equifax's data production by the forthcoming July 21, 2026 status

conference. June 23, 2026 Hr'g Tr. at 58:16-20. On July 7, 2026, Plaintiffs received a data clarification letter and supplemental structured data production from Equifax. Plaintiffs reviewed that information and sent a follow-up letter to Equifax on July 14, 2026, with limited follow-up questions. Equifax responded on July 17, 2026, and Plaintiffs are considering that response.

**FICO's Statement:**

FICO refers the Court to its statement above concerning Experian's data production.

**<u>Non-Party Subpoenas:</u>**

**Plaintiffs' Statement:**

Per the Court's April 9, 2026 Minute Order (ECF No. 645), Plaintiffs served non-party subpoenas on a number of consultants employed by FICO in connection with its anticompetitive conduct, with an instruction not to respond until the Court ruled on FICO's privilege claims regarding communications with those consultants. On June 4, 2026, the Court entered an Order ruling on FICO's privilege claims (ECF No. 668), which FICO did not object to.

Plaintiffs understand that the Court wishes to bring a speedy resolution to this matter and requested an update on the status of negotiations with the non-parties by July 21, 2026. June 23, 2026 Hr'g Tr. at 58:12-23. Accordingly, on or about June 26, 2026,[4] Plaintiffs provided the Court's guidance on privilege issues to all non-parties, along with amended subpoenas where appropriate to avoid communications the Court deemed to be privileged.[5]

---

[4] Soon after, Plaintiffs were required to re-issue a subpoena with the Court's updated guidance to Fleishman-Hillard, Inc., an entity that recently acquired non-party Porter Novelli. Plaintiffs had successfully served Porter Novelli in April 2026 but did not receive a response.

[5] Plaintiffs' subpoenas to FICO's consultants also instructed each non-party to produce documents in accordance with the Confidentiality Order (ECF No. 199), which Plaintiffs attached as an exhibit to each subpoena.

By the morning of the date of this Joint Status Report, Plaintiffs have received responses to 12 out of 20 subpoenas and, while certain non-parties have raised limited non-substantive objections to the subpoenas, Plaintiffs are not aware of any disputes that would necessitate motion practice. If any such disputes arise, Plaintiffs will promptly notify the Court.

Plaintiffs also intend to serve a number of additional subpoenas on certain credit score resellers.

**FICO's Statement:**

FICO disputes Plaintiffs' characterization of FICO's retention of certain consultants "in connection with its anticompetitive conduct," and objects to the non-party subpoenas Plaintiffs have served on various consultants to the extent they request the production of documents protected by the attorney-client privilege or attorney work product doctrine, along with documents Plaintiffs have already requested (or could have requested) from FICO. As discussed at the June 23, 2026 status hearing, FICO is taking steps to ensure that no consultant produces material that is protected by the attorney-client privilege or work product doctrine, as held by the Court, or discloses FICO's confidential information without properly designating the information under the Agreed Confidentiality Order in this litigation. *See* June 23, 2026 Hr'g Tr. at 59:1-62:5.

FICO therefore sent letters on July 2, 2026, to the consultants who received Plaintiffs' subpoenas. All letters request that any produced documents be appropriately designated under the Agreed Confidentiality Order. Additionally, FICO's letters to the four consultants for whom the Court sustained, in whole or in part, FICO's privilege claims informed them of the ruling and requested that they notify FICO prior to making any production of documents that may fall within the scope of the privilege. FICO shared those letters with Plaintiffs as well.

## IV.  CASE SCHEDULE

At the June 23, 2026 status conference, the Court ruled that it would not yet set a case schedule but would aim to do so by early September. ECF No. 685. The Court has set a ruling on Plaintiffs' motion to compel regarding FICO's privilege log (ECF No. 689) on September 15, 2026. Additionally, District Judge Perry has set a ruling on FICO's Objection to the Court's June 4 Order relating to "blast" emails on August 12, 2026. ECF No. 682. Barring any further objections to Judge Perry, the parties anticipate that all of Plaintiffs' categorical objections to FICO's privilege logs will be resolved by mid-September.

## V.  PENDING MOTIONS

Currently, there is one motion pending before this Court:

- Plaintiffs' Third Motion to Compel FICO to Produce Certain Documents from its Privilege Logs. ECF No. 689.

On June 18, 2026, FICO filed an Objection (ECF No. 676) pursuant to Fed. R. Civ. P. 72(a) to the portion of the Court's June 4, 2026 Order (ECF No. 668) regarding entries on FICO's Primary Privilege Log reflecting communications to 10 or more recipients.

## VI.  UPCOMING HEARINGS

There are presently two hearings scheduled with this Court, as follows:

- Status hearing set for August 20, 2026 at 2:00 p.m. (which the Court has indicated "may be rescheduled to August 18, 2026 at 12:30 p.m., if necessary"). ECF No. 685.

- Ruling on motion set for September 15, 2026 at 1:00 p.m. ECF No. 697.

**Plaintiffs' Statement:**

Due to a scheduling conflict, Plaintiffs respectfully request that the Court reschedule the ruling on motion hearing for the week of September 21, 2026 and that the Court schedule the

September status hearing for that week as well. Plaintiffs are available on September 21, 22, 24 and 25.

**FICO's Statement:**

To the extent the Court wishes to hold a status hearing in September, FICO is available to do so on September 22 or 24, 2026. FICO respectfully requests that if the Court is to hold a status hearing in September, that hearing date be combined with the ruling on motion date for Plaintiffs' pending motion related to FICO's privilege logs.

* * * * * *

The parties are, of course, available to discuss any additional issues into which the Court may wish to inquire.

Dated: July 17, 2026

*/s/ Karin E. Garvey*
Karin E. Garvey
Brian M. Hogan
Joseph P. Guglielmo
Michelle E. Conston (*pro hac vice*)
Daniel F. Loud (*pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-223-6444
kgarvey@scott-scott.com
brian.hogan@scott-scott.com
jguglielmo@scott-scott.com
mconston@scott-scott.com
dloud@scott-scott.com

Carmen Medici (*pro hac vice*)
Gary Foster (*pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-798-5319
cmedici@scott-scott.com
gfoster@scott-scott.com

Patrick McGahan (*pro hac vice*)
**SCOTT+SCOTT
ATTORNEYS AT LAW LLP**
156 S. Main St.
Colchester, CT 06415
Telephone: 860-531-2606
pmcgahan@scott-scott.com

*Interim Lead Class Counsel for Direct
Purchaser Plaintiffs and the Proposed Direct
Purchaser Class*

Christopher M. Burke
Yifan (Kate) Lv
**BURKE LLP**
402 West Broadway, Suite 1890

Respectfully submitted,

Steven F. Molo
Lauren F. Dayton
Eric Posner
**MOLOLAMKEN LLP**
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Telephone: 312-450-6700
smolo@mololamken.com
ldayton@mololamken.com
eposner@mololamken.com

Christian I. Bale
**MOLOLAMKEN LLP**
600 New Hampshire Avenue, N.W.,
Suite 500
Washington, DC 20037
Telephone: 202-556-2000
cbale@mololamken.com

Anden Chow
Cody Wiles
**MOLOLAMKEN LLP**
430 Park Avenue
New York, NY 10022
Telephone: 212-607-5951
achow@mololamken.com
cwiles@mololamken.com

*Liaison Counsel for Direct Purchaser
Plaintiffs and the Proposed Direct
Purchaser Class*

George A. Zelcs
Randall P. Ewing, Jr.
Chad E. Bell
Labeat Rrahmani
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
gzelcs@koreintillery.com
rewing@koreintillery.com
cbell@koreintillery.com
lrrahmani@koreintillery.com

San Diego, CA 92101
Telephone: 619-369-8244
cburke@burke.law
klv@burke.law

Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Daniel J. Nordin (*pro hac vice*)
Anthony J. Stauber (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com
tstauber@gustafsongluek.com

Dennis Stewart (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: 612-333-8844
dstewart@gustafsongluek.com

Gary F. Lynch
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
gary@lcllp.com

Garrett D. Blanchfield (*pro hac vice*)
Brant D. Penney (*pro hac vice*)
Roberta A. Yard (*pro hac vice*)
**REINHARDT WENDORF &
BLANCHFIELD**
80 So. 8th Street, Suite 900
Minneapolis, MN 55402
Telephone: 651-287-2100
g.blanchfield@rwblawfirm.com
b.penney@rwblawfirm.com
r.yard@rwblawfirm.com

William G. Caldes (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)

Michael L. Roberts
Karen Sharp Halbert
Christopher B. Sanchez
**ROBERTS LAW FIRM, P.A.**
6834 Cantrell Road, Suite #1131
Little Rock, AR 72207
Telephone: 501-821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us
chrissanchez@robertslawfirm.us

Jennifer W. Sprengel
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
150 S. Wacker, Suite 3000
Chicago, IL 60606
Telephone: 312-782-4880
jsprengel@caffertyclobes.com

*Counsel for Direct Purchaser Plaintiffs
and the Proposed Direct Purchaser Class*

Rachel E. Kopp (*pro hac vice*)
**SPECTOR ROSEMAN &
KODROFF, P.C.**
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: 215-496-0300
BCaldes@srkattorneys.com
JSpector@srkattorneys.com
RKopp@srkattorneys.com

*Interim Co-Lead Counsel for Indirect
Purchaser Plaintiffs and the Proposed
Indirect Purchaser Class*

Charles R. Watkins
**GUIN & EVANS, LLC**
805 Lake Street, #226
Oak Park, IL 60603
Telephone: 312-878-8397
charlesw@gseattorneys.com

*Liaison Counsel for Indirect Purchaser
Plaintiffs and the Proposed Indirect
Purchaser Class*

<u>*/s/ Matthew D. Provance*</u>
Britt M. Miller
J. Gregory Deis
Matthew D. Provance
Megan E. Stride
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: 312-782-0600
Facsimile: 312-701-7711
bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant Fair Isaac Corporation*