# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| *In re FICO Antitrust Litigation* | Case No. 20-cv-02114 |
|  | Honorable April M. Perry |
| *This document relates to:* ALL ACTIONS | Magistrate Judge M. David Weisman |

## FAIR ISAAC CORPORATION'S REPLY IN SUPPORT OF ITS OBJECTION TO MAGISTRATE JUDGE WEISMAN'S ORDER GRANTING IN PART PLAINTIFFS' MOTIONS TO COMPEL

Dated: July 23, 2026

Britt M. Miller
J. Gregory Deis
Matthew D. Provance
Megan E. Stride
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
(312) 701-7711—Facsimile
bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant*
*Fair Isaac Corporation*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT..................................................................................................................... 1

I.      The Ruling That The Log Violated Rule 26(b)(5) Is Contrary To Law. ........................... 1

      A.      Complying With Rule 26(b)(5) Does Not Require Proving Privilege................... 2

      B.      FICO Challenges The Order As Contrary to Law, Not For Clear Error................. 6

II.     The Order's Required Waiver Is A Sanction And Is Contrary To Law. ........................... 6

      A.      The Order's Required Waiver Of Privilege Is A Sanction. .................................... 6

      B.      The Order's Required Waiver Of Privilege Is Contrary To Law. ......................... 8

      C.      The Order's Required Waiver Of Privilege Is An Abuse Of Discretion. ............. 10

CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acosta v. Target Corp.*,
  281 F.R.D. 314 (N.D. Ill. 2012)................................................................4, 5

*Am. Nat'l Bank & Tr. Co. of Chicago v. Equitable Life Assurance Soc'y of U.S.*,
  406 F.3d 867 (7th Cir. 2005) ...........................................................8, 9, 10

*In re Application for An Order for Judicial Assistance*,
  244 F.R.D. 434 (N.D. Ill. 2007)................................................................8

*Baxter Travenol Labs., Inc. v. Abbott Labs.*,
  1987 WL 12919 (N.D. Ill. June 19, 1987) ..............................................3, 5

*Conagra, Inc. v. Arkwright Mutual Insurance Co.*,
  32 F. Supp. 2d 1015 (N.D. Ill. 1999) .......................................................8

*Consumer Fin. Prot. Bureau v. TransUnion*,
  2024 WL 6864212 (N.D. Ill. Dec. 2, 2024) ...............................................3

*Exec. Mgmt. Servs. v. Fifth Third Bank*,
  309 F.R.D. 455 (S.D. Ind. 2015)................................................................7

*In re Fluidmaster, Inc.*,
  2016 WL 6599947 (N.D. Ill. Nov. 8, 2016) ..............................................9

*In re Gen. Instrument Corp. Sec. Litig.*,
  190 F.R.D. 527 (N.D. Ill. 2000)................................................................4, 5

*Ill. League of Advocates for the Developmentally Disabled v. Quinn*,
  2013 WL 4401386 (N.D. Ill. Aug. 15, 2013) ...........................................7, 8

*In re Local TV Advert. Antitrust Litig.*,
  2023 WL 5956851 (N.D. Ill. July 28, 2023)..............................................3, 5

*In re Local TV Advert. Antitrust Litig.*,
  2025 WL 681193 (N.D. Ill. Feb. 21, 2025) ...............................................8

*Muro v. Target Corp.*,
  250 F.R.D. 350 (N.D. Ill. 2007)................................................................4, 6, 7

*Muro v. Target Corp.*,
  2006 WL 3422181 (N.D. Ill. Nov. 28, 2006) ...........................................3

*Nucap Indus. Inc. v. Robert Bosch LLC*,
2017 WL 3624084 (N.D. Ill. Aug. 23, 2017) ...........................................................................4, 5

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
2012 WL 5428648 (N.D. Ill. Nov. 7, 2012) ...............................................................................3, 5

*Sajda v. Brewton*,
265 F.R.D. 334 (N.D. Ind. 2009) ...................................................................................................7

*Schaeffer v. City of Chicago*,
2020 WL 7395216 (N.D. Ill. Aug. 12, 2020) ................................................................................8

*Smithkline Beecham Corp.*,
193 F.R.D. 530 (N.D. Ill. 2000)..................................................................................................4, 5

*St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*,
2021 WL 4745385 (N.D. Ill. Oct. 12, 2021)..................................................................................3

*United States v. BDO Seidman*,
337 F.3d 802 (7th Cir. 2003) .........................................................................................................4

*Urban 8 Fox Lane Corp. v. Nationwide Affordable Hous. Fund 4, LLC*,
334 F.R.D. 149 (N.D. Ill. 2020)..................................................................................................3, 8

*Vera Bradley Designs, Inc. v. Aixin Li*,
2021 WL 1088323 (N.D. Ill. Mar. 22, 2021)................................................................................8

*Wier v. United Airlines, Inc.*,
2021 WL 1517975 (N.D. Ill. Apr. 16, 2021) ................................................................................3

## Other Authorities

Fed. R. Civ. P. 26(b)(5).......................................................................................... *passim*

<h1 style="text-align:center">INTRODUCTION[1]</h1>

FICO's Objection explained that the Order should be set aside for two reasons. First, its holding that FICO's privilege log entries are insufficiently detailed is contrary to law. The Order candidly acknowledges (at 6) it was requiring a "level of detail in a privilege log" that "is not always necessary." But the Order cites no case holding that such a level of detail is *ever* necessary, and the cases cited in FICO's Objection (at 11) confirm it is not. Second, requiring that FICO produce all communications to 10 or more recipients on which at least one non-attorney was copied (hereafter, the "Documents") is contrary to law and an abuse of discretion because the Order sanctioned FICO without finding bad faith or fault; reviewing a single document; or treating the parties equally. Plaintiffs' response ("Opposition" or "Opp.") yet again confuses the standard for *proving* that a document is privileged with sufficiently *logging* a privilege claim—only the latter was challenged by Plaintiffs and addressed in the Order.

The Order adopts an arbitrary rule that applies to communications with 10 or more recipients and creates an ambiguous standard for privilege logs that is contrary to law. Moreover, even if the Order's interpretation of Rule 26(b)(5) was not contrary to law, the relief ordered still would be, because the opinions cited in the Order and the Opposition do not justify waiving privilege on the approximately 3,500 log entries at issue. The Order should be vacated.

<h2 style="text-align:center">ARGUMENT</h2>

**I.      The Ruling That The Log Violated Rule 26(b)(5) Is Contrary To Law.**

The Order holds that FICO's privilege log violated Rule 26(b)(5) because it did not include additional, unspecified information about the Documents' recipients to indicate that those

---

[1] Plaintiffs' account of the discovery record in this case (*e.g.*, Opp. at 2-4) contains various mischaracterizations, none of which FICO concedes. In this Reply, FICO focuses instead on the issues at hand.

recipients "needed . . . access" to the communications. Order at 6. FICO's opening brief showed that this holding was contrary to law. No authority requires such information in a privilege log to show that confidentiality was sufficiently maintained, including the case law cited by the Order and Plaintiffs. Those cases address substantive determinations of privilege following *in camera* review, not privilege log adequacy. *Id*. at 5-6; Opp. at 5-6. Those are two separate things.

Plaintiffs' response conflates the two, relying on cases articulating the burden of proving privilege under the substantive law of attorney-client privilege—which often requires *in camera* review of the communications at issue—in justifying the Order's standard for adequately logging a privilege claim imposed by Rule 26(b)(5). Plaintiffs argue as though the Order held the Documents not privileged after individualized consideration of their contents. But that did not happen here. Plaintiffs complained about, and the Order takes issue with, the *log*, not the *contents* of the 850 documents at issue. This outcome is not supported either by the law governing privilege logs under Rule 26(b)(5) or any other law. Accordingly, Plaintiffs' attempt at misdirection fails.

### A. Complying With Rule 26(b)(5) Does Not Require Proving Privilege.

Rule 26(b)(5) requires a party claiming privilege to provide a description "that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). As FICO previously showed, courts in this district have held that requirement is met by a privilege log that "identifies with particularity the documents withheld, including their date of creation; author, title or caption; addressee and each recipient; and the general nature or purpose for creation." Obj. at 8, quoting *Wier v. United Airlines, Inc.*, 2021 WL 1517975, at *3 (N.D. Ill. Apr. 16, 2021) (quoting Moore's Federal Practice § 26.47[1][b] (3d ed. 2021)). The Order is focused on the "addressee and each recipient" element. Some courts in this district have held that, in identifying the authors or recipients, a privilege log should also include

those persons' "capacities." *See, e.g.*, *Muro v. Target Corporation*, 2006 WL 3422181, at *2, *6 (N.D. Ill. Nov. 28, 2006) ("*Muro I*"); Obj. at 9. But where such "capacity" information is required, a legend of job titles or similar "affiliations key" satisfies Rule 26(b)(5). Obj. at 9; *Consumer Fin. Prot. Bureau v. TransUnion*, 2024 WL 6864212, at *7 (N.D. Ill. Dec. 2, 2024); *St. Paul Guardian Ins. Co. v. Walsh Constr. Co.*, 2021 WL 4745385, at *3, *7 (N.D. Ill. Oct. 12, 2021). FICO's privilege log and Name Legend provided exactly the information that is contemplated by these cases. Obj. at 9. The Opposition nowhere disputes either this case law's validity or the fact that FICO's log and Name Legend provided the names and capacities.[2]

Instead, according to Plaintiffs, the Order is defensible because some courts, in the context of substantively assessing the documents at issue for privilege, held that the privilege proponent did not show that the recipients needed access to the communications. Opp. at 6 (and cited cases). But again, these cases deal with substantive privilege determinations, not the requirements for privilege logs under Rule 26(b)(5). Not one of Plaintiffs' opinions, or those cited in the Order, holds that Rule 26(b)(5) requires a privilege log or names legend to include additional information showing the recipients' need to access privileged information, nor do they contemplate what such information would include. Instead, almost every opinion Plaintiffs cite involved extensive *in camera* review of specific communications before the court decided the substantive question of privilege on the merits.[3] Only two do not, but in those cases the privilege proponent refused or

---

[2] Plaintiffs' attempt to distinguish FICO's case law, Opp. at 8 (*TransUnion*, *St. Paul Guardian*) and 9-10 (*Wier*, *Loughnane*, and *Pactiv*), is unpersuasive on its face. Plaintiffs cite to portions of those opinions addressing *separate* fact-specific deficiencies in the privilege logs in those cases, not deficiencies related to descriptions of the individuals involved in the communications or their capacities. Nor do the passages Plaintiffs quote address privilege claims that were challenged *because of the number of recipients* involved.

[3] The Courts in all of the following opinions cited in the Opposition, at 5-6, reviewed the documents at issue *in camera* before coming to substantive conclusions on privilege: *Urban 8 Fox Lane Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 334 F.R.D. 149 (N.D. Ill. 2020); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 5428648 (N.D. Ill. Nov. 7, 2012); *Baxter Travenol Labs., Inc. v. Abbott Labs.*, 1987 WL 12919 (N.D. Ill. June 19, 1987); *In re Local TV Advert. Antitrust Litig.*, 2023

failed to identify the documents' authors or recipients *at all*. *In re Gen. Instrument Corp. Sec. Litig.*, 190 F.R.D. 527, 530, 531 (N.D. Ill. 2000) (noting "defendant has refused to describe the specific capacities of many of the authors and recipients list in its privilege log"); *Smithkline Beecham Corp.*, 193 F.R.D. 530, 538 (N.D. Ill. 2000) (finding log insufficient because it relied on generic "group-wide descriptions such as 'management'" in identifying recipients or entirely failed to identify authors or recipients). FICO's log is not subject to any of these critiques, and these opinions simply illustrate that FICO's privilege log complied with Rule 26(b)(5).

Plaintiffs imply that the case law they cite is applicable because the Magistrate Judge assessed and ruled on the merits of FICO's privilege claims. Opp. at 5 (title to Section I). But the Order never rules that the communications reflected in approximately 3,500 entries on FICO's privilege log were not privileged; it holds only (and, FICO submits, incorrectly) that FICO's privilege log "fails to provide plaintiffs or the Court sufficient information to 'assess the claim'" under Rule 26(b)(5). Order at 6. That is not a merits ruling. *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009) ("*Muro III*") (court sustained an objection to a magistrate judge's "ruling that the privilege log was defective on the grounds that . . . it listed too many recipients of certain documents" where "the Magistrate Judge's focus was on the deficiencies in the log; she did not make specific rulings about the privileged nature of the majority of the documents"). Indeed, the Order does not address any specific Documents or log entries.

Even if the Order *had* ruled on the merits of the privilege claims (and it did not), the case law Plaintiffs cite (Opp. at 5-6) would not support such a ruling. In *Acosta v. Target Corp.*, across a *six-year* period, the court had specifically issued prior "rulings criticizing Target for failing to

WL 5956851 (N.D. Ill. July 28, 2023); *Acosta v. Target Corp.*, 281 F.R.D. 314 (N.D. Ill. 2012); *Nucap Indus. Inc. v. Robert Bosch LLC*, 2017 WL 3624084 (N.D. Ill. Aug. 23, 2017). Plaintiffs also cite *United States v. BDO Seidman*, 337 F.3d 802 (7th Cir. 2003), which did not even involve a privilege log dispute.

provide information about the persons who received the claimed 'confidential' documents" and gave Target an opportunity to submit evidence showing the identities of the recipients and the reasons they needed access to the documents. 281 F.R.D. at 323-24. After individually examining the documents and supporting evidence, the court found Target's evidence insufficient to prove confidential distribution in many instances. *Id*. The Court here gave FICO no such opportunity before ordering production, let alone the multiple chances accorded Target to revise its log *to address the objection at issue*. Other opinions cited in the Opposition are also distinguishable. As discussed above, the two that did not conduct *in camera* review involved outright refusal or complete failure to identify recipients or their capacities. *Gen. Instrument*, 190 F.R.D. at 530-31 (also involving "vast" distribution lists); *Smithkline*, 193 F.R.D. at 538 (even where log did not completely fail to identify recipients, it generically described communications as being sent to the entire company or to entire corporate departments). Plaintiffs themselves show why *In re Local TV Advertising Antitrust Litigation* is inapplicable: in addition to conducting *in camera* review, it involves "group distribution lists with *unidentified recipients*"—unlike the specifically identified recipients in FICO's privilege log and Names Legend. *See* 2023 WL 5956851, at *13, *20 (N.D. Ill. July 28, 2023) (emphasis added). Plaintiffs' other cited cases do not even address communications to ten or more recipients. *Plasma-Derivative*, 2012 WL 5428648, at *1; *Nucap*, 2017 WL 3624084, at *3; *Baxter*, 1987 WL 12919, at *5.

In brief, the Opposition fails to rebut FICO's showing that the Order is contrary to law. Neither the Order nor Plaintiffs point to any authority requiring privilege logs to include the extra information required by the Order or permitting a court to find waiver of privilege when such information is missing. Plaintiffs assert that FICO has "simply cit[ed] contrary, non-binding authority," Opp. at 10, but there *is* no authority supporting the Order's or Plaintiffs' position.

**B. FICO Challenges The Order As Contrary to Law, Not For Clear Error.**

The Opposition devotes more than a page to arguing that FICO cannot challenge the Order's alleged "factual" findings as clearly erroneous. Opp. at 10-11. Plaintiffs cite two cherry-picked examples from FICO's log[4] and imply that the Order issued factual findings on them and the other Documents. The Order did not make any such findings. Instead, without discussing any specific log entries, the Order held that privilege claims on documents sent to 10 or more recipients are deficient without additional detail relating to the recipients. For the reasons described in the previous section, FICO objects to the Order on the grounds that it is contrary to law, and not based on any purported factual findings. Obj., Section I; *Supra*, Section I.A.

**II.     The Order's Required Waiver Is A Sanction And Is Contrary To Law.**

FICO explained why the Order must be set aside as contrary to law and as an abuse of discretion in sanctioning FICO. Obj. at 12-15. Plaintiffs respond that the Order was not a sanction—but if it was, it was appropriate. Opp. at 12-15. Both arguments are without merit.

**A. The Order's Required Waiver Of Privilege Is A Sanction.**

Plaintiffs first claim that the Order is not a sanction because it does not use the word "sanction." Opp. at 12. Using the magic word "sanction" was not necessary here. For example, in *Muro III*, the court assessed an order issued by a magistrate judge that required production of documents following a privilege log challenge and an *in camera* review, but did not use the word "sanction." 250 F.R.D. at 365. The court granted Target's "objection to the waiver sanction"

---

[4] Unsurprisingly, the list of log entries Plaintiffs cite shows that the majority of challenged entries have far fewer recipients than these two selected examples; only 9 percent of the entries on that list have more than 15 recipients. *See* ECF No. 501-19.

anyway, citing case law on sanctions in its analysis. *Id.* (citing *Am. Nat'l Bank & Tr. Co. of Chicago v. Equitable Life Assurance Soc'y of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005)).

The Opposition also argues that the Order was not a sanction because it orders FICO to "produce its non-privileged documents." Opp. at 12. According to Plaintiffs, because the Magistrate Judge found that FICO's privilege log did not "substantiate[]" privilege for the Documents, the documents were therefore not privileged and were subject to production without a need for sanction. Opp. at 12-13. Plaintiffs are wrong.

First, as discussed above, the Order nowhere holds that the Documents are not privileged (the Order does not analyze or address this issue). Second, courts do consider orders to produce documents on privilege log compliance grounds as sanctions. *E.g.*, *Muro III*, 250 F.R.D. at 365; *Exec. Mgmt. Servs. v. Fifth Third Bank*, 309 F.R.D. 455, 464-65 (S.D. Ind. 2015) (denying motion for waiver as a sanction, finding privilege claimant's failure to provide *any* privilege log was not in bad faith); *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009) ("[e]ven where a privilege log is inadequate, the sanction of waiver for all purportedly privileged documents is severe"). That such orders were viewed as sanctions is hardly surprising: where only an alleged log deficiency is at issue, rather than a factual finding that documents lack privilege, the orders almost by definition require parties to produce privileged documents to their litigation adversaries.

Plaintiffs' case law is not to the contrary. In fact, the magistrate judge's order in their main authority, *Quinn*, did not order defendants to produce documents because of a defective privilege log (*cf.* Opp. at 13), but instead held that defendants could not assert the deliberative process privilege in the abstract to avoid searching for or logging any documents at all. *Ill. League of Advocates for the Developmentally Disabled v. Quinn*, 2013 WL 4401386, at *1 (N.D. Ill. Aug. 15, 2013). That order expressly permitted the defendants to "continue to attempt to assert that

7

privilege if they do so properly." *Id*. at \*2. The Opposition also cites various opinions for the principle that courts have the authority to order the production of documents that were not properly logged. Opp. at 13-14. Be that as it may, the Seventh Circuit precedent described in the following section (*infra* at 8-9) holds that exercising that authority is strongly disfavored in situations like FICO's, where it would operate as a sanction. Not surprisingly, Plaintiffs' cited cases involved facts that suggest a finding of bad faith, willfulness, or fault was part of the court's decision, whereas here even Plaintiffs claim only fault (Opp. at 15) and the Court made no such finding.[5] Nor could the Court have found fault, since it had never previously ruled on the question at issue here and FICO properly relied on case law that holds its log and Name Legend descriptions sufficient under Rule 26(b)(5).

### B. The Order's Required Waiver Of Privilege Is Contrary To Law.

After first denying that the Order is a sanction, the Opposition briefly attempts to justify the Order's required production of the Documents as an appropriate sanction. But Plaintiffs offer no real response to the body of authority holding similar discovery sanctions inappropriate.

Numerous courts in this Circuit have held it improper to order privilege waiver because of a purported defect in a privilege log, absent a finding of bad faith or fault. *See* Obj. at 13 (and cases cited there); *see also*, *e.g.*, *Equitable Life*, 406 F.3d at 879-81; *Urban 8*, 334 F.R.D. at 157; *In re*

---

[5] In *In re Local TV Advert. Antitrust Litig.*, 2025 WL 681193, at \*38-40 (N.D. Ill. Feb. 21, 2025), the court refused to permit amendment specifically because the defendants refused to provide attorney or employees job titles—information that FICO has long provided here—implying bad faith or fault. In *Vera Bradley Designs, Inc. v. Aixin Li*, 2021 WL 1088323, at \*6 (N.D. Ill. Mar. 22, 2021), plaintiffs had conceded withholding documents "based on claims of privilege that had no basis," and using a privilege log listing many nonprivileged documents before counsel even reviewed them. In *Schaeffer v. City of Chicago*, 2020 WL 7395216, at \*1-2 (N.D. Ill. Aug. 12, 2020), not only did the privilege log fail to identify attorneys or even recipient names, but the magistrate judge expressly permitted the party deficiently claiming privilege to revise its log to comply with Rule 26(b)(5) *instead* of producing the deficiently logged documents. *Conagra, Inc. v. Arkwright Mutual Insurance Co.*, 32 F. Supp. 2d 1015, 1018 (N.D. Ill. 1999) involves completely conclusory privilege log descriptions, and because the case predates *Equitable Life*, 406 F.3d at 879, it issues no findings of bad faith, willfulness, or fault.

*Application for An Order for Judicial Assistance*, 244 F.R.D. 434, 438-39 (N.D. Ill. 2007). In *Fluidmaster*, for example, the court described the plaintiffs' claim that certain information omitted from the log "renders the privilege log deficient" as only "[t]echnically" correct and stated that "when faced with [such] technical deficiencies, courts typically permit a party to revise their privilege log." *In re Fluidmaster, Inc.*, 2016 WL 6599947, at *6 (N.D. Ill. Nov. 8, 2016) (citation and internal quotation marks omitted).[6]

Plaintiffs' only real response is to claim that FICO was at "fault" because it "refused to include the requisite information to demonstrate" privilege in its privilege log. Opp. at 14-15. But as Plaintiffs themselves admit, "fault means that [the party] should have known disclosure or production was required." *Id*. at 14 (citation omitted). FICO complied with well-accepted standards interpreting Rule 26(b)(5) in this District by providing a Name Legend, and no case has previously recognized heightened logging standards for documents with 10 or more recipients, so FICO had (and has) no reason to believe its logging was deficient. *See supra*, Section I. And again, the Order itself acknowledges (at 6) that the logging standard imposed by its ruling is "not always necessary," so FICO could hardly have *known* such a rule would be applied here—particularly where no prior court decision has articulated a similar rule. Because no fault attaches to FICO, and even Plaintiffs do not assert that FICO exhibited any bad faith or willfulness (Opp. at 14-15), ordering production of the Documents in these circumstances was contrary to law.[7]

---

[6] *Fluidmaster*'s description of technical defects in privilege logs belies Plaintiffs' unsupported assertion, Opp. at 11, n.13, that "technical defect" means "an inadvertent missing page or missing column."

[7] The Opposition asserts that FICO was "previously warned" at a status hearing about the Court's need to "understand why someone would have gotten certain things" to evaluate privilege claims. Opp. at 11. At the hearing, however, counsel for FICO suggested that an *in camera* review of challenged privilege log entries would provide "additional context about how people are being brought into communications," which the Court declined as "unlikely considering the number of entries." Opp. Ex. 5 (12/2/2025 Hrg. at 17:2-25). The Opposition also attempts to distinguish *Equitable Life* because the order overturned there required waiver of privilege on all logged documents. Opp. at 14. Nothing in the text or policy considerations behind *Equitable Life* limits its holding to privilege waivers on all logged documents as opposed to the 3,500 entries

**C. The Order's Required Waiver Of Privilege Is An Abuse Of Discretion.**

Finally, under *Equitable Life*, the Order's process in ruling on FICO's privilege log and ordering production of the Documents was arbitrary and an abuse of discretion. Obj. at 14-15. Requiring FICO to waive privilege over all communications on its log with 10 or more recipients is no less arbitrary than the 20% "error rate" threshold for waiver adopted by the magistrate judge in *Equitable Life*. *See* 406 F.3d at 878. The Opposition's attempt (at 12) to liken this result to cases that have "upheld categorical challenges to privilege logs" fails because 10 or more recipients is an arbitrary threshold that does not categorically indicate a defect in FICO's underlying privilege claims or its privilege log entries. Plaintiffs also do not dispute that the Order grants them a "windfall," *Equitable Life*, 406 F.3d at 879, by sanctioning FICO while their own privilege logs do not even identify the affiliations and job titles of logged individuals. Instead, Plaintiffs argue that it is improper for the Court to consider their own logging protocols. But considering the practical effects of the Order and how it treats the parties unfairly does not stray into an improper de novo review. *See id.* (allowing the challenging party to unilaterally select the document sample used for in camera review contributed to arbitrariness of magistrate judge's ruling).

**CONCLUSION**

For the foregoing reasons and those described in FICO's opening brief, FICO respectfully requests that the Court sustain FICO's Objection and set aside the Order as it applies to FICO's logged communications sent to 10 or more recipients.

---

on FICO's log here. In both cases, ordering such disclosure would be a drastic and disproportionate remedy without a finding of bad faith, willfulness, or fault. *Equitable Life*, 406 F.3d at 879-81.

Dated: July 23, 2026

Respectfully Submitted,

/s/ Matthew D. Provance
Britt M. Miller
J. Gregory Deis
Matthew D. Provance
Megan E. Stride
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
(312) 701-7711—Facsimile
bmiller@mayerbrown.com
gdeis@mayerbrown.com
mprovance@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant*
*Fair Isaac Corporation*

11