**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Sky Federal Credit Union, et al.
Plaintiff,
v.
Case No.: 1:20−cv−02114
Honorable April M. Perry
Fair Isaac Corporation, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, July 21, 2026:

MINUTE entry before the Honorable M. David Weisman: Magistrate status hearing held. As to Page 3 of the JSR, the Criminal Investigative Demand (CID) from AG of Florida to FICO, FICO states it objects to Plaintiffs' request for supplementation of prior discovery responses to the extent that Plaintiffs' request for any documents produced to Florida exceeds what FICO has already produced and what the parties agreed to in this case. While both sides agree that certain agreements were reached by the parties related to the scope of discovery, Plaintiffs believe the instant circumstances do not constrain their ability to obtain the documents FICO produces to the Florida AG in response to the CID. The Court notes that there is a difference between an agreement between the parties and a court order, but also notes that parties' agreement regarding discovery are pertinent to any analysis that the Court may need to employ. The Court directs the parties to meet and confer. Motion practice may follow. The Court intends to resolve this issue promptly to foreclose delays in discovery. Discussion held on FICO's response to Interrogatory No. 8 and how it relates to RTA Nos. 1 and 2. Further discussion held on FICO's response to Interrogatory No. 13, the structured data, and whether the entities are end users or resellers. FICO indicates it may respond with a reference under Rule 33(d). Plaintiffs assert they cannot properly manipulate the produced data set as FICO suggests that they can. The Court referenced Rule 33(d)(2), and whether Rule 33(d) controls the full resolution of this matter. Burden is part of FICO's objection as well as its contention that Plaintiffs can organize the list as well as FICO can. Plaintiffs noted that FICO has pointed them to multiple large databases, and it is not as simple as FICO asserts. Parties to meet and confer with IT/analysts to discuss logistics of manipulating the relevant information and make every effort to address the issue between themselves without motion practice. Regarding the privilege log, page 8 of the JSR, FICO's response to Plaintiffs' letter on work product privilege is forthcoming; FICO to respond by 7/28/26. As to non−party discovery, FICO has no open issues and Plaintiffs are working with Experian and Equifax. Regarding non−party subpoenas, page 10 of the JSR, Plaintiffs reached out to subpoena recipients and Plaintiffs have received 16 of 20 responses. With respect to the 4 entities with no privilege protection, FICO will put together the privilege log. Parties to continue to work cooperatively. One of the subpoena recipients is attempting to shift costs to Plaintiffs and they are discussing. The issue is not ripe for resolution. Page 12 of the JSR, case scheduling, the Court agrees; nothing to be done. Status hearing set for 8/18/26 at

12:30 p.m. with a Joint status report due by noon on 8/17/26. Regarding September status and ruling on motion [689] hearing, it is now set for 9/24/26 at 12:30 p.m. Joint status report due by COB on 9/22/26. Status/ruling on motion hearing set for 9/15/26 are stricken and status hearing set for 8/20/26 is stricken. Parties may appear in person or dial in using the Court's conference call−in number. The conference call−in number is 1−855−244−8681 and the access code is 2316 422 1828##. Members of the public and media who wish to listen to this hearing may call in. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.